BARBARA J. PARKER, City Attorney, SBN 069722
MARIA BEE, Chief Assistant City Attorney, SBN 167716
CYNTHIA STEIN, Deputy City Attorney, SBN 307974
One Frank H. Ogawa Plaza, 6th Floor
Oakland, CA 94612
Phone: (510) 238-4779; Fax: (510) 238-6500
Email: cstein@oaklandcityattorney.org
X05495/3159586

Attorneys for Defendants
CITY OF OAKLAND, OAKLAND CITY COUNCIL

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN WILLIAMS, ROBERT VOGEL, SHEANNA ROGERS, MICHAEL LOEB, JAQUELINE WATSON-BAKER, and HOUSING PROVIDERS OF AMERICA, a 501 (c)(4) nonprofit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND and OAKLAND CITY COUNCIL,<br><br>Defendants. | Case No. 3:22-cv-01274-LB<br><br>**DEFENDANTS CITY OF OAKLAND AND OAKLAND CITY COUNCIL'S ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendants CITY OF OAKLAND and OAKLAND CITY COUNCIL ("Defendants") hereby answer, object, and otherwise respond to the Plaintiff's Complaint ("Complaint") herein as follows:

**INTRODUCTION**

1. As to paragraph 1, Defendants admit that Plaintiffs bring this complaint against Defendants seeking damages and declaratory and injunctive relief. Defendants deny the remaining allegations in paragraph 1.

**JURISDICTION**

2. As to paragraph 2, Defendants admit that Plaintiffs allege claims under 42 U.S.C. § 1983 and invoke jurisdiction over their federal claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a). Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 2 and on that basis denies them.

**DIVISIONAL ASSIGNMENT**

3. As to paragraph 3, Defendants deny the allegations.

**VENUE**

4. As to paragraph 4, Defendants admit that Plaintiffs allege that venue is proper pursuant to 28 U.S.C. § 1391(a). Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 4 and on that basis denies them.

**PARTIES**

5. As to paragraph 5, Defendants admit the allegations.

6. As to paragraph 6, Defendants admit the allegations.

7. As to paragraph 7, Defendants admit the allegations.

8. As to paragraph 8, Defendants admit the allegations, although Defendants assert that the Oakland City Council, as a body of the City, has the capacity to be sued.

9. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 and on that basis denies them.

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 and on that basis denies them.

11. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 and on that basis denies them.

12. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 and on that basis denies them.

1      13.     Defendants lack sufficient knowledge or information to form a belief as to the truth

2 of the allegations in paragraph 13 and on that basis denies them.

3      14.     Defendants lack sufficient knowledge or information to form a belief as to the truth

4 of the allegations in paragraph 14 and on that basis denies them.

5      15.     Defendants lack sufficient knowledge or information to form a belief as to the truth

6 of the allegations in paragraph 15 and on that basis denies them.

7      16.     Defendants lack sufficient knowledge or information to form a belief as to the truth

8 of the allegations in paragraph 16 and on that basis denies them.

**FACTS**

10      17.     As to paragraph 17, Defendants admit that Governor Newsom, pursuant to the

11 California Emergency Services Act, declared a State of Emergency in California on March 4, 2020,

12 in response to the COVID-19 pandemic. Defendants admit that on March 16, 2020, Governor

13 Newsom entered Executive Order N-28-20 allowing local governments to impose substantive

14 limitations on residential evictions. Defendants admit that the State of Emergency is still in place.

15 Defendants deny the remaining allegations in paragraph 17.

16      18.     As to paragraph 18, Defendants admit that the California Legislature enacted the

17 "COVID-19 Tenant Relief Act" and the "COVID-19 Small Landlord and Homeowner Relief Act of

18 2020" via AB 3088, effective August 31, 2020. Defendants admit that AB 3088 amended unlawful

19 detainer statutes, provided statewide eviction protections, and directed state agencies to engage with

20 tenants and property owners to provide financial relief. Defendants deny the remaining allegations

21 in paragraph 18.

22      19.     As to paragraph 19, Defendants admit that AB3088's eviction moratorium provided

23 relief to tenants who delivered a signed declaration of COVID-19-related financial distress.

