1  MARC SELTZER (54534)
   mseltzer@susmangodfrey.com
2  KRYSTA K. PACHMAN (280951)
   kpachman@susmangodfrey.com
3  GLENN C. BRIDGMAN (298134)
   gbridgman@susmangodfrey.com
4  NICHOLAS N. SPEAR (304281)
   nspear@susmangodfrey.com
5  SUSMAN GODFREY L.L.P.
   1900 Avenue of the Stars, Suite 1400
6  Los Angeles, California  90067-6029
   Telephone: (310) 789-3100
7  Facsimile: (310) 789-3150

8  *Attorneys for Intervenor-Defendant*
   *Alliance of Californians for Community*
9  *Empowerment Action*

10              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
11               **SAN FRANCISCO DIVISION**

12

13  JOHN WILLIAMS, ROBERT VOGEL,            Case No. 3:22-cv-01274-LB
    SHEANNA ROGERS, MICHAEL LOEB,
14  JAQUELINE WATSON-BAKER, and             Honorable Laurel Beeler
    HOUSING PROVIDERS OF AMERICA, a
15  501(c)(4) non-profit Corporation,

16       Plaintiffs and Petitioners,

17  vs.                                     **ANSWER OF INTERVENOR-**
                                            **DEFENDANT ALLIANCE OF**
18  ALAMEDA COUNTY, ALAMEDA COUNTY          **CALIFORNIANS FOR COMMUNITY**
    BOARD OF SUPERVISORS, CITY OF           **EMPOWERMENT ACTION**
19  OAKLAND, OAKLAND CITY COUNCIL and
    DOES 1-10,

20
         Defendants and Respondents,
21
    ALLIANCE OF CALIFORNIANS FOR
22  COMMUNITY EMPOWERMENT ACTION,           Complaint Filed: March 1, 2022

23       Intervenor-Defendant.

24

25

26

27

28

                          1

Intervenor-Defendant Alliance of Californians for Community Empowerment Action ("ACCE") answers the Complaint for Damages and Petition for Writ and Request for Immediate Stay ("Complaint") filed by Plaintiffs and Petitioners John Williams, Robert Vogel, Sheanna Rogers, Michael Loeb, Jacqueline Watson-Baker, and Housing Providers of America on March 1, 2022 as follows:

1.     In response to Paragraph 1, ACCE admits that Plaintiffs filed the Complaint and asserts that the Complaint speaks for itself.

## ANSWERING JURISDICTION

2.     In response to Paragraph 2, ACCE asserts that the laws referenced in that paragraph and the United States Constitution speak for themselves. ACCE lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 2 and on that basis denies them.

## ANSWERING DIVISIONAL ASSIGNMENT

3.     In response to Paragraph 3, ACCE asserts that Local Rule 3-2(c) speaks for itself. ACCE lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 3 and on that basis denies them.

## ANSWERING VENUE

4.     In response to Paragraph 4, ACCE asserts that 28 U.S.C. § 1391(a) speaks for itself. ACCE lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 4 and on that basis denies them.

## ANSWERING PARTIES

5.     In response to Paragraph 5, ACCE admits the allegations in that paragraph.

6.     In response to Paragraph 6, ACCE admits the allegations in that paragraph.

7.     In response to Paragraph 7, ACCE admits the allegations in that paragraph.

8.     In response to Paragraph 8, ACCE admits the allegations in that paragraph.

9.     In response to Paragraph 9, ACCE lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

2

10569332v1/017475

10.     In response to Paragraph 10, ACCE lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

11.     In response to Paragraph 11, ACCE lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

12.     In response to Paragraph 12, ACCE lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

13.     In response to Paragraph 13, ACCE lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

14.     In response to Paragraph 14, ACCE lacks sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis denies them.

15.     In response to Paragraph 15, ACCE lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

16.     In response to Paragraph 16, ACCE lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

## ANSWERING STATEMENT OF FACTS

17.     In response to Paragraph 17, ACCE asserts that Governor Newsom's March 4, 2020 declaration referenced in the first sentence of that paragraph, the California Emergency Services Act, and the executive orders referenced in that paragraph speak for themselves. ACCE denies the remaining allegations in Paragraph 17

18.     In response to Paragraph 18, ACCE asserts that AB 3088 and the State's unlawful detainer statutes speak for themselves. ACCE denies the emphasis Plaintiffs added that is not present in the actual text of AB 3088. ACCE denies the remaining allegations in Paragraph 18.

