Marc S Janowitz (SBN 96765)
EAST BAY COMMUNITY LAW CENTER
2921 Adeline St.
Berkeley, CA 94703
*t*: 510-548-4040
*f*: 510-548-2566
*e*: mjanowitz@ebclc.org

Attorney for Amicus Curiae

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILLIAMS, ROBERT VOGEL, SHEANNA ROGERS, MICHAEL LOEB, JAQUELINE WATSON-BAKER, and HOUSING PROVIDERS OF AMERICA, a 501(c)(4) non-profit Corporation,<br><br>Plaintiff and Petitioners,<br><br>v.<br><br>ALAMEDA COUNTY, ALAMEDA COUNTY BOARD OF SUPERVISORS, CITY OF OAKLAND, OAKLAND CITY COUNCIL, and DOES 1-10,<br><br>Defendant and Respondents. | Case No.: 3:22-CV-01274<br><br>**MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: September 29, 2022<br>Time: 9:30 a.m.<br>Dept.: Courtroom B, 15th Flr<br>Judge: Hon. Laurel Beeler<br><br>Compl. Filed: March 1, 2022 |

**MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE**

**APPLICATION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE**

     Proposed amicus curiae, by and through undersigned counsel, respectfully move the court for leave to file an amici curiae brief in the above-captioned matter. Intervenors consent to this motion for leave to file. A copy of the proposed amicus curiae brief and a proposed order are attached as Exhibits A and B, respectively.

## I. STANDARD FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE

"The district court has broad discretion to appoint amici curiae." *Duronslet v. Cty. of Los Angeles*, No. 2:16-cv-08933-ODW(PLAx), 2017 WL 5643144, at *1 (C.D. Cal. Jan. 23, 2017) (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)). Moreover, "[d]istrict courts frequently welcome amicus briefs from non-parties . . . [with] unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Sonoma Falls Dev., LLC v. Nevada Gold & Casinos*, Inc., 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003). The only criterion is that the applicant "make a showing that [their] participation is useful to or otherwise desirable to the court." *In re Dynamic Random Access Memory Antitrust Litig.*, No. M-02-1486-PJH, 2007 WL 2022026, at *1 (N.D. Cal. July 9, 2007).

## II. STATEMENT OF INTEREST OF AMICUS CURIAE

Amicus curiae are eviction defense attorneys at the East Bay Community Law Center (EBCLC) which is a direct legal services organization located in Alameda County and the largest education clinic in the Bay Area. EBCLC has represented tenants in eviction defense proceedings in Alameda County for the nearly 30 years, and has been on the front lines of counseling and representing hundreds of tenants since the COVID-19 crisis began in March 2020.

Amicus is interested in this litigation because of our extensive experience representing tenants in Alameda County and because our organization is deeply concerned on the deleterious impact an injunction would have on thousands of tenants throughout the County. This is particularly true given the complications associated with tenants accessing the COVID-19 rent relief program – many of whom are still awaiting state and local assistance with pending rent applications.

## III. AMICUS CURIAE'S PERSPECTIVE WILL BENEFIT THE COURT

Amicus' proposed brief presents first-hand observations of the eviction proceedings in Alameda County since the beginning of the pandemic in March 2020. Contrary to

1  claims in Plaintiffs' and Petitioner's Rule 56 Motion, unlawful detainer actions have been
2  filed since the beginning of the pandemic.  While the Alameda County and City of Oakland
3  eviction moratoria placed some limits on which unlawful detainer matters may proceed –
4  landlords have and continue to file new matters daily.  According to data obtained from
5  the court, even though eviction filings were paused from March 16, 2020 through June 11,
6  2020, from June 11, 2020 through February 28, 2022, 1,109 unlawful detainers were filed.
7       Amicus has represented and counseled hundreds of tenants facing evictions since
8  the March 2020.  In the past 6 months, Amicus has represented tenants in two separate
9  jury trials – one on alleging trespass through forcible detainer, and another alleging
10 criminal conduct pled as unlawful detainer.

**IV.    CONCLUSION**

     For these reasons, Amicus requests leave to file the proposed amicus curiae brief attached hereto as Exhibit A.

