MATTHEW D. ZINN (State Bar No. 214587)
EDWARD T. SCHEXNAYDER (State Bar No. 284494)
MINDY K. JIAN (State Bar No. 336139)
SHUTE, MIHALY & WEINBERGER LLP
396 Hayes Street
San Francisco, California 94102
Telephone:    (415) 552-7272
Facsimile:     (415) 552-5816
Zinn@smwlaw.com
Schexnayder@smwlaw.com
Mjian@smwlaw.com

Attorneys for Defendants and Respondents
Alameda County and Alameda County Board of Supervisors

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN WILLIAMS, ROBERT VOGEL, SHEANNA ROGERS, MICHAEL LOEB, JAQUELINE WATSON-BAKER, and HOUSING PROVIDERS OF AMERICA,<br><br>　　　　Plaintiffs and Petitioners,<br><br>　　v.<br><br>ALAMEDA COUNTY, ALAMEDA COUNTY BOARD OF SUPERVISORS, CITY OF OAKLAND, OAKLAND CITY COUNCIL, and DOES 1-10,<br><br>　　　　Defendants and Respondents,<br><br>　　v.<br><br>ALLIANCE OF CALIFORNIANS FOR COMMUNITY EMPOWERMENT ACTION,<br><br>　　　　Defendant-Intervenor. | Case No. 3:22-cv-01274-LB<br>Case No. 3:22-cv-02705-LB (related)<br><br>**DEFENDANTS' JOINT OPPOSITION TO MOTION TO CERTIFY THE INTERLOCUTORY DECISION FOR APPEAL AND FOR A STAY**<br><br>Hon. Laurel Beeler<br><br>Trial Date:　　none set |

## INTRODUCTION

This Court's recent order denying Plaintiffs' motions for summary judgment was based on clear and straightforward legal precedent and mirrors the decisions of the numerous other district courts rejecting challenges to substantially identical Covid-19 eviction moratoria. It betrayed no uncertainty about the law or the outcome. Plaintiffs now ask the Court to certify that clear order for an interlocutory appeal, which would require the Court to find some "substantial ground for difference of opinion" in the order that manifestly is not there. Plaintiffs' motion simply rehashes the arguments that were considered and rejected in the order. Their disagreement with the Court's conclusions does not justify an immediate appeal. The Court should deny the motions.

## LEGAL STANDARD

A district court may certify an interlocutory appeal only if it concludes that the issues (1) "involve[] a controlling question of law," (2) "as to which there is a substantial ground for difference of opinion," and (3) "that an immediate appeal may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

"Substantial ground for difference of opinion" requires more than "disagreement with the Court's ruling." *Id.* Rather, the applicable law must be unclear. "[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Id.* at 634. Plaintiffs must do more than simply assert that "no . . . court has addressed the precise questions at issue." *Id.* For example, courts may find substantial ground for difference of opinion where there are "*novel and difficult* question of first impression" or the circuits are in dispute. *Id.* (emphasis added). Interlocutory review is appropriate only in "*extraordinary* cases." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (emphasis added).

## ARGUMENT

Plaintiffs have not shown substantial grounds for difference of opinion about the legal conclusions in the Order. Rather, they merely restate the written and oral arguments they offered on their unsuccessful summary judgment motions. This Court properly rejected

those arguments, as have multiple district courts, the Ninth Circuit, and the Supreme Court.

*First*, Plaintiffs allege that their physical takings claims present a "novel issue." Dkt. 101 at 16 (Plaintiffs' and Petitioners' Notice of Motion and Motion to Certify the Interlocutory Decision for Appeal and For a Stay (filed Dec. 29, 2022)) ("Motion"). However, the Court based its decision on well-established takings principles and a long line of Supreme Court cases. *See* Dkt. 96 at 13-19 (Order Denying Summary Judgment (filed Nov. 22, 2022)) ("Order") (citing *Yee v. Escondido*, 503 U.S. 519 (1992); *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063 (2021); *Block v. Hirsch*, 256 U.S. 135 (1921)). Moreover, the Court cited an exhaustive list of decisions in which courts have applied *Yee* in directly holding that COVID-19 eviction moratoria do not effect physical takings. *See* Order at 19; *see also Ballinger v. City of Oakland*, 24 F.4th 1287, 1292 (9th Cir. 2022) (regulation of landlord-tenant relationship not subject to categorical per se takings analysis).

