UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOHN WILLIAMS, ROBERT VOGEL, SHEANNA ROGERS, MICHAEL LOEB, JAQUELINE WATSON-BAKER, and HOUSING PROVIDERS OF AMERICA, a 501(c)(4) Non-profit Corporation,<br><br>Plaintiffs and Petitioners,<br><br>v.<br><br>ALAMEDA COUNTY, ALAMEDA COUNTY BOARD OF SUPERVISORS, CITY OF OAKLAND, OAKLAND CITY COUNCIL, and DOES 1–10,<br><br>Defendants and Respondents,<br><br>ALLIANCE OF CALIFORNIANS FOR COMMUNITY EMPOWERMENT ACTION,<br><br>Intervenor-Defendant. | Case No. 3:22-cv-01274-LB<br><br>**ORDER DENYING MOTION FOR STAY**<br><br>Re: ECF No. 115 |
| CALIFORNIA APARTMENT ASSOCIATION, STEPHEN LIN, RAKESH and TRIPTI JAIN, & H. ALEX and DANNIE ALVAREZ, et al.,<br><br>Plaintiffs and Petitioners,<br><br>v.<br><br>COUNTY OF ALAMEDA, BOARD OF SUPERVISORS OF THE COUNTY OF ALAMEDA, and DOES 10–25,<br><br>Defendants and Respondents. | Case No. 3:22-cv-02705-LB<br><br>**ORDER DENYING MOTION FOR STAY**<br><br>Re: ECF No. 57 |

ORDER – Nos. 22-cv-01274-LB and 22-cv-02705-LB

# INTRODUCTION

The plaintiffs in these related cases — property owners and organizations representing property owners in Alameda County and the City of Oakland — contend that the County and City violated their rights under the U.S. and California Constitutions by prohibiting the eviction of non-paying tenants during the COVID-19 pandemic. In *Williams v. Alameda Cnty.*, No. 22-cv-01274-LB, the plaintiffs claim that ordinances enacted by the County and City are takings under the Fifth Amendment to the U.S. Constitution, inverse condemnations under the California Constitution, and violations of their due-process and equal-protection rights under the Fourteenth Amendment to the U.S. Constitution.[1] In *Cal. Apartment Ass'n v. Alameda Cnty.*, No. 22-cv-02705-LB, the plaintiffs challenge the County ordinance through similar taking and due-process claims under the U.S. Constitution and a similar inverse-condemnation claim under the California Constitution. They also claim a substantial impairment of their lease agreements, in violation of the Contracts Clause of Article I of the U.S. Constitution, and preemption of the ordinance under Article XI, § 7 of the California Constitution to the extent that the ordinance prohibits Ellis Act evictions under Cal. Gov't Code § 7600 (which allows landlords to withdraw rentals from the market under certain circumstances).[2]

The court agreed to address the plaintiffs' facial claims before the as-applied claims, set an expedited summary-judgment schedule on the facial claims, denied summary judgment, and denied the plaintiffs' motion for interlocutory appeal of the summary-judgment order.[3] The cases have otherwise been stayed.[4] The defendants now move to extend the stay pending the Ninth

---

[1] Compl. – ECF No. 1 at 13–17 (¶¶ 37–53). Citations refer to material in the Electronic Case File (ECF) in the lower-numbered action unless the citation references the higher-numbered action; pinpoint citations are to the ECF-generated page numbers at the top of documents. Orders entered in the lower-numbered action were also entered in the higher-numbered action, unless otherwise indicated.

[2] Compl. – ECF No. 1 (No. 22-cv-02705-LB) at 16–24 (¶¶ 52–80).

[3] Orders – ECF Nos. 47 (staging the claims), 96 (denying summary judgment), 113 (denying interlocutory appeal).

[4] Orders – ECF Nos. 100 (granting stipulation to stay certain pretrial deadlines), 125 (extending the stay most recently).

ORDER – Nos. 22-cv-01274-LB and 22-cv-02705-LB     2

Circuit's decisions in three similar cases that are currently on appeal.[5] The court denies the motion because a stay would potentially be harmful to the plaintiffs and would be inefficient.

