1    ANDREW M. ZACKS (SBN 147794)
2    EMILY L. BROUGH (SBN 284943)
     ZACKS & FREEDMAN, PC
3    1970 Broadway, Suite 1270
     Oakland, CA 94612
4    Tel: (510) 469-0555
     az@zfplaw.com
5    emily@zfplaw.com

6    PACIFIC LEGAL FOUNDATION
     JONATHAN M. HOUGHTON (N.J. Bar No. 369652021)
7    3100 Clarendon Blvd., Suite 1000
     Arlington, VA 22201
8    BRIAN T. HODGES (Wash. Bar No. 31976)
     1425 Broadway, #429
9    Seattle, WA 98112
     Telephone: (916) 419-7111
10   JHoughton@pacificlegal.org
     BHodges@pacificlegal.org
11

12   *Attorneys for all Plaintiffs and Petitioners, John Williams, et al.*

13
              **UNITED STATES DISTRICT COURT**
14            **NORTHERN DISTRICT OF CALIFORNIA**

15

16   JOHN WILLIAMS, et. al,                Case Number:  3:22-cv-01274-LB Case No.:
                                           3:22-cv-02705-LB (related)
17            Plaintiffs and Petitioners,
                                           **PLAINTIFFS' NOTICE OF MOTION
18        vs.                              AND MOTION TO DISMISS
                                           INTERVENOR OR IN THE
19                                         ALTERNATIVE TO IMPOSE
                                           CONDITIONS; MEMORANDUM IN
20   ALAMEDA COUNTY, ALAMEDA               SUPPORT**
     COUNTY BOARD OF SUPERVISORS,
21   CITY OF OAKLAND, OAKLAND CITY         **(FRCP Rule 12(b)(1))**
     COUNCIL and DOES 1-10,
22
                                           Date:  February 1, 2024
23            Defendants and Respondents,  Time: 9:30 a.m.
                                           Place: Courtroom B
24                                                450 Golden Gate Avenue
     ALLIANCE OF CALIFORNIANS FOR                 San Francisco, CA
25   COMMUNITY EMPOWERMENT ACTION,         Judge: Hon. Laurel Beeler
26
              Defendant-Intervenor         Action Filed: March 1, 2022
27                                         Trial Date:    None set
28

*Left margin (vertical text):* ZACKS & FREEDMAN, PC  1970 BROADWAY, SUITE 1270  OAKLAND, CA 94612

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................3

II.  STATEMENT OF ISSUES ........................................................................................4

III. BRIEF STATEMENT OF FACTS AND PROCEDURAL POSTURE.........................4

IV. ARGUMENT .............................................................................................................6

    A.  Legal Standard .................................................................................................6

    B.  Intervener No Longer Has Article III Standing and Does Not Meet the Standard
        for Intervention of Right .....................................................................................7

        1.  Intervener No Longer Has Article III Standing or a Significantly Protectable
            Interest to Remain a Party to This Action........................................................8

        2.  Even if Intervenor Had a Significantly Protectable Interest in This Action, the
            Defendant Government Adequately Represents That Interest .........................9

    C.  Intervener No Longer Has Prudential Standing or Meets the Standard for
        Permissive Intervention ....................................................................................11

    D.  Alternatively, If Intervenor is Permitted to Stay in this Case, Conditions Should be
        Imposed Which Limit the Scope of Intervention ...................................................13

V.  CONCLUSION..........................................................................................................13

**ZACKS & FREEDMAN, PC**
1970 BROADWAY, SUITE 1270
OAKLAND, CA 94612

1

## TABLE OF AUTHORITIES

2

**Cases**

3   *Arakaki v. Cayetano* 324 F.3d 1078 (9th Cir. 2003)....................................................8, 10, 11

4   *California ex rel. Lockyer v. U.S.* 450 F.3d 436 (9th Cir. 2006) .................................................10

5   *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013 (9th Cir. 2022) ......7, 10

6   *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115 (9th Cir. 2010) .............................6

7   *Department of Fair Employment & Housing v. Lucent Technologies, Inc.*,

8       642 F.3d 728 (9th Cir. 2011) .................................................................................10, 13

9   *Deus v. Allstate Ins. Co.*  15 F.3d 506 (5th Cir. 1994) ...............................................................12

10  *Deutsche Bank Nat. Tr. Co. v. F.D.I.C.*, 717 F.3d 189 (D.C. Cir. 2013).......................7, 8 11, 12

11  *Diamond v. Charles* 476 U.S. 54 (1986) ...............................................................................8, 9

12  *Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998) .............................................................8, 12

13  *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836 (9th Cir. 2011)  ...........7, 10, 11

14  *Greene v. United States*, 996 F.2d 973 (9th Cir. 1993) ...........................................................8, 9

15  *Howard v. McLucas*, 782 F.2d 956 (11th Cir.1986).................................................................13

16  *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297 (9th Cir. 1997)..............10

