1   MATTHEW D. ZINN (State Bar No. 214587)
    EDWARD T. SCHEXNAYDER (State Bar No. 284494)
2   MINDY K. JIAN (State Bar No. 336139)
    SHUTE, MIHALY & WEINBERGER LLP
3   396 Hayes Street
    San Francisco, California 94102
4   Telephone:   (415) 552-7272
    Facsimile:    (415) 552-5816
5   Zinn@smwlaw.com
    Schexnayder@smwlaw.com
6   Mjian@smwlaw.com

7   Attorneys for Defendants and Respondents
    Alameda County and Alameda County Board of
8   Supervisors

9                    **UNITED STATES DISTRICT COURT**

10     **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

11

12   JOHN WILLIAMS et al.,                        Case No. 3:22-cv-01274-LB
                                                   Case No. 3:22-cv-02705-LB (related)
13              Plaintiffs and Petitioners,
                                                   **COUNTY DEFENDANTS' REPLY IN**
14        v.                                       **SUPPORT OF MOTION TO**
                                                   **DISMISS FIRST AMENDED AND**
15   ALAMEDA COUNTY, ALAMEDA                       **SUPPLEMENTAL COMPLAINT**
     COUNTY BOARD OF SUPERVISORS,
16   CITY OF OAKLAND, OAKLAND CITY                 Date:      February 1, 2024
     COUNCIL, and DOES 1-10,                       Time:      9:30 a.m.
17                                                 Courtroom: Courtroom B, 15th Floor
                Defendants and
18              Respondents,                       Hon. Laurel Beeler

19        v.                                       Action Filed: March 1, 2022
                                                   Trial Date: none set
20   ALLIANCE OF CALIFORNIANS FOR
     COMMUNITY EMPOWERMENT
21   ACTION,

22              Defendant-Intervenor.

23

24

25

26

27

28

---

COUNTY DEFENDANTS' REPLY ISO MOTION TO DISMISS
Case No. 3:22-cv-01274-LB

1

2

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. 3

INTRODUCTION ............................................................................................................... 5

ARGUMENT ...................................................................................................................... 6

    I.    Plaintiffs concede their facial physical takings, procedural due process, and state law claims. ................................................................................. 6

    II.   Plaintiffs' as-applied physical and *Penn Central* takings claims must be dismissed. ......................................................................................................... 6

        A.    Plaintiffs' cursory defense of their as-applied physical takings claim mostly rehashes their unsuccessful motion for summary judgment. ............................................................................................. 6

        B.    Plaintiffs' *Penn Central* allegations are insufficient and must be amended. .......................................................................................... 8

    III.   Plaintiffs' conclusory argument fails to show that the FAC has sufficiently alleged a substantive due process claim. ..................................... 11

    IV.   Plaintiffs cannot defend their equal protection claim. ................................... 12

    V.   The County withdraws its request to dismiss HPOA for lack of standing. ....................................................................................................... 13

CONCLUSION ................................................................................................................. 14

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNTY DEFENDANTS' REPLY ISO MOTION TO DISMISS
Case No. 3:22-cv-01274-LB

1

# TABLE OF AUTHORITIES

2

**FEDERAL CASES**

3

*Apt. Ass'n of Los Angeles Cnty., Inc. v. City of Los Angeles*,
    500 F. Supp. 3d 1088 (C.D. Cal. 2020) ........................................................12

*Apt. Ass'n of Los Angeles Cnty., Inc. v. City of Los Angeles*,
    10 F.4th 905 (9th Cir. 2021) ........................................................12

*Apt. Ass'n of Los Angeles Cnty., Inc. v. City of Los Angeles*,
    142 S. Ct. 1699 (2022) ........................................................12

*Babbit v. Youpee*,
    519 U.S. 234 (1997) ........................................................10

*Baptiste v. Kennealy*,
    490 F. Supp. 3d 353 (D. Mass. 2020) ........................................................9

*Bautista v. Los Angeles County*,
    216 F.3d 837 (9th Cir. 2000) ........................................................8

*Blackburn v. Dare Cnty.*,
    58 F.4th 807 (4th Cir. 2023) ........................................................9, 10

*Buhecker v. Delta Airlines, Inc.*,
    No. 215CV0769LDGVCF, 2016 WL 1643789 (D. Nev. Apr. 25, 2016) ........................8