24 Defendants admit that Civil Code sec 1946.2 does not apply to residential real property subject to

25 local just cause ordinances or any local just cause ordinance enacted or amended after September 1,

26

1   2019 that is more protective that Civil Code 1946.2 Defendants deny the remaining allegations in
2   paragraph 19.

3       20.    As to paragraph 20, Defendants admit that AB 3088 "declares that this section
4   addresses a matter of statewide concern rather than a municipal affair as that term is used in Section
5   5 of Article XI of the California Constitution" for the purpose of clarifying that "it applies to all
6   cities, including charter cities." Cal. Code Civ. Proc. § 1179.05(e). Defendants admit that AB 3088
7   states that it "does not provide the Legislature's understanding of the legal validity on any specific
8   ordinance, resolution, regulation, or administrative action adopted by a city, county, or city and
9   county in response to the COVID-19 pandemic to protect tenants from eviction." *Id.* § 1179.05(f).
10  Defendants admit that AB 3088 states: "It is the intent of the Legislature that the purpose of this
11  section is to protect individuals negatively impacted by the COVID-19 pandemic[.]" *Id.* Defendants
12  deny the emphasis Plaintiffs added to this provision that is not present in the actual text of AB
13  3088. Defendants deny the remaining allegations in paragraph 20.

14      21.    As to paragraph 21, Defendants admit that SB 91 and AB 832 extended the
15  operation of certain procedural requirements and limitations on evictions enacted in AB 3088.
16  Defendants deny the remaining allegations in paragraph 21.

17      22.    As to paragraph 22, Defendants deny the allegations in paragraph 22.

18      23.    As to paragraph 23, On March 9, 2020, the City of Oakland declared a local state of
19  emergency due COVID-19, which was ratified on March 12, 2020, in Resolution No. 88075 C.M.S,
20  and pursuant to the ESA, which permits municipalities to declare local emergencies. Defendants
21  deny Plaintiffs' allegation that "[t]he ESA also requires a municipality to terminate the local
22  emergency ". . . at the earliest possible date." (Gov. Code § 8630 (d).) The actual language of the
23  Gov. Code 8630(d) states: "The governing body shall proclaim the termination of the local
24  emergency at the earliest possible date that conditions warrant." Defendants deny the remaining
25  allegations in paragraph 23.

26

1    24.    As to paragraph 24, Defendants admit that the City passed its eviction moratorium, Ordinance No. 13589, on March 27, 2020. Defendants admit that Ordinance 13589 stated in part:

> **Residential Eviction Moratorium.** Except when the tenant poses an imminent threat to the health or safety of other occupants of the property, and such threat is stated in the notice as the grounds for the eviction, it shall be an absolute defense to any unlawful detainer action filed under Oakland Municipal Code 8.22.360A subsections (1) – (10) that the notice was served or expired, or that the complaint was filed or served, during the Local Emergency.

Defendants deny the remaining allegations in paragraph 24.

25.    As to paragraph 25, Defendants admit that Ordinance No. 13589 stated that the City's eviction moratorium would remain in effect until May 31, 2020, unless extended. Defendants admit that Ordinance No. 13594, passed May 19, 2020, stated that the City's moratorium would remain in effect "until the Local Emergency declared on March 9, 2020, has been terminated the City Council, or August 31, 2020, whichever comes first." Defendants admit that Ordinance No. 13606, passed July 21, 2020, amended the moratorium so that it remains in effect until the end of the Local Emergency. Defendants admit that the Local Emergency has not expired and must be reviewed by City Council every 30 days pursuant to O.M.C. 8.50.050(C)(3). Defendants admit that the City's eviction moratorium remains in effect as of the drafting of this response. Defendants deny the allegation that the moratorium is a "blanket moratorium on evictions." Defendants deny the remaining allegations in paragraph 25.

26.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 and on that basis denies them.

27.    As to paragraph 27, Defendants' deny the allegation that the County's moratorium is a "blanket moratorium on evictions." Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 27 and on that basis denies them.

28.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 and on that basis denies them.