ANSWER OF INTERVENOR-DEFENDANT
Case No. 3:22-cv-01274-LB

10569332v1/017475

19.     In response to Paragraph 19, ACCE asserts that AB 3088, the referenced Governor's order, California Civil Code section 1946.2, the California Code of Civil Procedure, and the State's unlawful detainer statutes speak for themselves. ACCE denies the remaining allegations in Paragraph 19.

20.     In response to Paragraph 20, ACCE asserts that AB 3088 and California Code of Civil Procedure § 1179.05 speak for themselves. ACCE denies the emphasis Plaintiffs added in this paragraph because it is not present in the original text. ACCE denies the remaining allegations in Paragraph 20.

21.     In response to Paragraph 21, ACCE asserts that SB 91 and AB 832 speak for themselves. ACCE denies the remaining allegations in Paragraph 21.

22.     In response to Paragraph 22, ACCE asserts that SB 91, AB 832, and the California Code of Civil Procedure § 1179.11 speak for themselves. ACCE denies the remaining allegations in Paragraph 22.

23.     In response Paragraph 23, ACCE asserts that the referenced declaration, Resolution No. 88075, and the California Government Code speak for themselves. ACCE denies the remaining allegations in Paragraph 23.

24.     In response to Paragraph 24, ACCE asserts that Ordinance No. 13589 speaks for itself. ACCE denies the remaining allegations in Paragraph 24.

25.     In response to the first three sentences of Paragraph 25, ACCE asserts that Ordinance No. 13589, Ordinance No. 13594, and Ordinance No. 13606 (including Exhibit 1) speak for themselves. In response to the fourth sentence of Paragraph 25, ACCE admits that the referenced local emergency is still in effect as of the drafting of this Answer. ACCE lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the fourth sentence of paragraph 25 and on that basis denies them. ACCE denies the remaining allegations in Paragraph 25.

26.     In response to Paragraph 26, ACCE asserts that Resolution No. R-2020-91, Urgency Ordinance No. O-2020-23, Ordinance No. O-2020-32, and the Alameda County Code of Ordinances speak for themselves. ACCE denies the remaining allegations in Paragraph 26.

10569332v1/017475

27.     In response to first and second sentences of Paragraph 27, ACCE asserts that Resolution No. R-2020-91 and the Alameda County Code of Ordinances speaks for themselves. In response to the first clause of the third sentence of Paragraph 27, ACCE lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies them. ACCE denies the remaining allegations in Paragraph 27.

28.     In response to Paragraph 28, ACCE lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies them

29.     In response to the first sentence of Paragraph 29, ACCE admits, based on information and belief, that Alameda County operates or operated a rent relief assistance program called "Housing Secure." In response to the second sentence, ACCE lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies them.

30.     In response to the first sentence of Paragraph 30, ACCE admits, based on information and belief, that Oakland operates or operated a rent relief assistance program called "Oakland's Emergency Rental Assistance." In response to the second sentence, ACCE lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies them.

31.     In response to the first sentence of Paragraph 31, ACCE asserts that the local laws implementing the Moratoriums speak for themselves. ACCE denies the remaining allegations in Paragraph 31.

32.     In Paragraph 32, ACCE denies the allegations in the last sentence of that paragraph. ACCE lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 32 and on that basis denies them.

33.     In response to Paragraph 33, ACCE lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies them.

34.     In response to Paragraph 34, ACCE lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies them.

5

10569332v1/017475

35.   In response to Paragraph 35, ACCE lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and on that basis denies them.

36.   In response to paragraph 36, ACCE asserts that the referenced ordinance and Oakland Municipal Code section speak for themselves. ACCE lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in that paragraph and on that basis denies them.