Dated: September 6, 2022            Respectfully Submitted,

                                            EAST BAY COMMUNITY LAW CENTER

                                            */s/ Marc S. Janowitz*
                                            Marc S. Janowitz
                                            Attorney for Amicus Curiae

# Exhibit A

Marc S Janowitz (Cal. St. Bar No.: 96765)
EAST BAY COMMUNITY LAW CENTER
2921 Adeline St.
Berkeley, CA 94703
*t*: 510-548-4040
*f*: 510-548-2566
*e*: mjanowitz@ebclc.org

Attorney for Amicus Curiae, East Bay Community Law Center

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILLIAMS, ROBERT VOGEL, SHEANNA ROGERS, MICHAEL LOEB, JAQUELINE WATSON-BAKER, and HOUSING PROVIDERS OF AMERICA, a 501(c)(4) non-profit Corporation,<br><br>Plaintiff and Petitioners,<br><br>v.<br><br>ALAMEDA COUNTY, ALAMEDA COUNTY BOARD OF SUPERVISORS, CITY OF OAKLAND, OAKLAND CITY COUNCIL, and DOES 1-10,<br><br>Defendant and Respondents. | Case No.: 3:22-CV-01274<br><br>**AMICUS BRIEF**<br><br>Date: September 29, 2022<br>Time: 9:30 a.m.<br>Dept.: Courtroom B, 15th Flr.<br>Judge: Hon. Laurel Beeler<br><br>Compl. Filed: March 1, 2022 |

## I.   INTRODUCTION

By this motion, Amicus, East Bay Community Law Center, petitions for permission to present its arguments in opposition to Plaintiff's Motion for Summary Judgment. As more fully explained below, Amicus is uniquely positioned to comment on the effects the Moratoria at issue have on property owners' abilities to recover possession of real property, and their effect over all on the litigation of issues of possession generally. For these reasons we offer value to the court as it engages with the issues presented, and

respectfully request permission to file our Amicus Brief in Support of Opposition to Plaintiff's Motion for Summary Judgment.

## II. STATEMENT OF INTEREST OF AMICUS CURIAE

Amicus curiae has an interest in the underlying litigation because since the COVID-19 Emergency Moratoria have been enacted in County of Alameda and City of Oakland Moratoria we have been representing occupants of housing in the county who are directly impacted by these ordinances. We are eviction defense attorneys in the Housing Practice of the East Bay Community Law Center (EBCLC). EBCLC is a non-profit, direct legal services organization serving the community of low-income occupants of housing in Alameda County. We are the largest provider of free legal services to income-eligible communities in Alameda County and have been representing low-income occupants of housing for more than 30 years. In the past few years we have counseled on average more than 1,000 tenants annually. Through our affiliation with the University of California, at Berkeley Law, we are the largest legal education clinic in the Bay Area. In these capacities we have been on the front lines of counseling and representing hundreds of occupants since the COVID-19 crisis began in March 2020. EBCLC litigates the entire gamut of housing-related issues.

During the COVID-19 pandemic period we have represented and counseled hundreds of clients in housing related cases in court, and in out of court negotiations. Based on our experience we are aware of the factual and legal trends that course through the litigation. We are aware of the influence the current Alameda County and City of Oakland Moratoria have on these trends, and how they impact the everyday lives of all parties to these disputes.

Amicus is interested in this litigation because of our extensive experience representing tenants in Alameda County and because our organization is deeply concerned about the deleterious impact an injunction would have on thousands of tenants throughout the County. This is particularly true given the complications associated with

tenants accessing the COVID-19 rent relief program – many of whom are still awaiting state and local assistance with pending rent applications.

### III.  AMICUS CURIAE'S PERSPECTIVE WILL BENEFIT THE COURT

Amicus' staff have first-hand experience in eviction proceedings in Alameda County since the beginning of the pandemic in March 2020. Among the many cases in which we have represented and counseled occupants facing evictions since the March 2020, we have represented occupants in two separate jury trials – one in which the allegations were trespass through forcible detainer, and another alleging criminal conduct pled as unlawful detainer.