Much of Plaintiffs' argument for certification is based on the Eighth Circuit's erroneous decision in *Heights Apartments, LLC v. Walz*, 30 F.4th 720 (8th Cir. 2022). The panel in *Heights Apartments* misread *Yee*; it relied on the "mistaken premise" that the *Yee* landlords sought exclude only future tenants. *See Heights Apartments, LLC v. Walz*, 39 F.4th 479, 480 (8th Cir. 2022) (Colloton, J., dissenting from denial of rehearing en banc); *see also* Dkt. 75 at 24 (County Defendants' Consolidated Opposition to Motions for Summary Judgment (filed Sep. 6, 2022)). Plaintiffs' motion raises no new issues based on *Heights Apartments* that would require a different finding. This Court thus rightly found that the reasoning in *Heights Apartments* "is not persuasive." Order at 19-20 (citing *Gallo v. District of Columbia*, No. 1:21-cv-03298 (TNM), 2022 WL 2208934, at *9 (D.D.C. June 21, 2022)).[1]

---

[1] Plaintiffs also assert that an appeal is necessary because the Ninth Circuit must decide whether to follow *Yee* or *Cedar Point*. Motion at 17. As a threshold matter, *Yee* and *Cedar Point* are not irreconcilable. *See* Order at 20 (discussing the two cases). In any event, the fact that "counsel contends that one precedent rather than another is controlling" does not support certification. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

*Second*, Plaintiffs' Contracts Clause arguments clash with the Ninth Circuit's recent decision upholding a COVID-19 eviction moratorium against such a challenge. *See Apartment Ass'n of L.A. Cnty., Inc. v. City of Los Angeles*, 10 F.4th 905, 913-14 (9th Cir. 2021). Consistent with longstanding Supreme Court precedent, the Ninth Circuit in *Apartment Association* and the Court here found that the Contracts Clause does not bar COVID-19-related eviction moratoria. *Id.*; Order at 21-28; *see also Home Bldg. & Loan Ass'n v. Blaisdell*, 290 U.S. 398, 420, 447-48 (1934) (upholding an ordinance that barred owners from repossessing properties during the Great Depression). The moratoria are crafted to reasonably advance a significant public purpose: reducing the transmission of COVID-19 and promoting housing stability during the pandemic. Order at 26-27. Again, the Court's order relies on a number of decisions that have likewise upheld COVID-19 eviction moratoria against Contracts Clause challenges. *Id.* at 22-24, 27. Plaintiffs' reliance on the Eighth Circuit decision in *Heights Apartments* is misplaced, as it conflicts with the controlling Ninth Circuit decision in *Apartment Association*.[2] Order at 27-28; *see Heights Apartments*, 39 F.4th at 481 (Colloton, J., dissenting from denial of rehearing en banc) (noting the conflict). Finally, this Court correctly concluded that the moratoria do not substantially impair landlords' contractual rights because the landlords are still entitled to payment of rent and may still safeguard their rights through breach of contract actions. Order at 24-25. Plaintiffs' claim is thus even weaker than the claim the Ninth Circuit rejected in *Apartment Association. See Apartment Ass'n*, 10 F.4th at 913-14 (assuming without deciding that moratorium resulted in substantial impairment).

*Finally*, Plaintiffs' arguments on their procedural due process and state law claims plainly fail to show any substantial grounds for difference of opinion. Motion at 12. Rather, Plaintiffs restate the arguments they have already made before the Court and do not seriously contend that the controlling law is at all unclear on these issues. *See id.* at 23-24;

---

[2] That conflict cannot create a basis for certification: "a substantial ground for difference of opinion exists where the circuits are in dispute on the question *and the court of appeals of the circuit has not spoken on the point.*" *Couch*, 611 F.3d at 633 (emphasis added).

1 Order at 28-39. Plaintiffs must do more than merely express disagreement with the Court's
2 decision. *Couch*, 611 F.3d at 633.
3      If the Court certifies the decision for appeal, Defendants and Defendant-Intervenor
4 do not oppose Plaintiffs' request for a stay.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion.

DATED: January 12, 2023        SHUTE, MIHALY & WEINBERGER LLP

By:    /s/Matthew D. zinn
MATTHEW D. ZINN
EDWARD T. SCHEXNAYDER
MINDY K. JIAN

Attorneys for Defendants and Respondents Alameda County and Alameda County Board of Supervisors

DATED: January 12, 2023        BARBARA J. PARKER, CITY ATTORNEY

By:    /s/Allison Ehlert
ALLISON EHLERT

Deputy City Attorney for Defendants and Respondents City of Oakland and Oakland City Council

DATED: January 12, 2023        SUSMAN GODFREY LLP

By:    /s/Nicholas N. Spear
NICHOLAS N. SPEAR

Attorneys for Intervenor-Defendant Alliance of Californians for Community Empowerment Action

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories.

DATED: January 12, 2023          SHUTE, MIHALY & WEINBERGER LLP


By:      /s/Matthew D. Zinn
       MATTHEW D. ZINN

Attorneys for Defendants and Respondents Alameda County and Alameda County Board of Supervisors