## LEGAL STANDARD

In *Landis*, the Supreme Court held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). To determine whether a stay is appropriate, the court "must weigh competing interests and maintain an even balance." *Id.* at 254–55. The competing interests include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55); *accord Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). "[I]f there is even a fair possibility" that the stay will harm the non-moving party, the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

## ANALYSIS

The defendants ask to stay the cases pending the Ninth Circuit's decisions in three other COVID-19 eviction-moratoria cases.[6] All three cases are scheduled for oral argument on April 10, 2023. *Jevons v. Inslee*, No. 22-35050 (9th Cir. docketed Jan. 18, 2022); *Iten v. Cnty. of Los Angeles*, No. 22-55480 (9th Cir. docketed May 12, 2022); *El Papel, LLC v. City of Seattle*, No. 22-35656 (9th Cir. docketed Aug. 17, 2022). The court denies the motion.

First, there is a "fair possibility" that the plaintiffs would be harmed by a stay. For example, plaintiff John Williams declares that his renter owes $60,000 in back rent under the ongoing

---

[5] Mot. – ECF No. 115; Joinder by City of Oakland – ECF No. 123; Joinder by Alliance of Californians for Community Empowerment Action – ECF No. 129.

[6] Mot. – ECF No. 115.

moratoria, and that among other alleged harms, Mr. Williams has had to obtain mortgage forbearance, borrow money from family members, and apply for food stamps in an effort not to lose his property to foreclosure.[7] *Lockyer*, 398 F.3d at 1112 (a stay was unwarranted in part because "[u]nlike the plaintiffs in *CMAX* and *Leyva*, who sought only damages for past harm, the Attorney General seeks injunctive relief against ongoing and future harm").

The defendants contend that a stay will not cause real harm to the plaintiffs because their claims for damages can be addressed later, the County's moratorium will end on April 29, 2023, and the plaintiffs have implicitly conceded a lack of harm by requesting previous stays.[8] But the City moratorium will remain in place. At the hearing, the city's counsel talked about a proposal that will be considered at some point to phase out the moratorium by September, but it has not been presented to the City council yet. The Williams declaration shows a fair possibility of harm resulting from the fact that the moratorium is ongoing. As for the plaintiffs' previous stay requests, they were a strategic decision to focus efforts on the quickest path to success.[9] That path — prioritizing the facial claims and then pursuing interlocutory appeal, if necessary — still enabled the plaintiffs to pursue their claims. Now that the court denied an interlocutory appeal, the calculus changes, and if the plaintiffs were delayed from pursuing their claims in the forum available to them, harm would potentially result.

The defendants also contend that wasted discovery efforts will cause them harm from having to go forward.[10] "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Id.* In any case, it is unclear that the discovery will be wasteful, as explained next.

Second, it would likely be inefficient to stay the cases because the three cases on appeal relate to only some of the claims here, and discovery will likely overlap across the claims here.

---

[7] Williams Decl. – ECF No. 128-2.

[8] Mot. – ECF No. 115 at 5–7; Reply – ECF No. 129 at 3–7.

[9] Opp'n – ECF No. 128 at 6–7.

[10] Mot. – ECF No. 115 at 7.

Of the cases on appeal, the defendants argued only that *El Papel* will simplify the present cases.[11] *El Papel* is relevant only to the physical-takings claim.[12] The other cases on appeal similarly involve limited claims, and they also have standing and justiciability issues. In *Iten*, the district court held only that the plaintiff lacked standing to assert his Contracts Clause claim. *Iten v. Cnty. of Los Angeles*, No. CV2100486DDPJEMX, 2022 WL 1127880, at *4 (C.D. Cal. Apr. 15, 2022). *Jevons* concerns only takings and Contracts Clause claims. Opening Br., *Jevons*, No. 22-35050 (9th Cir. June 24, 2022), ECF No. 10 at 25–26 (pp. 15–16). The appellees there also argue mootness. Answering Br., *Jevons*, No. 22-35050 (9th Cir. June 24, 2022), ECF No. 17 at 15 (p. 3).

In the present cases, there are a variety of claims, discovery has not yet started, and discovery will likely overlap across claims. Thus, a stay would probably create inefficiency by delaying discovery that is inevitable. The court therefore denies the motion to stay and lifts the existing stay.

## CONCLUSION

The court denies the defendants' motions to stay. This resolves ECF Nos. 115 (No. 22-cv-01274-LB) and 57 (No. 22-cv-02705-LB).

**IT IS SO ORDERED.**

Dated: April 7, 2023

LAUREL BEELER
United States Magistrate Judge

---

[11] *Id.* at 7–8.

[12] Order – ECF No. 113 at 11.