17  *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ............................................................7, 8

18  *ManaSota-88, Inc. v. Tidwell* 896 F.2d 1318 (11th Cir. 1990)................................................12

19  *Mashiri v. Department of Ed.* 724 F.3d 1028 (9th Cir. 2013) ...................................................7

20  *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452 (5th Cir. 1984)........12

21  *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603 (9th Cir. 2020) ..10

22  *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947 (2009) ........................................7, 10

23  *South Bend Community School Corp.*, 95 F.R.D. 407 (N.D. Ind. 1982) ...................................12

24  *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326 (9th Cir. 1977) ................................12

25  *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433 (2017)  ...............................................7

26  *Tri-State Generation & Transmission Ass'n, Inc. v. New Mexico Pub. Regulation Comm'n*

27      787 F.3d 1068 (10th Cir. 2015) ......................................................................................7, 12

28

ZACKS & FREEDMAN, PC
1970 BROADWAY, SUITE 1270
OAKLAND, CA 94612

*U.S. v. AVX Corp.,* 962 F.2d 108 (1st Cir. 1992)................................................................7

*United States v. Alisal Water Corp.* 370 F.3d 915 (9th Cir. 2004) ...................................8

*United States v. SCRAP,* 412 U.S. 669 (1973) ................................................................8

*United States v. South Florida Water Mgmt. Dist.* 922 F.2d 704 (11th Cir. 1991) ................13

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) ........................7

*Wittman v. Personhuballah*, 578 US 539 (2016) ........................................................7

**State Statutes**

Cal. Code Civ. Proc. § 871.10 ........................................................................9

**Federal Statutes**

Fed. Rules of Civ. Proc.§ 12(b)(1)........................................................1, 4, 6

Fed. Rules of Civ. Proc. § 24 ........................................................4, 7, 11

Fed. Rules of Civ. Proc. § 24(a)(2) ................................................................7

Fed. Rules of Civ. Proc. § 24(b) ................................................................12

Fed. Rules of Civ. Proc. § 24(b)(2).............................................................12

**Constitutional Provisions**

Cal. Const. Art. I, § 19 ........................................................................5

U.S. Const. Amend. V ........................................................................5

U.S. Const. Art. III................................................................4, 7, 8

**Other Authorities**

Alameda Co. Codes & Ords. § 6.120.030.............................................................5

ZACKS & FREEDMAN, PC
1970 BROADWAY, SUITE 1270
OAKLAND, CA 94612

**ZACKS & FREEDMAN, PC**
1970 BROADWAY, SUITE 1270
OAKLAND, CA 94612

1

## NOTICE AND MOTION

2      Plaintiffs John Williams,   Robert Vogel, Sheanna Rogers, Michael Loeb, Jaqueline

3  Watson-Baker, Hannah Kirk, Ami Shah, Avinish Jha, William Rosetti, Madeleen Rosetti,

4  Normand Groleau, Michelle Groleau, Housing Providers of America, 3900 Adeline, LLC, Hollis

5  Street Partners, LLC, Vulcan Lofts, LLC, 1614 Campbell Street DEL, LLC, 3014 Chapman DEL,

6  LLC, B3 Lofts DEL, LLC, Bakery Lofts DEL, LLC, Exchange Studios DEL, LLC, Madison Park

7  Properties II DEL, LLC, P&D 23rd Avenue Associates DEL, LLC, P&D 46th St. Associates DEL,

8  LLC, Sears Lofts DEL, LLC, 301 Lenox, LLC, 2228 Union Street Investors, LP, J & R Land &

9  Cattle LP, J & R Land & Cattle II LP, Westpark Apartments, LLC, Westpark II, GP, 685 Scofield,

10  LLC, 296 Mather Street, LLC, BayOak Properties, LLC, Burling Street Properties, LLC, Rising

11  Tide Properties, LLC, Oakland Point Properties, LLC, Truckee Zurich Place, LLC, 18th & Linden,

12  LLC, 220 Grand Investors, LLC, 818 East 20th Street Oakland, LLC, 1130 30th Street, LP, 1701-

13  1703 36th Avenue Oakland, LLC, 1732-1744 27th Avenue, LP, 1844 7th Avenue 2013, LLC, 2000

14  Linden Street, LLC, 2019 ABD Ozone Fund, LP, 2367 Washington, LLC, 2531 East 16th Street,

15  LP, 2701 High Street, LP, ABD Suites, LP, 301 Hannah Park, LP, Oakbrook Partners, LP  Riaz

16  Capital Ozone Fund III, LP, Riaz Taplin, trustee of The A.R.T. Trust, 1715 FFT, LLC, 1830 6th

17  Ave Oakland, LLC (collectively "Williams Plaintiffs"), will and hereby do move the Court to

18  dismiss intervenor-defendant Alliance of Californians for Community Empowerment Action

19  ("Intervenor") from this litigation, pursuant to Federal Rules of Civil Procedure Rule 12(b)(1),

20  for lack of subject matter jurisdiction, and/or because Intervenor no longer meets the standard for

21  either permissive or intervention as right under Federal Rules of Civil Procedure Rule 24.  This

22  motion will be heard at 9:30 a.m. on February 1, 2024 by the Honorable Laurel Beeler in the

23  Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, Courtroom

24  13, 19th Floor, San Francisco, CA 94102.