*CCA Assocs. v. United States*,
    667 F.3d 1239 (Fed. Cir. 2011) ........................................................10

*Colony Cove Properties, LLC v. City of Carson*,
    888 F.3d 445 (9th Cir. 2018) ........................................................9, 10

*El Papel LLC v. City of Seattle*,
    No. 22-35656, 2023 WL 7040314 (9th Cir. Oct. 26, 2023) ........................................7

*Evans Creek, LLC v. City of Reno*,
    No. 21-16620, 2022 WL 14955145 (9th Cir. Oct. 26, 2022) ........................................10

*GHP Mgmt. Corp. v. City of Los Angeles*,
    No. CV 21-06311 DDP (JEMx), 2022 WL 17069822 (C.D. Cal. Nov. 17, 2022) ...........9

*Hodel v. Irving*,
    481 U.S. 704 (1987) ........................................................10

*Hunt v. Wash. State Apple Advertising Comm'n*,
    432 U.S. 333 (1977) ........................................................13

*Johnson v. Riverside Healthcare Sys., LP*,
    534 F.3d 1116 (9th Cir. 2008) ........................................................9

*Keystone Bituminous Coal Ass'n v. DeBenedictis*,
    480 U.S. 470 (1987) ........................................................9

3

*Laborers Int'l Union Local 261 v. City & Cnty. of San Francisco,*
    No. 22-cv-02215-LB, 2022 WL 2528602 (N.D. Cal. Jul. 6, 2022) ...............................13

*Nowlin v. Pritzker,*
    34 F.4th 629 (7th Cir. 2022) ..........................................................................................9

*Penn Central Transportation Co. v. City of New York,*
    438 U.S. 104 (1978) ...........................................................................................5, 8, 9, 10

*Silva v. U.S. Bancorp,*
    No. 5:10-cv-01854-JHN-PJWx, 2011 WL 7096576 (C.D. Cal. Oct. 6, 2011) ...............6

*Ventura Mobilehome Communities Owners Ass'n v. City of San Buenaventura,*
    371 F.3d 1046 (9th Cir. 2004) .....................................................................................12

*Vill. of Norwood v. Baker,*
    172 U.S. 269 (1898) .....................................................................................................13

*Walsh v. Nev. Dep't of Human Resources,*
    471 F.3d 1033 (9th Cir. 2006) .......................................................................................6

*Willowbrook Apt. Assocs., LLC v. Mayor & City Council of Baltimore,*
    563 F. Supp. 3d 428 (D. Md. 2021) ............................................................................12

*Yee v. City of Escondido,*
    503 U.S. 519 (1992) .......................................................................................................7

**STATE CASES**

*County of San Mateo v. Dell J.,*
    46 Cal.3d 1236 (1988) .................................................................................................13

*Dep't. of Mental Hygiene v. Kirchner,*
    60 Cal.2d 716 (1964) ...................................................................................................13

*In re Jerald C.,*
    36 Cal. 3d 1 (1984) .....................................................................................................13

**STATE STATUTES**

Cal. Civ. Proc. Code § 1179.15................................................................................................12

**RULES**

Fed. R. Civ. Proc. 8(a)(2)........................................................................................................10

**ALAMEDA COUNTY CODE OF ORDINANCES**

§ 6.120.030(A) .........................................................................................................................11

COUNTY DEFENDANTS' REPLY ISO MOTION TO DISMISS
Case No. 3:22-cv-01274-LB

1

**INTRODUCTION**

2        Plaintiffs have identified nothing in the County's motion to dismiss, or in the First

3   Amended Complaint ("FAC"), that would justify denying the motion in whole or in part.

4        They concede that their facial takings, due process, and state-law claims are resolved

5   by this Court's order denying their motion for summary judgment.

6        Plaintiffs' argument for their as-applied physical takings claim is pro forma. Nothing

7   in the Court's summary judgment order turned on the facial nature of the physical takings

8   claim. The Court's holding applies fully to Plaintiffs' as-applied challenge, as do those of the

9   many other courts that have refused to shoehorn takings challenges to COVID-19 eviction

10  moratoria into the physical takings rubric.