29.    As to paragraph 29, Plaintiffs admit, based on information and belief, that the County operates a rent relief assistance program called "Housing Secure," and that its website

states, at the time of the drafting of this response: "NOTICE: The county has received $129 million in funding. We have received more requests than we currently have funds available. We encourage all eligible tenants and landlords to apply as we are requesting additional funds from the Department of Treasury and continue to prioritize distributing funds to those most in need." Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 regarding what this website stated at any particular time other than at the drafting of this response and on that basis denies them.

30. As to paragraph 30, Plaintiffs admit that the City of Oakland operates a rent relief assistance program called "Oaklands' Emergency Rental Assistance," and that its website states, at the time of the drafting of this response: "*January 7, 2022 Update - Program Accepting Waitlist. Update - PLEASE NOTE: As of January 7, 2022 the city of Oakland's Emergency Rental Assistance Program is oversubscribed. Tenants may still submit an application but will be placed on a waitlist. There is no need to upload supporting documents at this time. If additional resources are made available, waitlisted applicants will be contacted based on priority need. Thank you."

31. As to paragraph 31, Defendants admit that the City of Oakland's eviction moratorium does not require tenants to participate in a rent relief program in order to raise the moratorium as an affirmative defense to an unlawful detainer action covered by the moratorium. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31 regarding the County's moratorium and on that basis denies them. Defendants deny the remaining allegations in paragraph 31.

32. As to paragraph 32, to the extent that the paragraph alleges Oakland's eviction moratorium contravenes any law, Defendants deny these allegations. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 32 and on that basis denies them.

33. As to paragraph 33, to the extent that the paragraph alleges Oakland's eviction moratorium contravenes any law, Defendants deny these allegations. Defendants lack sufficient

1  knowledge or information to form a belief as to the truth of the remaining allegations in paragraph
2  33 and on that basis denies them.

3      34.    Defendants lack sufficient knowledge or information to form a belief as to the truth
4  of the allegations in paragraph 34 and on that basis denies them.

5      35.    As to paragraph 35, to the extent that the paragraph alleges Oakland's eviction
6  moratorium contravenes any law, the Defendants deny these allegations. Defendants lack sufficient
7  knowledge or information to form a belief as to the truth of the remaining allegations in paragraph
8  35 and on that basis denies them.

9      36.    As to paragraph 35, to the extent that the paragraph alleges Oakland's eviction
10 moratorium contravenes any law, the Defendants deny these allegations. Defendants lack sufficient
11 knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 3
12 and on that basis denies them.

**FIRST CAUSE OF ACTION**
**(Violation of the U.S. Const. Art. V and 42 U.S.C. 1983)**

37. Defendants hereby incorporate by reference all responses contained in paragraphs 1 through 36 of this answer.

38. As to paragraph 38, Defendants deny the allegations.

39. As to paragraph 39, Defendants deny the allegations.

40. As to paragraph 40, Defendants deny the allegations.

41. As to paragraph 41, Defendants deny the allegations

42. As to paragraph 42, Defendants deny the allegations.

**SECOND CAUSE OF ACTION**
**(Violation of the Cal. Const. Art. I, Sec. 19)**

43. Defendants hereby incorporate by reference all responses contained in paragraphs 1 through 42 of this answer.

44. As to paragraph 44, Defendants deny the allegations.

1   45.   As to paragraph 45, Defendants deny the allegations.

2   46.   As to paragraph 46, Defendants deny the allegations.

### THIRD CAUSE OF ACTION
### (Violation of Due Process – 42 U.S.C. 1983)

47.   Defendants hereby incorporate by reference all responses contained in paragraphs 1 through 46 of this answer.

48.   Defendants admit that "the Bay Area has seen significant improvement in circumstances relating to the pandemic since March of 2020" and that the Bay Area "has a high rate of vaccinations." Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that "federal and state officials have recognized that Covid-19 is either in, or moving to, an endemic stage," and on that basis deny the allegation. Defendants deny the remaining allegations in paragraph 48.