**ANSWERING FIRST CLAIM**

**(Violation of the 5th Amendment to the U.S. Constitution Against All Defendants (42 U.S.C. § 1983))**

37.   In response to Paragraph 37, ACCE incorporates the previous paragraphs by reference.

38.   In response to Paragraph 38, ACCE asserts that the Fifth Amendment of the United States Constitution speaks for itself. ACCE denies the remaining allegations in Paragraph 38.

39.   In response to Paragraph 39, ACCE asserts that the "Moratoriums" and the cases cited in that paragraph speak for themselves. ACCE denies the remaining allegations in Paragraph 39.

40.   In response to Paragraph 40, ACCE asserts that the cases cited in that paragraph and the Fifth Amendment of the United States Constitution speak for themselves. ACCE denies the remaining allegations in Paragraph 40.

41.   In response to Paragraph 41, ACCE asserts that the United States Constitution and 28 U.S.C. § 2201 speak for themselves. ACCE denies the remaining allegations in Paragraph 41.

42.   In response to Paragraph 42, ACCE asserts that 42 U.S.C. § 1983 speaks for itself. ACCE denies the remaining allegations in paragraph 42.

ANSWER OF INTERVENOR-DEFENDANT
Case No. 3:22-cv-01274-LB

10569332v1/017475

**ANSWERING SECOND CLAIM**

**(Inverse Condemnation**

**Violation of Article I, Section 19 of the California Constitution)**

43.　In response to Paragraph 43, ACCE incorporates the previous paragraphs by reference.

44.　In response to Paragraph 44, ACCE asserts that the California Constitution speaks for itself. ACCE denies the remaining allegations in Paragraph 44.

45.　In response to Paragraph 45, ACCE denies the allegations in that paragraph.

46.　In response to Paragraph 46, ACCE denies the allegations in that paragraph.

**ANSWERING THIRD CLAIM**

**(Violation of Due Process (42 U.S.C. § 1983))**

47.　In response to Paragraph 47, ACCE incorporates the previous paragraphs by reference.

48.　In response to Paragraph 48, ACCE asserts that the U.S. Constitution, cited cases in that paragraph, California's COVID-19 Renter Relief Act, and statements by federal and state officials referenced in that paragraph speak for themselves. ACCE denies the remaining allegations in Paragraph 48.

49.　In response to Paragraph 49, ACCE asserts that 28 U.S.C. § 2201 speaks for itself. ACCE denies the remaining allegations in Paragraph 49.

50.　In response to Paragraph 50, ACCE asserts that 42 U.S.C. § 1983 speaks for itself. ACCE denies the remaining allegations in Paragraph 50.

**ANSWERING FOURTH CLAIM**

**(Violation of Equal Protection (42 U.S.C. § 1983))**

51.　In response to Paragraph 51, ACCE incorporates the previous paragraphs by reference.

52.　In response to Paragraph 52, ACCE asserts that the statements by federal and state officials referenced in that paragraph speak for themselves. ACCE denies the remaining allegations in Paragraph 52.

ANSWER OF INTERVENOR-DEFENDANT
Case No. 3:22-cv-01274-LB

10569332v1/017475

53.     In response to Paragraph 53, ACCE asserts that 28 U.S.C. § 2201 and 42 U.S.C. § 1983 speak for themselves. ACCE denies the remaining allegations in Paragraph 53.

## ANSWERING FIFTH CLAIM

## (Writ of Mandate (CCP §§ 1085 or 1094.5))

54.     In response to Paragraph 54, ACCE incorporates the previous paragraphs by reference.

55.     In response to Paragraph 55, ACCE asserts that the California Code of Civil Procedure speaks for itself. ACCE denies the remaining allegations in Paragraph 55.

56.     In response to Paragraph 56, ACCE asserts that the Complaint speaks for itself. ACCE denies the remaining allegations in Paragraph 56.