As court records demonstrate, and contrary to claims in Plaintiffs' and Petitioner's Rule 56 Motion, unlawful detainer actions, and other causes of action to recover possession of real property, have been filed and litigated to finality, since the beginning of the pandemic.  While the Alameda County and City of Oakland eviction Moratoria placed some limits on which matters for possession may proceed, mostly by preventing cases for non-payment of rent to proceed, other cases proceed unimpeded.   Landlords have and continue to file new matters daily.  According to data obtained from the court, even though eviction filings were paused from March 16, 2020 through June 11, 2020, from June 11, 2020 through February 28, 2022, 1,109 unlawful detainers were filed.  A review of the weekly calendars of Department 511 of the Alameda County Superior Court reveals they are filled with eviction cases proceeding apace.  To suggest these ordinances prevent property owners from suing to recover possession of property alleged to be unlawfully retained by occupants is simply false.

### IV.  THE STATE HAS CREATED A NEW STATUTORY SCHEME FOR PROPERTY OWNERS TO COLLECT COVID-RELATED RENT DEBT.

In the context of Plaintiffs' motion and argument, it is noteworthy that the State of California has expanded the statutory scheme for the recovery of COVID-related rent debt.  The legislature has revamped the small claims system to accommodate issues

related to recovery of COVID-related rent debt, which include increased jurisdictional maximums, and created specific procedures for such actions. Please see Cal. Code Civ. Proc. §§ 116.223, 871.10, 1179.02, 1179.2.5, and Health and Safety Code § 50897.3.  In our experience, property owners are pursuing their remedies in these forums to recover unpaid rent to which they are entitled.

V. ARGUMENT

A. The Moratoria Allow Evictions.

Plaintiffs argue the Alameda County Moratorium constitutes an unconstitutional taking of their property because they "outlaw virtually all evictions in Alameda County and the City of Oakland by providing renters – or any occupants of rental property – an 'absolute defense' to almost all unlawful detainer proceedings." (Plaintiffs' Memorandum, p. 3:4-6. Hereafter Ps' MPA).  Plaintiffs further allege: "It does not matter whether the occupant is a tenant or an illegal squatter. Nor does it matter whether that individual refuses to pay rent, destroys the premises, or engages in criminal activity."  (Ps' MPA, p. 3:16-18.). Plaintiffs go on: "Defendants' regulations grant possession to all occupants of rental properties. Being an occupant is the only criteria and there is no distinction between lawful tenants, those who have violated the material terms of their leases, and illegal squatters (all referred to as "occupant(s)")). (Ps' MPA, p. 10:22-24). And further, they posit: "How the occupant took possession and the facts of what took place afterwards are irrelevant." (Ps' MPA, p. 10:25).

These statements are simply untrue.  They are specifically contradicted by the express wording of the ordinances under examination. The numerous cases on the court's weekly docket belie these bald unsupported assertions.

i. **The Alameda County Moratorium, Alameda County Ordinance Code 6.120.020 protects tenant, not trespassers.**

An examination of the definitions of these ordinances reveal who they cover and who they do not.  Tenants, that is, those who occupy pursuant to mutually consented agreement with owners, are covered by these ordinances.  However, as set forth below,

when these lawful occupants engage in conduct that creates an imminent threat to health and safety, they lose protections.

The Alameda County Moratorium uses the following definitions.

> **A.** "Affected Resident" shall mean a Tenant, Homeowner or their Household, that has experienced a Qualifying Loss.
>
> K. "Resident" shall mean a Tenant, Homeowner or their Household. This term includes but is not limited to Affected Residents.
>
> M. "Tenant" means a residential tenant, subtenant, lessee, sublessee, or any other person entitled by written or oral rental agreement, or by sufferance, to use or occupancy of a Residential Unit.

The flaw in Plaintiffs' augment is that the squatter or trespasser is not a "Tenant" under the ordinance. The squatter or trespasser, by definition, does not occupy under any agreement to use the unit. *See Ralphs Grocery Co. v. Victory Consultants, Inc.* (2017) 17 Cal.App.5th 245, 261-262. These individuals may be evicted pursuant to Cal. Code. Civ. Proc. §§1159 and/or 1160, the cause of action for forcible entry and/or detainer.  These statutes specifically exist to evict the trespasser or squatter.  In our experience, they have been evicted against assertions of defenses of protections by the Moratoria.  (It must be noted attorney-client privileges as well as legislative mandates of masking of court records pursuant to Cal. Cal. Code. Civ. Proc. § 1161.2 limit more specific information.)