25      This motion is made pursuant to Rules 12(b)(1) and 24 of the Federal Rules of Civil

26  Procedure, and is based upon the Memorandum of Points and Authorities set forth below and the

27  Request for Judicial Notice filed concurrently herewith.  The Williams Plaintiffs seek dismissal

28

of Intervenor from this action on the basis that Intervenor no longer has Article III standing or prudential standing and/or no longer meets the standard for intervention, either permissively or by right under Federal Rule of Civil Procedure Rule 24.

Dated: November 10, 2023

ZACKS & FREEDMAN, PC

_/s/ Emily L. Brough_
ANDREW M. ZACKS (SBN 147794)
EMILY L. BROUGH (SBN 284943)
1970 Broadway, Suite 1270
Oakland, CA 94612
Tel: (510) 469-0555
az@zfplaw.com
emily@zfplaw.com

Attorneys for Williams Plaintiffs

PACIFIC LEGAL FOUNDATION

_/s/ Jonathan M. Houghton_
JONATHAN M. HOUGHTON
(N.J. Bar No. 369652021)
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
BRIAN T. HODGES (Wash. Bar No. 31976)
1425 Broadway, #429
Seattle, WA 98112
Telephone: (916) 419-7111
JHoughton@pacificlegal.org
BHodges@pacificlegal.org

Attorneys for Williams Plaintiffs

ZACKS & FREEDMAN, PC
1970 BROADWAY, SUITE 1270
OAKLAND, CA 94612

## I.   INTRODUCTION

This case pertains to challenges to the blanket eviction moratoria imposed by Defendants Alameda County ("COUNTY") and the City of Oakland ("CITY") in early 2020 in response to the COVID-19 pandemic (the "Moratoria").  From March 2020 through the better part of 2023, the Defendants' eviction bans prohibited most all evictions throughout Defendants' jurisdictions. The Moratoria have finally come to an end, and renters are again required to meet their contractual obligations to pay rent to remain in possession of housing providers' properties.  However, the damage has already been done; Plaintiffs have lost millions of dollars in unpaid rents, in government-sanctioned property damage, and in overall property values as a result of the three-plus years the Moratoria were imposed.  Therefore, while Plaintiffs' effort to end the Moratoria is no longer relevant in this action given the Moratoria's expiration, Plaintiffs continue to seek damages against the COUNTY and CITY for, among other things, what Plaintiffs believe is a clear taking of their private properties for public use, without payment of just compensation.

Given that the Moratoria are no longer in place, intervenor Alliance of Californians for Community Empowerment Action ("Intervenor"), which is a self-described association that represents the interests of renters who benefitted from the now-expired Moratoria, no longer has standing to remain in this action for damages against the government.  Indeed, if anything, Intervenors should be aligned with Plaintiffs' efforts to recoup damages from the CITY and COUNTY, given that relief in Plaintiffs favor might lessen Plaintiffs' financial need to also seek recoupment from nonpaying renters.  Intervenor's interest in Plaintiffs' writ cause of action is also too attenuated to maintain standing in this action, and in any event, the CITY and COUNTY will sufficiently protect any such interest of Intervenor.  Finally, permitting Intervenor to continue to participate in this litigation now that the Moratoria have expired will significantly and unduly delay and clog these proceedings.  Thus, the Court should dismiss Intervenor.

Alternatively, should the Court find that Intervenor has some tangible interest sufficient to maintain standing in this action, the Court should severely curb Intervenor's participation, and prohibit Intervenor from conducting any discovery or motion practice on Plaintiffs' damages

ZACKS & FREEDMAN, PC
1970 BROADWAY, SUITE 1270
OAKLAND, CA 94612

claims against the government, and only permit Intervenor to file a joinder in the CITY and COUNTY's defense of Plaintiffs' writ cause of action.

## II.    STATEMENT OF ISSUES

This motion to dismiss under Rules 12(b)(1) and 24 of the Federal Rules of Civil Procedure addresses (1) whether Intervenor continues to have Article III standing and/or meets the elements of intervention of right so as to remain as a party to this action; and (2) whether Intervenor meets prudential standing criteria and/or the elements of permissive intervention so as to remain as a party to this action.