11       Plaintiffs' defense of their regulatory takings claim under *Penn Central Transporta-*

12  *tion Co. v. City of New York*, 438 U.S. 104 (1978), fares no better. Their opposition simply

13  ignores the County's point that multiple plaintiffs with claims based on distinct facts must

14  allege those facts distinctly. Nor do they counter the County's cases showing that a plaintiff

15  must allege a severe loss in the *value of her property* to state a *Penn Central* claim.

16       Plaintiffs' substantive due process and equal protection claims are tied at the hip by

17  the standard of review and thus fall together. They offer no persuasive justification to ignore

18  the decades of precedent since the New Deal in which courts have uniformly refused to sec-

19  ond guess the policy judgments of elected policymakers about the need for and design of

20  responses to public crises—including the duration of those responses. Plaintiffs have offered

21  no principled basis for distinguishing those cases or for concluding that the Moratorium

22  should have ended at a different time.

23       The Court must dismiss Plaintiffs' claims. The *Penn Central* claim should be dis-

24  missed without prejudice to give Plaintiffs a further opportunity to allege facts showing that

25  each Plaintiff has suffered a severe loss of property value due to the Moratorium. But Plain-

26  tiffs cannot prevail on the remaining claims under any conceivable set of allegations. Those

27  claims thus should be dismissed without leave to amend.

28

COUNTY DEFENDANTS' REPLY ISO MOTION TO DISMISS
Case No. 3:22-cv-01274-LB

1

## ARGUMENT

2  **I.   Plaintiffs concede their facial physical takings, procedural due process,
and state law claims.**

3

4           In denying Plaintiffs' motion for summary judgment, this Court has already held that

5  the Moratorium does not facially effect a physical taking, violate due process, or violate state

6  law. *See* Dkt. 96. (Order Denying Summary Judgment) ("Order") at 3, 21, 30, 36-37, 39.

7  Plaintiffs acknowledge the Court's holdings on these issues and state that they reallege

8  their facial physical taking claim, procedural due process claims, and state law claims only

9  to preserve them for appeal. *See* Dkt. 155 (Plaintiffs' Opposition to Defendants' and Inter-

10  venor's Motions to Dismiss) ("Opp.") at 19, 32-33. Plaintiffs have thus effectively conceded

11  that these claims should be dismissed. *See Silva v. U.S. Bancorp*, No. 5:10-cv-01854-JHN-

12  PJWx, 2011 WL 7096576 at *3 (C.D. Cal. Oct. 6, 2011) ("Plaintiff concedes . . . claim should

13  be dismissed by failing to address Defendants' arguments in his Opposition"); *see also Walsh

14  v. Nev. Dep't of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006) ("A plaintiff who

15  makes a claim for injunctive relief in his complaint, but fails to raise this issue in response

16  to a . . . motion to dismiss . . . has effectively abandoned his claim, and cannot raise it on

17  appeal."). Accordingly, the only claims still at issue are Plaintiffs' as-applied physical and

18  regulatory takings, substantive due process, and equal protection claims.

19  **II.   Plaintiffs' as-applied physical and *Penn Central* takings claims must be
dismissed.**

20         **A.     Plaintiffs' cursory defense of their as-applied physical takings claim
mostly rehashes their unsuccessful motion for summary judgment.**

21

22          Plaintiffs devote one substantive paragraph to defending their as-applied physical

23  takings claim. Opp. at 28-29. As explained in the Motion, the Order (and other case law)

24  disposes of this claim alongside the facial version. Dkt. 151 (County Defendants' Motion to

25  Dismiss First Amended and Supplemental Complaint) ("Mot.") at 12-16. The Opposition

26  does nothing to alter this picture.

27          Plaintiffs point to three paragraphs in the FAC—addressing four of the 58 Plain-

28  tiffs—that supposedly allege facts showing as-applied physical takings based on the

COUNTY DEFENDANTS' REPLY ISO MOTION TO DISMISS
Case No. 3:22-cv-01274-LB

1   existence of disruptive guests invited by tenants. Opp. at 28 (citing Dkt. 143 (FAC) ¶¶ 86,

2   88, 91). But they fail to explain *how* the Moratorium supposedly precluded Plaintiffs from

3   evicting persons who were not lessees, nor do they allege that these four Plaintiffs attempted

4   to evict those "squatters." In fact, this Court has already recognized that the Moratorium

5   would not preclude evictions of such persons who are not "tenants." Order at 18 & n.52; *see*

6   Mot. at 13. And even if these allegations were not patently inadequate, they could *at most*

7   state a claim for the four individual Plaintiffs to whom they apply. That leaves no relevant

8   allegations for the remaining 54 Plaintiffs.