49.   As to paragraph 49, Defendants deny the allegations.

50.   As to paragraph 50, Defendants deny the allegations.

### FOURTH CAUSE OF ACTION
### (Violation of Equal Protection – 42 U.S.C. 1983)

51.   City hereby incorporates by reference all responses contained in paragraphs 1 through 50 of this answer.

52.   As to paragraph 52, Defendants deny the allegations.

53.   As to paragraph 53, Defendants deny the allegations.

### FIFTH CAUSE OF ACTION
### (Writ of Mandate – Cal. Code Civ. Proc. 1084 or 1094.5)

54.   The City hereby incorporates by reference all responses contained in paragraphs 1 through 53 of this answer.

55.   As to paragraph 55, Defendants deny the allegations.

56.   As to paragraph 56, Defendants admit that, based on information and belief, Plaintiffs are requesting a declaration, and/or writ of mandamus or mandate to set aside Oakland's

eviction moratorium, as well as an immediate stay to enjoin Defendants from enforcing the moratorium. Defendants deny the remaining allegations in paragraph 56.

57. As to paragraph 57(a), Defendants deny the allegations. As to paragraph 57(b), Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations related to the County's actions. Defendants deny the remaining allegations in paragraph 57.

58. As to paragraph 58, Defendants deny the allegations.

59. As to paragraph 59, Defendants deny the allegations.

60. As to paragraph 60, Defendants deny the allegations.

61. As to paragraph 61, Defendants deny the allegations.

62. As to paragraph 62, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense (Lack of Capacity To Be Sued)

The Oakland City Council is not a separate legal entity from the City of Oakland. It lacks the capacity to sue and be sued and is not a "person" within the meaning of 42 U.S.C. § 1983.

### Second Affirmative Defense (Absolute Immunity)

Members of the Oakland City Council are entitled to absolute immunity for their legislative acts.

### Third Affirmative Defense (Failure To State a Claim)

The Complaint and each purported cause of action asserted in it fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

### Fourth Affirmative Defense (Ripeness)

The Complaint and each purported cause of action asserted in it is in whole or in part barred because Plaintiffs' claims are not ripe for adjudication; Plaintiffs have not yet obtained final determinations as the application of the challenged ordinances as to their interests and have not alleged they sought other available relief.

**Fifth Affirmative Defense (Standing)**

Plaintiffs lack standing to assert their claims in whole or in part. Plaintiffs have failed to allege an injury fairly traceable to the City's conduct. Some plaintiffs purchased property or incorporated after the challenged City eviction ordinance was in effect. Plaintiffs have also failed to allege an injury traceable to the City's ordinance as distinct from other laws. Similarly, a favorable decision against the City would not address their alleged injury due to the continued operation of other laws.

**Sixth Affirmative Defense (Failure to Exhaust Administrative Remedies)**

The Complaint and each purported cause of action asserted in it is in whole or in part barred because Plaintiffs failed to exhaust available administrative remedies, as Plaintiffs failed to raise their grievances in the underlying proceedings, failed to obtain final determinations as the application of the challenged ordinances as to their interests, and failed to seek other relief.

**Seventh Affirmative Defense (Laches)**

The Complaint and each purported cause of action asserted is in whole or in part barred because by the equitable doctrine of laches. Plaintiffs waited two years to bring their claims.

**Eighth Affirmative Defense (Estoppel and Waiver)**

The Complaint and each purported cause of action asserted in it is in whole or in part barred because by the equitable doctrines of estoppel and waiver because Plaintiffs have acted or made representations inconsistent with the assertion of their rights.

**Ninth Affirmative Defense (Additional Defenses)**

The City reserves the right to raise additional defenses should they become apparent during the course of this action.

**PRAYER FOR RELIEF**

Wherefore, Defendants pray for relief as follows:

1. Plaintiff takes nothing from the Complaint;

2. The Court enters judgment against Plaintiff and in favor of Defendants;

3. The Court awards Defendants' costs and attorney's fees; and

4. For such other and further relief as the Court deems just and proper.

Date: April 7, 2022

                BARBARA J. PARKER, City Attorney
                CYNTHIA STEIN, Deputy City Attorney

By:   /s/ Cynthia Stein
      Attorneys for Defendants,
      CITY OF OAKLAND, et al.