57.     In response to Paragraph 57, ACCE asserts that the State's Covid-19 Renter Relief Act, the City of Oakland's Just Cause for Eviction Ordinance, the Oakland Municipal Code, and Measure Y speak for themselves. ACCE denies the remaining allegations in Paragraph 57.

58.     In response to Paragraph 58, ACCE denies the allegations in that paragraph.

59.     In response to Paragraph 59, ACCE asserts that the laws and cases establishing the standard of review referenced in that paragraph speak for themselves. ACCE denies the remaining allegations in Paragraph 59.

60.     In response to Paragraph 60, ACCE denies the allegations in that paragraph.

61.     In response to Paragraph 61, ACCE denies the allegations in that paragraph.

62.     In response to Paragraph 62, ACCE asserts that the California Civil Code and California Government Code speak for themselves. ACCE denies the remaining allegations in Paragraph 62.

## GENERAL DENIAL

63.     ACCE denies all allegations in the Complaint except those specifically admitted in the preceding paragraphs.

## AFFIRMATIVE DEFENSES

ACCE asserts the following affirmative defenses:

10569332v1/017475

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails in whole or in part to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Ripeness)

The Complaint and each purported cause of action asserted in it is in whole or in part barred because Plaintiffs' claims are not ripe for adjudication

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiffs lack standing to assert their claims in whole or in part because they have not suffered an (1) injury in fact (2) that is fairly traceable to Oakland's or Alameda's conduct and (3) that is likely to be redressed by a favorable decision.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Plaintiffs' claims are barred, in whole or in part by Plaintiffs' failure to properly raise them in underlying administrative proceedings.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' claims are barred because Plaintiffs have failed to assert their claims in a timely fashion, resulting in prejudice to Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel and Waiver)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and/or HPOA's members have waived their claims or are estopped from asserting them.

## SEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Raise Additional Defenses)

ACCE reserves the right to amend should any further defenses become apparent in the course of this action.

10569332v1/017475

1

**PRAYER FOR RELIEF**

2      WHEREFORE, ACCE prays for judgment as follows:

3      1.      Plaintiffs take nothing by this suit;

4      2.      The Court enters judgment against Plaintiff and in favor of Defendants;

5      3.      The Court deny Plaintiffs' requests for preliminary and permanent injunctions;

6      4.      The Court deny Plaintiffs' request for immediate stay;

7      5.      The Court deny Plaintiffs' requests for declaratory judgment;

8      6.      The Court deny Plaintiffs' request for special damages;

9      7.      The Court deny Plaintiffs' request for general damages;

10     8.      The Court deny Plaintiffs' request for attorneys' fees and costs;

11     9.      The Court deny Plaintiffs' request for a writ of mandamus or mandate;

12     10.     ACCE be awarded its costs of suit incurred in defense of this action; and

13     10.     For such other and further relief as the Court may deem proper.

14

15     Dated: May 11, 2022                    By:    */s/ Nicholas N. Spear*
                                                     MARC SELTZER (54534)
16                                                   mseltzer@susmangodfrey.com
                                                     KRYSTA K. PACHMAN (280951)
17                                                   kpachman@susmangodfrey.com
                                                     GLENN C. BRIDGMAN (298134)
18                                                   gbridgman@susmangodfrey.com
                                                     NICHOLAS N. SPEAR (304281)
19                                                   nspear@susmangodfrey.com
                                                     SUSMAN GODFREY L.L.P.
20                                                   1900 Avenue of the Stars, Suite 1400
                                                     Los Angeles, California  90067-6029
21                                                   Telephone: (310) 789-3100
                                                     Facsimile: (310) 789-3150
22
                                                     *Attorneys for Intervenor-Defendant*
23                                                   *Alliance of Californians for Community*
                                                     *Empowerment Action*
24

25

26

27

28

10

10569332v1/017475

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that a true and correct copy of the foregoing document has been served on all current counsel of record on May 11, 2022.


*/s/ Nicholas N. Spear*
Nicholas N. Spear

11

ANSWER OF INTERVENOR-DEFENDANT
Case No. 3:22-cv-01274-LB

10569332v1/017475