> **ii.     The Alameda County Moratorium, Alameda County Ordinance Code 6.120.030 allows eviction in the event the resident poses an imminent threat to health or safety.**

The exceptions in the County Ordinance make clear, the occupant, regardless of status; lawful tenant or trespasser, may be evicted if they engage in the conduct Plaintiffs warn about:

> F.  Exceptions. The Landlord or Lender claiming that their proposed eviction is not prohibited by this chapter shall have the burden of proving that one or more of the exceptions applies. The provisions of this section shall not apply in the following circumstances, which must be stated by in the Notice of Termination and the complaint as the grounds for the eviction:

> 1) A Landlord is taking the Residential Unit off of the residential rental market in accordance with Government Code Section 7060, et seq. (Ellis Act) and in compliance with any applicable local ordinances.
>
> 2) The Residential Unit must be vacated to comply with an order issued by a government agency or court.
>
> 3) Continued occupancy by the Resident poses an imminent threat to health or safety. For the purposes of this chapter, the basis for this exception cannot be the Resident's COVID-19 illness or exposure to COVID-19, whether actual or suspected.

In our practice at EBCLC we have seen a broad array of conduct asserted under the "exception" section of "imminent threat to health or safety" of the Alameda County Moratorium to support allegations of eviction under Cal. Code. Civ. Proc. §§1159, 1160, and the unlawful detainer statutes 1161, subd. 3 and 4. A casual look will find them filling the Alameda County Superior Court calendar every Monday, Tuesday, and Wednesday, in Department 511. The Plaintiff in the eviction actions still has the burden to prove the truth of the "health and safety" allegations.  In our experience at EBCLC litigating these cases, sometimes they are able to bear that burden. Sometimes not.

### iii. Under the City of Oakland Moratorium, if the "tenant" poses an imminent threat to health or safety" the "tenant" may be evicted.

The City of Oakland's moratorium contains substantially the same language as set forth above in the County Moratorium with respect to imminent threat.  If the one to be removed is a "tenant", that person may be evicted under the exception to the ordinance. (See section 3 of the ordinance: "Except when the tenant poses an imminent threat to the health or safety of other occupants of the property, and such threat is stated in the notice as the grounds for eviction,  … ."). Contrary to Plaintiffs' assertions, if the tenant engages in the conduct Plaintiffs present in their parade of horrors, (i.e., if they "destroy and commit nuisances on housing providers" (Ps' MPA, p.3:8), "conduct criminal acts on properties" (Ps' MPA, p.3:9), "destroy the premises" (Ps' MPA, p.3:18), "engage in criminal

activity" (Ps' MPA, p.3:18), "violate material terms of their leases" (Ps' MPA, p.10:24), are "illegal squatters" (Ps' MPA, p.10:24), "destroy the property" (Ps' MPA, p.10:26), "harass neighbors" (Ps' MPA, p.10:26), "or take unauthorized possession in the dead of night" (Ps' MPA, p.10:27)), these occupants, lawful tenants, or illegal trespassers, may be evicted. Neither Moratoria here challenged will prevent the owner from proceeding to evict. Likewise, the Moratoria do not protect the tenant who engages in threats to health or safety. Plaintiffs' hysterical pleas to the contrary are false.

### B. Plaintiff's arguments that Defendants' regulations are a physical taking is misleading and legally inaccurate.

Plaintiffs argue at MPA p. 13:6-8 that "Defendants' exercise of this property right authorizes possession in all occupants regardless of whether residency was gained by virtue of a lease, or as an illegal squatter, or anything in between."

First, as stated above, when the property owner voluntarily enters into a lawful landlord-tenant rental agreement with a tenant, if the lawful tenant thereafter engages in conduct creating an imminent threat, the owner may proceed to evict. There is no exercise of the municipal entities' property right to protect that occupant. Second, if a squatter or illegal trespasser unlawfully enters a dwelling, neither of the challenged Moratoria has authorized such criminal conduct, and neither will protect the individual. Thus, Defendants' ordinances have not authorized anything, and certainly not any taking within the meaning of the Fifth Amendment. Third, if the one to be removed is a trespasser or squatter, as argued above, they are not among the categories of occupants protected by the ordinances. They can be removed upon proof of their status, just as in any civil action pursuant to Code Civ. Proc. §§ 1159/1160 to evict the trespasser, Moratoria or none.