## III.    BRIEF STATEMENT OF FACTS AND PROCEDURAL POSTURE

This case was filed on March 1, 2022, when the Moratoria were still in place. Shortly after this action was filed, Intervenor, who represents tenants in Defendants' jurisdictions who availed themselves of the Moratoria's' protections, sought to intervene in this matter to defend Plaintiffs' attempt to terminate the Moratoria.   Request for Judicial Notice in Support of Plaintiffs' Motion to Dismiss ACCE ("RJN") Ex. A.   Because Plaintiffs understood that Intervenor's renter constituents had a direct interest in keeping the Moratoria intact so as to continue to benefit from those broad eviction prohibitions, Plaintiff stipulated to Intervenor intervening as a defendant in this action.

After Intervenor joined as defendant, Plaintiffs filed their bifurcated motion for summary judgment on July 18, 2022, in which Plaintiffs requested the Court strike the Moratoria down as facially invalid under both federal and state law principles.   The Court denied the bifurcated motion for summary judgment on November 22, 2022, upholding the Moratoria.

Plaintiffs then moved to certify the Court's denial of the motion for summary judgment for immediate appeal to the Ninth Circuit.   That motion was heard on February 9, 2023, and denied on February 24, 2023.   On March 10, 2023, Defendants filed a motion for a stay of these proceedings.   That motion was denied on April 7, 2023.

ZACKS & FREEDMAN, PC
1970 BROADWAY, SUITE 1270
OAKLAND, CA 94612

ZACKS & FREEDMAN, PC
1970 BROADWAY, SUITE 1270
OAKLAND, CA 94612

Meanwhile, COUNTY and the CITY finally ended their Moratoria after over three long years. The COUNTY rescinded its local emergency on February 28, 2023, and accordingly, the COUNTY's moratorium expired on April 29, 2023. See, ACCO § 6.120.030. On May 2, 2023, the CITY enacted Ordinance No. 23-0216 ("Phase Out Ordinance"), which provided that the CITY's moratorium would end on July 15, 0223.

Given that the Moratoria had finally ended, Plaintiffs sought leave to amend and supplement their complaint in the action, which was granted by the Court on September 14, 2023. (Docket No. 78.) Plaintiffs thereafter filed their amended and supplemental pleading on September 20, 2023. Ex. B to RJN. The amendments predominantly added new plaintiffs who have collectively suffered millions of dollars in damages as a result of the Moratoria. *Id.* at ¶¶ 14-20, 22-66, 90-95. The pleading also added facts related to the Moratoria's expiration, as well as challenges several new just cause provisions of the CITY's Phase Out Ordinance. *Id.* at ¶¶ 78, 80, 117.

Because the Court previously denied Plaintiffs' facial challenge to the Moratoria,[1] and the Moratoria have now been rescinded, the matters left for Plaintiffs to litigate in this district court are as follows:

1st Claim for Violation of the 5th Amendment of the US Constitution: Whether **the now-expired Moratoria**, and as sanctioned by the Phase Out Ordinance, constitutes a taking of property without just compensation in violation of the 5th Amendment of the U.S. Constitution as applied to each individual Plaintiff herein; **and if so, the measure of damages owed to each individual Plaintiff by the CITY and COUNTY**.

2nd Claim for Inverse Condemnation: Whether **the now-expired Moratoria**, and as sanctioned by the Phase Out Ordinance, constitutes a taking of property without just compensation in violation of Article I, Section 19 of the California Constitution as applied to each

---

[1] These facial claims were realleged in the amended and supplemental pleading to preserve the issues for appeal.

individual Plaintiff herein; **and if so, the measure of damages owed to each individual Plaintiff by the CITY and COUNTY**.

3rd Claim for Violation of Substantive and Procedural Due Process:  Whether **the now-expired Moratoria**, and as sanctioned by the Phase Out Ordinance, were arbitrarily and irrationally imposed by Defendants and deprived Plaintiffs of any process in violation of the U.S. Constitution as applied to each individual Plaintiff herein**; and if so, the measure of damages owed to each individual Plaintiff by the CITY and COUNTY**.

4th Claim for Violation of Equal Protection:  Whether the CITY and COUNTY Defendants unlawfully singled out Plaintiffs via **the now-expired Moratoria**, and as sanctioned by the Phase Out Ordinance, in violation of the U.S. Constitution**; and if so, the measure of damages owed to each individual Plaintiff by the CITY and COUNTY**.

5th Claim for Writ of Mandate:  Whether the Phase Out Ordinance's amendments to the just cause provisions of the CITY municipal code violate state and federal law.  Ex. B to RJN.

In short, now that the Moratoria have ended, Plaintiffs predominantly seek damages against the CITY and COUNTY for the three-plus years they've suffered.  Because the Moratoria have expired and Plaintiffs simply seek to be made whole by Defendants, Intervenor no longer has standing, which is jurisdictionally required to remain a party to this case.  Moreover, Intervenor's participation will only unnecessarily delay and clog the litigation moving forward.  As detailed below, Intervenor should be dismissed, or in the alternative, permitted only to file a joinder to the CITY and COUNTY's opposition brief to the writ cause of action.