9        The remainder of Plaintiffs' short defense is mere disagreement with this Court's

10   holding that *Yee v. City of Escondido*, 503 U.S. 519 (1992), applies to the Moratorium and

11   thus that it could not cause a physical taking. *See* Opp. at 28-29; *but see* Order at 20-21.

12   They argue each Plaintiff has alleged that tenants stopped paying rent and refused to va-

13   cate. Opp. at 28, 29. But those same allegations were the basis of their motion for summary

14   judgment. *See* Order at 16, 21. This Court has already rejected those arguments in the Or-

15   der, as did the Ninth Circuit in *El Papel LLC v. City of Seattle,* No. 22-35656, 2023 WL

16   7040314 (9th Cir. Oct. 26, 2023), in which "the issue on appeal . . . [was] materially the same

17   as that in the summary judgment order here." Dkt. 113 at 12 (Order Denying Motion to

18   Certify Summary-Judgment Order for Interlocutory Appeal); *see* Mot. at 14, n.4.[1]

19        Plaintiffs cannot amend around the fundamental defects in their legal theory, and

20   indeed, they have not suggested how they might. The Court should dismiss the claim with-

21   out leave to amend.

22

23

24

25

26

---

27   [1] And, as Plaintiffs emphasized in their motion to certify the Order for immediate appeal,
28   *El Papel* "is an as-applied rather than facial challenge" (Dkt. 113 at 11), making it fully
applicable here.

COUNTY DEFENDANTS' REPLY ISO MOTION TO DISMISS
Case No. 3:22-cv-01274-LB

**B.** **Plaintiffs' *Penn Central* allegations are insufficient and must be amended.**

**1.** **Plaintiffs cannot allege economic impact "collectively" for 58 Plaintiffs.**

Plaintiffs totally fail to respond to the County's point that the FAC must allege the elements of a *Penn Central* claim as to *each Plaintiff. See* Mot. at 19. Instead, Plaintiffs assert—without analysis or citation—that it is enough to allege that "Plaintiffs have *collectively* lost millions in dollars in rents and property values" due to the Moratorium.[2] Opp. at 25 (emphasis added). This is plainly wrong.

Where multiple plaintiffs join in a single lawsuit, and the complaint seeks "individual relief for each of the plaintiffs[, e]ach plaintiff's right to relief . . . depends upon proof of the operative facts giving rise to an enforceable right in favor of *that plaintiff*." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (emphasis added); *see also Buhecker v. Delta Airlines, Inc.*, No. 215CV0769LDGVCF, 2016 WL 1643789, at *2 (D. Nev. Apr. 25, 2016) ("That Rule 20(a)(1) allows multiple plaintiffs to join in one action does not abrogate *each* plaintiff's Rule 8 obligation of setting forth 'a short and plain statement of the claim showing that the pleader is entitled to relief.'") (emphasis in original).

As explained in the Motion, *Penn Central* requires a case-by-case evaluation of the particular impact of the challenged action on the plaintiff. Mot. at 16-17. Here we have 58 different Plaintiffs with different properties and different tenants with different circumstances. Plaintiffs' blanket pleading makes it impossible to determine which—if any—of those Plaintiffs has suffered a sufficiently severe loss due to the Moratorium to make out a *Penn Central* claim.

**2.** **Each Plaintiff must allege a severe impact to the value of her property.**

Plaintiffs also fail to grapple with the precedent holding that a *Penn Central* plaintiff must show a severe loss of *property value* attributable to the challenged regulation. Mot. at

---

[2] Here they make the additional error of conflating "rents" (lost income) with "property values." *See* Mot. at 18; *see also infra* Section II.B.2.