### C. The Moratoria do not allow the permanent physical occupation by others, and forever displacement of the owners.

Citing *Loretto v. Teleprompter Manhattan CATV Corp.* (1982) 458 U.S. 419, Plaintiffs argue "the permanent physical occupation of property forever denies the owner any power to control the use of the property." Plaintiffs then leap to a conclusion that "here, owners cannot freely use their property because they are beholden to occupants that cannot be forced to leave." Ps' MPA, p.15:9-14.

Notwithstanding that Plaintiffs' quote is not the holding of *Loretto*, Plaintiffs' reference is a gross misrepresentation of what these ordinances do, and do not do. Plaintiffs' assertion the Moratoria allow some kind of permanent denial of the owners of any use of their property is false. As argued above, these ordinances allow eviction of the illegal occupant, as well as the lawful occupants who engage in behavior that is an imminent threat to health or safety.

There is no issue of permanent denial of use. In fact, in California numerous laws create statutory scheme for the speedy recovery of property alleged to be unlawfully or forcibly detained.

By statute, forcible entry, forcible detainer, and unlawful detainer cases have priority above all other civil cases on the trial calendars. *See* Cal. Code Civ. Proc. § 1179a. They are required to be set for trial 20 days after a request to set is filed. *See* Cal. Code Civ. Proc. § 1170.5. To enforce the summary nature of the eviction proceedings, no cross complaints are allowed, and only "issues directly relevant to the ultimate question of possession" may be raised in defense of an unlawful detainer action. *Green v. Superior Court* (1974) 10 Cal. 3d 616, 634. Generally, counterclaims, cross-complaints and affirmative defenses cannot be considered. *Union Oil Co. v. Chandler* (1970) 4 Cal. App. 3d 716, 721. All these protect Plaintiffs' ability to recover possession of their property in numerous cases permitted by the ordinances. Any argument the regulations result in a permanent physical taking in violation of the constitution is incorrect and inconsistent with the plain wording of the ordinances.

Thus, when the elements and conditions of the applicable ordinances can be proved, the owners are free to evict, following the same procedures as all owners in the State of California must follow.

## VI.   CONCLUSION

Plaintiffs fail to account for the plain wording of the challenged ordinances. They side step and do not address the ordinances accommodations of the precise "worst case scenarios" they claim will result in the destruction of their interests as owners of real property. To the contrary, a reading of these regulations reveals they carefully and precisely account for all of these scenarios Plaintiffs present. As such, the Moratoria do not result in any taking what so ever. They come squarely within constitutional strictures, and the long-standing statutory frameworks of landlord and tenant law in our state which have withstood numerous constitutional challenges. Plaintiffs' motion should, therefore, be denied.

Dated: September 6, 2022   Respectfully Submitted,

EAST BAY COMMUNITY LAW CENTER

*/s/ Marc S. Janowitz*

Marc S. Janowitz
Attorney for Amicus Curiae

# Exhibit B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILLIAMS, ROBERT VOGEL, SHEANNA ROGERS, MICHAEL LOEB, JAQUELINE WATSON-BAKER, and HOUSING PROVIDERS OF AMERICA, a 501(c)(4) non-profit Corporation,<br><br>Plaintiff and Petitioners,<br><br>v.<br><br>ALAMEDA COUNTY, ALAMEDA COUNTY BOARD OF SUPERVISORS, CITY OF OAKLAND, OAKLAND CITY COUNCIL, and DOES 1-10,<br><br>Defendant and Respondents. | Case No.: 3:22-CV-01274<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR LEAVE TO FILE AS AMICUS CURIAE**<br><br>Date: September 29, 2022<br>Time: 9:30 a.m.<br>Dept.: Courtroom B, 15th Flr<br>Judge: Hon. Laurel Beeler<br><br>Compl. Filed: March 1, 2022 |

The East Bay Community Law Center's motion for leave to file an amicus curiae brief file is GRANTED.

IT IS SO ORDERED.

Dated: _____                    _____
                                     Laurel Beeler
                                     United States District Judge