## IV.    ARGUMENT
### A.  Legal Standard.

Allowing a party to intervene in a lawsuit, either permissively or by right, requires a court to consider whether the party meets the doctrine of "standing," amongst other principles.  A Court must dismiss a party under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction when they do not have standing.  FRCP Rule 12(b)(1); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  The need to satisfy the standing requirements

"persists throughout the life of the lawsuit." *Wittman v. Personhuballah*, 578 US 539, 543-544 (2016) [Intervenor lost standing on appeal].   "Subject matter jurisdiction can never be forfeited or waived, and federal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists." *Mashiri v. Department of Ed*. 724 F.3d 1028, 1031 (9th Cir. 2013).   Similarly, intervention is improper when the party lacks standing and otherwise cannot meet the criteria under FRCP Rule 24, or that party's participation in the case will unnecessarily delay and interfere with the litigation.  See, e.g. *Deutsche Bank Nat. Tr. Co. v. F.D.I.C.,* 717 F.3d 189, 193 (D.C. Cir. 2013); *Tri-State Generation & Transmission Ass'n, Inc. v. New Mexico Pub. Regulation Comm'n* 787 F.3d 1068, 1074-1075 (10th Cir. 2015).

### B.  Intervenor No Longer Has Article III Standing and Does Not Meet the Standard for Intervention of Right.

Intervention "of right" requires constitutional standing (Article III).   *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1020 (9th Cir. 2022), citing *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011); also see, FRCP 24(a)(2); *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017) ["For all relief sought, there must be a litigant with standing, whether that litigant joins the lawsuit as a plaintiff, a coplaintiff, or an intervenor of right."].   A defect in standing may not be waived and must be raised "whenever it becomes apparent." *U.S. v. AVX Corp.,* 962 F.2d 108, 116 n. 7 (1st Cir. 1992). Moreover, a party seeking to establish intervention of right either must have that right conferred by a federal statue or the party must have a "significantly protectable interest" and "be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and . . . the applicant's interest must be inadequately represented by the parties to the action."   *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) [Inter. quot. and cit. omit.].   The applicant bears the burden of showing each of these factors. *Lujan*, 504 U.S. at 561; *Perry v. Proposition 8 Official Proponents,* 587 F.3d 947, 950 (2009). "In evaluating whether these requirements [for intervention of right] are met, courts "are guided

ZACKS & FREEDMAN, PC
1970 BROADWAY, SUITE 1270
OAKLAND, CA 94612

ZACKS & FREEDMAN, PC
1970 BROADWAY, SUITE 1270
OAKLAND, CA 94612

primarily by practical and equitable considerations." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

### 1. Intervenor No Longer Has Article III Standing or a Significantly Protectable Interest to Remain a Party to This Action.

As for the "protectable interest" factor, an intervenor applicant must show a protectible interest of sufficient magnitude to warrant intervention. That is, an interest is only "significantly protectible" when the resolution of a plaintiff's claims will *actually affect* the intervenor. *Arakaki v. Cayetano* 324 F.3d 1078, 1084 (9th Cir. 2003)*; Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993); *Donnelly*, 159 F.3d at 409. The interest "must be related to the underlying subject matter of the litigation," and an interest that merely could be "impacted" by the outcome of the litigation is not sufficient to intervene "of right." *United States v. Alisal Water Corp.* 370 F.3d 915, 920 & fn. 3 (9th Cir. 2004). "To hold otherwise would create a slippery slope where anyone with an interest in the property of a party to a lawsuit could bootstrap that stake into an interest in the litigation itself." *Ibid.* Similarly, to suffer a judicially cognizable "injury in fact" for purpose of Article III stranding, an intervenor must have a "direct stake in the outcome of a litigation" rather than "a mere interest in the problem." *Diamond v. Charles,* 476 U.S. 54, 66–67 (1986) (quoting *United States v. SCRAP,* 412 U.S. 669, 689 n. 14 (1973)); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992).

In *Greene*, for example, the Tulalip Tribe sought to intervene as defendant in an action between the Samish Tribe and the U.S. government, where the Samish Tribe plaintiff sought federal recognition. *Greene*, 996 F.2d at 975. The Tulalip tribe argued that federal recognition of the Samish Tribe would negatively impact them because it would lead to dilution of treaty fishing rights. *Id.* While recognizing that the two inquiries were "similar," the Court found that "each determination serves a different legal purpose and has an independent legal effect," and therefore the Tulalip Tribe did not present a "protectable interest to warrant intervention." *Id.* at 975-977; also see, *Deutsche Bank Nat. Tr. Co.,* 717 F.3d at 193 [No standing when intervenor

cannot show their "interest faces an imminent, threatened invasion—i.e., one that is not conjectural or speculative"].