COUNTY DEFENDANTS' REPLY ISO MOTION TO DISMISS
Case No. 3:22-cv-01274-LB

17-18. The Ninth Circuit expressly held as much in *Colony Cove Properties, LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018). And *Colony Cove* merely applied the Supreme Court's holding that in evaluating economic impact, a court must "compare the value that has been taken from the property with the value that remains in the property . . . as a whole." *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 497 (1987). Later courts have repeatedly relied on *Colony Cove* to reject *Penn Central* claims where the plaintiff failed to plead a severe impact to property value (*see* Mot. at 16-18), including in cases challenging COVID-19-related regulations. *See Blackburn v. Dare Cnty.*, 58 F.4th 807, 812 (4th Cir. 2023); *Nowlin v. Pritzker*, 34 F.4th 629, 634-35 (7th Cir. 2022); *GHP Mgmt. Corp. v. City of Los Angeles*, No. CV 21-06311 DDP (JEMx), 2022 WL 17069822, at *4-6 (C.D. Cal. Nov. 17, 2022) ("The Complaint does not, however, allege any diminution in value, let alone a diminution high enough to function as the equivalent of a classic taking."); *Baptiste v. Kennealy*, 490 F. Supp. 3d 353, 389 (D. Mass. 2020).

The *Colony Cove* court expressly rejected the primary form of injury that Plaintiffs claim here: the loss of rental income. The asserted harm there involved the "rent claimed to be lost over an 8-year period because of the Board's refusals to approve higher [rent] increases." 888 F.3d at 451. But the court held, "the mere loss of some income"—there over *eight years*—"does not itself establish a taking. Rather, economic impact is determined by comparing the total value of the affected property before and after the government action." *Id.* The court also rejected another measure of impact proposed by Plaintiffs here (Opp. at 25): a property owner's inability to pay their mortgage. *See Colony Cove*, 888 F.3d at 452 (rejecting claim that rent control decision effected a taking because it prevented rents from covering the owner's debt service on the property).

Plaintiffs object that the County is demanding a prolix complaint with allegations based on expert opinion. Opp. at 25. Not at all. The alleged impact of a challenged regulation on the value of property is an element of the cause of action. The County is thus asking only to see allegations of "sufficient facts to state the elements" of a *Penn Central* claim. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008). Rule 8 requires "a

COUNTY DEFENDANTS' REPLY ISO MOTION TO DISMISS
Case No. 3:22-cv-01274-LB

short and plain statement of the claim *showing that the pleader is entitled to relief*"—and the pleader is not entitled to relief unless all of the elements of the claim are satisfied. Fed. R. Civ. Proc. 8(a)(2) (emphasis added)). In the *Penn Central* context, that includes allegation of a severe impact to the value of each Plaintiff's property.

Plaintiffs also suggest that not all of the *Penn Central* factors must weigh in their favor. Opp. at 23. For that proposition, they cite two cases involving Congressional abrogation of Native Americans' rights to devise property. *Id.* (citing *Hodel v. Irving*, 481 U.S. 704, 716-17 (1987), and *Babbit v. Youpee*, 519 U.S. 234 (1997)). But the Court in those cases carved out a narrow additional category of per se takings for regulations involving "complete abolition of both the descent and devise of a particular class of property." *Irving*, 481 U.S. at 717. "Such a complete abrogation of the rights of descent and devise could not be upheld." *Youpee*, 519 U.S. at 240. Those idiosyncratic cases do not stand for the proposition that a *Penn Central* plaintiff may prevail without showing a severe impact to property value. In any event, this argument ignores the Ninth Circuit's acknowledgment that it is "aware of *no case* in which a court has found a taking where diminution in value was less than 50 percent." *Colony Cove*, 888 F.3d at 451 (quoting *CCA Assocs. v. United States*, 667 F.3d 1239, 1246 (Fed. Cir. 2011)) (emphasis added).

Finally, without citation, Plaintiffs assert that *Penn Central* claims are not amenable to dismissal at the pleading stage. Opp. at 23. Their lack of authority is unsurprising because the proposition is wrong. Courts have repeatedly dismissed *Penn Central* claims based on the inadequacy of the allegations. *See supra* (citing *Blackburn* et sim.); *see also Evans Creek, LLC v. City of Reno*, No. 21-16620, 2022 WL 14955145 (9th Cir. Oct. 26, 2022).