Here, there is even more of a disparity between any defense of Intervenor and the government defendants at this point in the action.  The Moratoria have expired, and therefore so has any interest of Intervenor in defending the Moratoria's legitimacy.  In four out of the five of Plaintiffs' claims in this action, Plaintiffs solely seek damages against the CITY and COUNTY for the imposition of the three-plus year Moratoria.  Intervenor cannot show how it possibly has a significantly protectable interest in defending these damages claims against the government.  Intervenor will likely argue that a finding in Plaintiffs favor could result in the CITY and COUNTY being more cautious about its future legislative enactments.  But like in *Greene*, any such purported interest is far too attenuated to warrant a "significantly protectable interest."  Similarly, Intervenor cannot show a "direct stake in the outcome" of the damages claims against the CITY and COUNTY as opposed to simply "a mere interest in the problem." *Diamond,* 476 U.S. at 66–67; also see, *Deutsche Bank Nat. Tr. Co.,* 717 F.3d at 193.  If anything, Intervenor should be supporting Plaintiffs, as a finding in Plaintiffs' favor could indirectly benefit renters that are otherwise liable for damages to Plaintiffs. See, Cal. Code Civ. Proc. § 871.10.

As for the writ cause of action against the Phase Out Ordinance, any interest of Intervenor is highly attenuated, as the actual enforcement of these provisions are going to range dramatically based upon the facts of any renters' situation.  Moreover, as detailed below, even if Intervenor had a "significantly protectable interest" in defending the Phase Out Ordinance, the CITY and COUNTY will adequately represent that interest, and Intervenor is not able to make the necessary "compelling" showing to the contrary.

### 2. Even if Intervenor Had a Significantly Protectable Interest in This Action, the Defendant Government Adequately Represents That Interest.

As for whether a present party adequately represents the interests of an intervenor, three factors are considered:

Zacks & Freedman, PC
1970 Broadway, Suite 1270
Oakland, CA 94612

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Callahan v. Brookdale Senior Living Communities Inc.,* 42 F.4th at 1020, quoting *Arakaki*, 324 F.3d at 1086; also see *Freedom from Religion Found.*, 644 F.3d at 841; *Blake v. Pallan*, 554 F.2d 947, 955 (9th Cir. 1977).  "Where the party and the proposed intervenor share the same 'ultimate objective,' a presumption of adequacy of representation applies," and a "*compelling* showing" is required to rebut that presumption. *Perry* 587 F.3d at 951  (quoting *Arakaki,* 324 F.3d at 1086) emph add.  This is especially so when the would-be intervenor shares the same interest as a government entity.  *Arakaki,* 324 F.3d at 1086 [absent a "very *compelling* showing to the contrary," it's presumed that the government entity adequately represents the intervenor.]; *Department of Fair Employment & Housing v. Lucent Technologies, Inc.*, 642 F.3d 728, 740-741 (9th Cir. 2011); *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603 (9th Cir. 2020); *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297 (9th Cir. 1997).

For example, in *Freedom from Religion Foundation*, that organization sued California and U.S. government officials for permitting religious establishments certain state and federal tax exemptions, on the basis that it violated the California and U.S. Constitutions.  After the complaint was filed, California pastors, who regularly claimed these exemptions, moved to intervene in the action.  The court denied intervention of right on the basis that the governments and the intervenor applicants "have the same ultimate objective" which was to "uphold the challenged statutes," and therefore the strong presumption of adequacy applied.  Moreover, the pastors failed to rebut this presumption with the necessary "compelling showing to the contrary."  While the pastors in part feared that the government may argue too "narrow" of a construction of the challenged status, the court held that " 'just because the government theoretically may offer a limiting construction of a statute that is narrower than that of a party proposing intervention does not mean that the party has overcome the presumption of adequacy of representation.' " *Id.* at 842, quoting *California ex rel. Lockyer v. U.S.* 450 F.3d 436, 444 (9th Cir. 2006).

ZACKS & FREEDMAN, PC
1970 BROADWAY, SUITE 1270
OAKLAND, CA 94612

ZACKS & FREEDMAN, PC
1970 BROADWAY, SUITE 1270
OAKLAND, CA 94612

1    Even if Intervenor did have standing or a significantly protectable interest in Plaintiffs'

2  damages and writ action against the CITY and COUNTY, any such interest is protected. The

3  government defendants will make the same arguments as Intervenor, are clearly capable of doing

4  so, and Intervenor would not introduce any important element that the CITY and COUNTY might

5  not.  Moreover, a "very compelling showing" to the contrary is required to rebut the presumption

6  that the government will adequately represent Intervenors' interest.  *Arakaki,* 324 F.3d at

7  1086.  Intervenor will be unable to make this compelling showing now that the Moratoria have

8  expired.  And, even if the CITY were to argue a different construction of the Phase Out Ordinance

9  than Intervenor, this possibility does not rise to the level of showing necessary to overcome the

10  presumption that the government defendants will adequately represent Intervenor's interest.