In any event, the County is not asking the Court to dismiss the claim with prejudice. The County agrees that Plaintiffs should be given an opportunity to provide the factual allegations necessary to state a claim as to each Plaintiff. They have yet to do so.

1

2

### III. Plaintiffs' conclusory argument fails to show that the FAC has sufficiently alleged a substantive due process claim.

3

4 Plaintiffs argue that "imposition of the Moratori[um] *for over three years* was egre-

gious government conduct" because the County acted without justification for "such extreme

5

6 measures." Opp. at 29. Plaintiffs again misleadingly characterize the Moratorium as a

"wholly unjustified three-plus-year blanket eviction moratorium." *Id.* at 30. But they en-

7

tirely ignore this Court's contrary findings in its prior order and fail to meaningfully engage

8 with the County's case law.

9 The Moratorium passes conceivable rational basis review. *See* Mot. at 21-22. As this

10 Court has already held, the Moratorium clearly furthered legitimate public purposes: re-

ducing COVID-19 transmission, promoting housing stability during the pandemic, and pre-

11

12 venting avoidable homelessness. *See* Order at 21, 26-28; Mot. at 22. Plaintiffs have not made

any arguments to support their bald accusation that the County's purposes are somehow

13

14 "cursory." *See* Opp. at 30. Furthermore, the Moratorium only limited the remedies available

to Plaintiffs to recover unpaid rent; Plaintiffs could still evict tenants under certain circum-

15

16 stances and could still use breach of contract actions to recover for lease violations, including

unpaid rent. *See* Mot. at 22; Order at 24-27 (applying a more stringent standard and finding

17

Moratorium passes rational basis review in the context of a Contracts Clause claim).

18

19 Plaintiffs argue that three years was too long, causing the Moratorium to fail rational

basis review. *See* Opp. at 29-31. This argument falls far short. The County did not arbitrarily

20

21 decide to end the Moratorium after three years, nor did it indefinitely leave the Moratorium

in place. Rather, the Board of Supervisors logically tied the Moratorium's expiration to the

22

23 end of the local emergency that it was designed to address. *See* County Code § 6.120.030(A).[3]

Like similar moratoria that courts have upheld, the Moratorium was thus rationally related

24

25 to its legitimate goals. *See* Mot. at 22-23; *Apt. Ass'n of Los Angeles Cnty., Inc. v. City of Los*

26

---

27 [3] Plaintiffs do not challenge the Moratorium's 60-day buffer period. And indeed, in light of the scale of economic and social disruption caused by the pandemic, it was reasonable for the County to minimize homelessness while transitioning out of the pandemic.

28

COUNTY DEFENDANTS' REPLY ISO MOTION TO DISMISS
Case No. 3:22-cv-01274-LB

*Angeles*, 500 F. Supp. 3d 1088, 1099, n.33 (C.D. Cal. 2020), *aff'd*, 10 F.4th 905 (9th Cir. 2021), *cert. denied,* 142 S. Ct. 1699 (2022); *Bldg. & Realty Inst. of Westchester & Putnam Counties, Inc. v. New York*, No. 19-CV-11285 (KMK), 2021 WL 4198332, at *30 (S.D.N.Y. Sept. 14, 2021) (appeal filed); *Willowbrook Apt. Assocs., LLC v. Mayor & City Council of Baltimore*, 563 F. Supp. 3d 428, 448-49 (D. Md. 2021). Plaintiffs argue that the Moratorium was distinguishable because of its length. *See* Opp. at 30-31. But Plaintiffs do not address any of the County's cases, which upheld similar moratoria—those with durations tied to the existence of a local emergency—against due process challenges. *See id.*; Mot. at 22.

Plaintiffs also contend that the Bay Area "saw significant improvement in circumstances," including a high vaccination rate. Opp. at 29-30. However, they ignore that both the statewide and local public health emergency declarations remained in place until February 28, 2023. *See* Dkt. 116, Ex. A (Health Officer Order No. 23-01). This demonstrates that the emergency was ongoing, and thus so was the need for the Moratorium. And the statewide COVID-19 Rental Housing Recovery Act will remain in effect until September 20, 2024, evidencing the need for ongoing mitigation of pandemic-related impacts. *See* Cal. Civ. Proc. Code § 1179.15. That the Moratorium may have lasted longer than Plaintiffs would have liked does not make it unconstitutionally arbitrary.