11  *Freedom from Religion Found.*, 644 F.3d at 841.  Thus, the Court should dismiss Intervenor from

12  this action.

**C. Intervenor No Longer Has Prudential Standing or Meets the Standard for Permissive Intervention.**

14    While Article III standing is not required for permissive intervention, prudential standing

15  concerns are still considered as part of the analysis. *Deutsche Bank Nat. Tr. Co.,* 717 F.3d at 191

16  ["Rule 24 and standing requirements are similar . . . ."]  Permissive intervention and prudential

17  standing concerns are similar in that permissive intervention may only be permitted when there

18  is "a common question of law and fact between the movant's claim or defense and the main

19  action."  *Freedom from Religion Found, Inc.*, 644 F.3d at 843 quoting *Beckman Indus., Inc. v.*

20  *Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992); see, *Deutsche Bank Nat. Tr. Co.,* 717 F.3d at

21  194.  Even if a court determines initial conditions for permissive intervention are met, it may

22  nonetheless consider other factors in making its discretionary decision on the issue of permissive

23  intervention, such as:

> [T]he nature and extent of the intervenors' interest, their standing to raise relevant
> legal issues, the legal position they seek to advance, and its probable relation to
> the merits of the case. The court may also consider whether changes have
> occurred in the litigation so that intervention that was once denied should be
> reexamined, whether the intervenors' interests are adequately represented by

other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (footnotes omitted).

Importantly, permissive intervention must not "unduly delay or prejudice the adjudication of the original parties' rights." FRCP 24(b); also see, *Deus v. Allstate Ins. Co.* 15 F.3d 506, 525 (5th Cir. 1994) [permissive intervention rule is "not intended to allow the creation of *whole new lawsuits* by the intervenors."]; *ManaSota-88, Inc. v. Tidwell* (11th Cir. 1990) 896 F.2d 1318, 1323 [denied because intervenors would interject numerous new issues into the case, delaying important suit]; *Tri-State Generation & Transmission Ass'n,* 787 F.3d at 1074-1075; *Donnelly*, 159 F.3d at 412; *South Bend Community School Corp.*, 95 F.R.D. 407, 411 (N.D. Ind. 1982) ["Rule 24(b)(2) requires the court to exercise its discretion in light of potential delay and prejudice to the existing parties"]..

As detailed above, Intervenor has zero to little interest in the claims left at issue in this action. *Deutsche Bank Nat. Tr. Co.*, 717 F.3d at 194 [prudential standing doctrine prohibits "seeking to enforce the rights of third parties."]. Even if there was a "common question of law or fact" between Intervenors defense and the main action, permissive intervention should be denied due to the CITY and COUNTY adequately representing any remaining interest of Intervenor. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 472 (5th Cir. 1984)[ Permissive intervention is not as appropriate if the applicant's interests are adequately represented by existing parties]. Moreover, permitting Intervenor to continue to participate in the narrowed litigation would prejudice Plaintiffs by allowing Intervenors to conduct discovery and file motions on damages issues against the government that Intervenor has no standing to defend in the first place. See, *Tri-State Generation & Transmission Ass'n,* 787 F.3d at 1074-1075 [intervention would burden parties with additional discovery and government defendant would adequately represent proposed intervenors' interests as it was obligated to defend the constitutionality of its own statute]. Thus, because Intervenor can no longer meet the standard

ZACKS & FREEDMAN, PC
1970 BROADWAY, SUITE 1270
OAKLAND, CA 94612

for permissive intervention, and its continued participation would overly burden this litigation, the Court should dismiss Intervenor from the action.

### D. Alternatively, If Intervenor is Permitted to Stay in this Case, Conditions Should be Imposed Which Limit the Scope of Intervention.

Even if standing for intervention is met, a court can exercise its discretion to limit intervention to only certain matters.  See, *Department of Fair Employment & Housing*, 642 F.3d at 741; *United States v. City of Detroit* 712 F3d 925, 931 (6th Cir. 2013) ["Intervention of right . . . may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings"].  Indeed, an intervenor "may have a sufficient interest for some issues in a case but not others, and the court may limit intervention accordingly."  *United States v. South Florida Water Mgmt. Dist.*  922 F.2d 704, 707 (11th Cir. 1991) (citing *Howard v. McLucas,* 782 F.2d 956, 960–61 (11th Cir.1986) [restricting intervenors to participation in the single, remedial issue for which they had "standing"].).

If the Court determines that Intervenor should remain a defendant in this action, it should significantly circumscribe the scope of intervention, and only permit Intervenor to join in on the CITY and COUNTY's opposition briefing to Plaintiffs' writ cause of action (5th claim).  The Court should prohibit Intervenor from conducting any discovery in this action whatsoever, from filing any "duplicative motions or oppositions" (*Department of Fair Employment & Housing*, 642 F.3d at 741) and from challenging any aspect of Plaintiffs' first four claims for damages against the CITY and COUNTY given Intervenor's lack of standing or protectable interest in those matters (*Howard,* 782 F.2d at 960–61).