## IV.    Plaintiffs cannot defend their equal protection claim.

To state a cognizable equal protection claim, Plaintiffs must at least identify "similarly situated property owners" and "allege[] how they are treated differently." *See Ventura Mobilehome Communities Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1055 (9th Cir. 2004). But Plaintiffs point to nothing in the FAC that makes even these bare allegations. *See* Mot. at 23-25. In defense of their claim, Plaintiffs merely restate the same vague language found in the FAC and again assert that the Moratorium violates the Equal Protection Clause by "requiring Plaintiffs [rather than the general public] to bear the financial burden of any nonpaying renters." *See* Opp. at 31. Plaintiffs do not seriously dispute the County's Motion; they again fail to identify any similarly situated property owners much less allege differential treatment. *See* Mot. at 24-25. Nor do they rebut the fact that the

COUNTY DEFENDANTS' REPLY ISO MOTION TO DISMISS
Case No. 3:22-cv-01274-LB

1  Moratorium's specific treatment of landlords is plainly rationally related to legitimate in-

2  terests. *See id.* at 25. Plaintiffs also do not point to any factual allegations supporting an as-

3  applied equal protection claim. They therefore entirely fail to show that the FAC alleges a

4  colorable equal protection claim.[4]

5  **V.      The County withdraws its request to dismiss HPOA for lack of standing.**

6          Plaintiffs do not address the County's argument that HPOA lacks standing to bring

7  claims against the County because it can obtain no damages and its prospective claims are

8  moot. *See* Opp. at 32; *see also* Mot. at 26-28. In their motion to dismiss Intervenors, Plaintiffs

9  argue that because they "solely seek damages" against the County, Intervenors no longer

10 have a "protectable interest." Dkt. 147 (Plaintiffs' Notice of Motion and Motion to Dismiss

11 Intervenor or in the Alternative to Impose Conditions) at 13. Yet Plaintiff HPOA refuses to

12 dismiss its claims against the County even though the Court cannot award HPOA damages

13 against the County. *See Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 343

14 (1977); *Laborers Int'l Union Local 261 v. City & Cnty. of San Francisco*, No. 22-cv-02215-

15 LB, 2022 WL 2528602, at *6-7 (N.D. Cal. Jul. 6, 2022). However, in the interest of efficiency

16 and in light of briefing in the related California Apartment Association case (Case No. 3:22-

17 cv-02705-LB), the County does not dispute that Plaintiffs' claims for prospective relief are

18 not entirely moot. The County therefore withdraws its request to dismiss HPOA.

19

20

21

22

23

---

24 [4] Plaintiffs' cited case law is inapposite. None of their cases stand for the assertion that an eviction moratorium violates equal protection because it affects only landlords. *See* Opp. at

25 31; *Vill. of Norwood v. Baker*, 172 U.S. 269, 279 (1898) (review of takings ruling in a con-demnation case); *In re Jerald C.*, 36 Cal.3d 1, 6 (1984) (state custody case finding that gov-

26 ernments' entitlement to reimbursement for custodial care violated equal protection), *disagreed with by County of San Mateo v. Dell J.,* 46 Cal.3d 1236 (1988); *Dep't. of Mental*

27 *Hygiene v. Kirchner*, 60 Cal.2d 716, 722 (1964), vacated by 380 U.S. 194 (1965) (vacating judgment because it was unclear whether the court's equal protection finding rested on the

28 federal or state constitution).

1

## CONCLUSION

2          For the reasons above and in its Motion, the County asks that the Court (1) dismiss

3   the FAC's physical takings, due process, equal protection, and state law claims without

4   leave to amend and (2) dismiss the FAC's *Penn Central* claim with leave to amend.

5   DATED:  January 12, 2024          SHUTE, MIHALY & WEINBERGER LLP

6

7                                     By:   /s/Matthew D. Zinn

8                                          MATTHEW D. ZINN
                                           EDWARD T. SCHEXNAYDER
9                                          MINDY K. JIAN

10

11                                         Attorneys for Defendants and Respondents
                                           Alameda County and Alameda County Board
12                                         of Supervisors

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNTY DEFENDANTS' REPLY ISO MOTION TO DISMISS
Case No. 3:22-cv-01274-LB