## V.    CONCLUSION

Pursuant to the above, the Court should dismiss Intervenor from this action due to lack of standing, or in the alternative, only permit Intervenor to join in on the CITY and COUNTY's opposition brief to the writ cause of action.

Respectfully submitted,

Dated: November 10, 2023

ZACKS & FREEDMAN, PC

 _/s/ Emily L. Brough_
ANDREW M. ZACKS (SBN 147794)
EMILY L. BROUGH (SBN 284943)
1970 Broadway, Suite 1270
Oakland, CA 94612
Tel: (510) 469-0555
az@zfplaw.com
emily@zfplaw.com

PACIFIC LEGAL FOUNDATION

 _/s/ Jonathan M. Houghton_
JONATHAN M. HOUGHTON
(N.J. Bar No. 369652021)
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
BRIAN T. HODGES (Wash. Bar No. 31976)
1425 Broadway, #429
Seattle, WA 98112
Telephone: (916) 419-7111
JHoughton@pacificlegal.org
BHodges@pacificlegal.org

**ZACKS & FREEDMAN, PC**
1970 BROADWAY, SUITE 1270
OAKLAND, CA 94612

1

**PROOF OF SERVICE**

United States District Court—Northern District of California- Case No.: 3:22-cv-01274-LB
Case No.: 3:22-cv-02705-LB (related)

2

3

I, Valeria Bentorkia-Moran, declare that:

4

I am employed in the County of San Francisco, State of California. I am over the age of 18,

5

and am not a party to this action.  My business address is 601 Montgomery Street, Suite 400,
San Francisco, California 94111.

6

7

On November 10, 2023, I served:

8

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO DISMISS INTERVENOR
OR IN THE ALTERNATIVE TO IMPOSE CONDITIONS; MEMORANDUM IN
SUPPORT (FRCP Rule 12(b)(1))**

9

10

in said cause addressed as follows:

11

| | |
|---|---|
| PACIFIC LEGAL FOUNDATION<br>JONATHAN HOUGHTON (NJ Bar No. 369652021)<br>3100 Clarendon Blvd., Suite 610<br>Arlington, VA 22201<br>BRIAN HODGES (WA Bar No. 31976)<br>SAM SPIEGELMAN (NY Bar No. 5573100)<br>255 South King Street, Suite 800<br>Seattle, WA 98104<br>Email: JHoughton@pacificlegal.org<br>Email: BHodges@pacificlegal.org<br>Email: SSpiegelman@pacificlegal.org<br>*Attorney for John Williams, Robert Vogel, Sheanna Rogers, Michael Loeb, Jacqueline Watson-Baker, Housing Providers of America* | MARC SELTZER<br>KRYSTA K. PACHMAN<br>GLENN C. BRIDGMAN<br>NICHOLAS N. SPEAR<br>SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067-6029<br>Email: mseltzer@susmangodfrey.com<br>Email: kpachman@susmangodfrey.com<br>Email: gbridgman@susmangodfrey.com<br>Email: nspear@susmangodfrey.com<br>*Attorneys for Intervenor-Defendant Alliance of Californians for Community Empowerment Action* |
| MATTHEW D. ZINN<br>EDWARD T. SCHEXNAYDER<br>MINDY K. JIAN<br>SHUTE, MIHALY & WEINBERGER LLP<br>396 Hayes Street<br>San Francisco, CA 94102<br>Email: Zinn@smwlaw.com<br>Email: Schexnayder@smwlaw.com<br>Email: mjian@smwlaw.com<br>*Attorney for Alameda County and Alameda County Board of Supervisors* | BARBARA J. PARKER<br>MARIA BEE<br>ALLISON EHLERT<br>One Frank H. Ogawa Plaza, 6th Floor<br>Oakland, CA 94612<br>E-Mail:aehlert@oaklandcityattorney.org<br>*Attorney for City of Oakland and Oakland City Council* |

CHRISTOPHER E. SKINNELL
HILARY J. GIBSON
NIELSEN MERKSAMER
PARRINELLO GROSS & LEONI LLP
2350 Kerner Boulevard, Suite 250
San Rafael, CA 94941
Email: cskinnell@nmgovlaw.com
Email: hgibson@nmgovlaw.com
*Attorneys for Plaintiffs and Petitioners California Apartment Association Stephen Lin, Lakesh and Tripti Jain, Alison Mitchell, Michael Hagerty, H. Alex, Dannie Alvarez*

**/XX/   (BY ELECTRONIC SERVICE)** Based on a court order or an agreement of the parties to accept electronic service, I caused the said document to be served electronically through the CM/ECS System.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on November 10, 2023 at San Francisco, California.

_____
VALERIA BENTORKIA-MORAN

Zacks & Freedman, PC
1970 Broadway, Suite 1270
Oakland, CA 94612