BARBARA J. PARKER, City Attorney, SBN 069722
MARIA BEE, Chief Assistant City Attorney, SBN 167716
ALLISON L. EHLERT, Deputy City Attorney, SBN 230362
ANYA KU, Neighborhood Law Corps Attorney, SBN 333893
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-3596; Fax: (510) 238-6500
Email: aehlert@oaklandcityattorney.org
X05405/3313608

Attorneys for Defendants,
CITY OF OAKLAND and OAKLAND CITY COUNCIL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN WILLIAMS, ROBERT VOGEL, SHEANNA ROGERS, MICHAEL LOEB, JACQUELINE WATSON-BAKER, and HOUSING PROVIDERS OF AMERICA, a 501(c)(4) non-profit Corporation,<br><br>　　　　Plaintiffs and Petitioners,<br><br>v.<br><br>ALAMEDCA COUNTY, ALAMEDA COUNTY BOARD OF SUPERVISORS, CITY OF OAKLAND, OAKLAND CITY COUNCIL and DOES 1-10,<br><br>　　　　Defendants and Respondents,<br><br>v.<br><br>ALLIANCE OF CALIFORNIANS FOR COMMUNITY EMPOWERMENT ACTION,<br><br>　　　　Defendant-Intervenor. | Case No. 3:22-cv-01274-LB<br><br>**THE CITY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**<br><br>Hon. Laurel Beeler<br><br>Date: February 1, 2024<br>Time: 9:30 a.m.<br><br>Action Filed: March 1, 2022<br>Trial Date: None set |

# **TABLE OF CONTENTS**

Page No(s).

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT..........................................................................................................1

    A. Pleading standards are not as generous as Plaintiffs make them out to be ................................................................................................................1

    B. Request for judicial notice. ........................................................................2

    C. Plaintiffs declaratory-relief claim should be dismissed.............................3

    D. Plaintiffs do not state any takings or inverse-condemnation claims............5

        1. Plaintiffs fail to allege a regulatory-takings claim..........................5

        2. Plaintiffs fail to allege a physical-takings claim. ............................6

    E. Plaintiffs' substantive due-process claim fails. ..........................................7

    F. Plaintiffs do not state an equal-proteection claim.......................................9

    G. The petition for writ of mandate should be dismissed..............................11

    H. Housing Providers of America lack standing. ..........................................11

III. CONCLUSION.....................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

490 F.2d 1360 (3d Cir. 1974) ................................................................................................... 4

2022 WL 16543269 (S.D. Ala. Oct. 28, 2022) ......................................................................... 4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .............................................................................................................. 2

*Babbit v. Youpee*,
   519 U.S. 234 (1997) .............................................................................................................. 5

*Bayer*,
   861 F.3d 853 ......................................................................................................................... 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .......................................................................................................... 2, 3

*Brach v. Newsom*,
   38 F.4th 6 (9th Cir. 2022) ..................................................................................................... 4

*City of Cleburne v. Cleburne Living Center*,
   473 U.S. 432 (1985) ............................................................................................................ 10

*Collins v. City of Harker Heights*,
   503 U.S. 115 (1992) .............................................................................................................. 7

*Colony Cove Props., LLC v. City of Carson*,
   888 F.3d 445 (9th Cir. 2018) ................................................................................................ 6

*Colwell v. Dep't of Health & Human Servs.*,
   558 F.3d 1112 (9th Cir. 2009) .............................................................................................. 6

*Community Housing Improvement Program v. City of New York*,
   59 F.4th 540 (2d Cir. 2023) .................................................................................................. 7

*Crown Point Dev. Inc. v. City of Sun Valley*,
   506 F.3d 851 (9th Cir. 2007) ............................................................................................ 8, 9

*Del Monte Dunes at Monterey, Ltd. v. City of Monterey*,
   920 F.2d 1496 (9th Cir. 1990) .............................................................................................. 9

*Dept. of Mental Hygiene v. Kirchner*,
   60 Cal.2d 716 (Cal. 1964) ................................................................................................... 10

*El Papel, LLC v. City of Seattle*,
   No. 22-35656, 2023 WL 7040314 (9th Cir. Oct. 26, 2023) .................................................. 6

*Evans Creek, LLC v. City of Reno*,
   No. 21-16620, 2022 WL 14955145 ...................................................................................... 5

*Figy v. Frito-Lay North Am., Inc.*,
   67 F.Supp.3d 1075 (N.D. Cal. 2014) .................................................................................... 3

*GHP Mgmt. Corp. v. City of Los Angeles*,
   No. 21-06311, 2022 WL 17069822 (C.D. Cal. Nov. 17, 2022) ............................................ 5

*Heights Apartments, LLC v. Walz*,
   30 F.4th 720 (8th Cir. 2022) ................................................................................................. 7

iii

*Hodel v. Irving*,
  481 U.S. 704 (1987)..........................................................................................................5

*In re Jerald C.*,
  35 Cal.3d 1 (Cal. 1984)...................................................................................................10

*JD Bols v. Newsom*,
  Case No. 20-cv-00873-BTM (BLM), 2022 WL 17968082 (S.D. Cal. Sept. 27, 2022) ........8, 10

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2000) ............................................................................................2

*Lifschultz v. City of San Juan Capistrano*,
  No. 19-1497, 2020 WL 2510650 (March 9, 2020)...........................................................5

*Lozano v. Butte Cnty.*,
  No. 22-CV-01313, 2023 WL 5183162 (E.D. Cal. Aug. 11, 2023).....................................5

*Martinez v. Newsom*,
  46 F.4th 965 (9th Cir. 2022) .............................................................................................4

*McLachlan v. Bell*,
  261 F.3d 908 (9th Cir. 2001) ............................................................................................3

*Miller v. Farris*,
  Case No. 21-cv-09551-SSS (AS), 2023 WL 4680370 (C.D. Cal. June 14, 2023) ................8

*Penn Central Transportation Co. v. City of New York*,
  438 U.S. 104 (1978)..............................................................................................1,5,7, 8

*Roman Cath. Diocese of Brooklyn v. Cuomo*,
  141 S. Ct. 63 (2020)........................................................................................................10

*S. California Rental Hous. Ass'n*,
  550 F.Supp.3d 853 (S.D. Cal. 2021).................................................................................6

*Samson v. City of Bainbridge Island*,
  683 F.3d 1051 (9th Cir. 2012) ..........................................................................................9

*Schmidt v. City of Pasadena*,
  Case No. 21-cv-08769-JAK (JCx), 2023 WL 4291440 (C.D. Cal. Mar. 8, 2023) .................8

*Slidewaters LLC v. Wash. State Dep't of Lab. & Indus.*,
  4 F.4th 747 (9th Cir. 2021) ...........................................................................................8,9

*Stop the Beach Renourishment, Inc. v. Fla. Dep't of Env't Prot.*,
  560 U.S. 702 (2010).........................................................................................................7

*Tandon v. Newsom*,
  517 F.Supp.3d 922 (N.D. Cal. 2021)................................................................................9

*Tuck's Rest. and Bar v. Newsom*,
  Case No. 20-cv-02256-KJM (CKD), 2022 WL 5063861 (E.D. Cal. Oct 4, 2022) .....................4

*Village of Norwood v. Baker*,
  172 U.S. 269 (1898)........................................................................................................10

**<u>Rules</u>**

Federal Rule of Civil Procedure 8 ........................................................................................2

Federal Rule of Civil Procedure 12(d)..................................................................................2

**Other Authorities**

22-35050,
    2023 WL 501498 (9th Cir. Aug. 8, 2023) ....................................................................................4

## I. INTRODUCTION

The first amended complaint fails to allege sufficient facts to state any claim for relief. Plaintiffs' arguments to the contrary are unconvincing.

Plaintiffs' due-process and equal-protection claims fail because they cannot plausibly show that the City lacked any legitimate basis for enacting the moratorium and the subsequent Just Cause Amendments. As long as the City had a mere rational basis for instituting those policies—and it did—Plaintiffs' due-process and equal-protection rights were not violated.

Next, Plaintiffs' physical-takings claim fails in light of this Court's summary-judgment order, as well as recent Ninth Circuit precedent. Their regulatory-takings claim is likewise infirm because Plaintiffs do not bother to allege sufficient facts tethered to each of the three necessary *Penn Central* factors. They inartfully attempt to lump together all their unspecified losses into a single figure that purportedly reaches into the millions to establish their economic losses, but that is far from adequate. Each plaintiff must set forth facts identifying what their individual losses have been as well as the particular facts that gave rise to those losses. In addition, Plaintiffs cannot plausibly contend that the character of the regulations at issue is so intrusive as to eliminate all economic uses of their properties. The moratorium and Just Cause Amendments are amply supported regulations to promote the common interest.

Finally, there is no basis for this Court to award declaratory relief as to the now rescinded moratorium or for it to grant Plaintiffs' petition for writ of mandate.

The City's motion to dismiss should be granted.

## II. ARGUMENT

**A.   Pleading standards are not as generous as Plaintiffs make them out to be.**

Plaintiffs appear to think they can fill the numerous factual holes in the FAC by relying on the standards for pleading a complaint. Liberal though pleading standards may be, they are not a get-out-jail-free card for plaintiffs who fail to allege basic and essential facts.

1

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Though Federal Rule of Civil Procedure 8 requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal citation omitted). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. A pleading that offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," "naked assertion[s] devoid of 'further factual enhancement'" is insufficient. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557). To survive a 12(b)(6) motion, the plaintiff's complaint must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 569.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

**B.     Request for judicial notice.**

Together with its motion to dismiss, the City filed a request for judicial notice, Dkt. 150 ("City RJN"), of the three ordinances establishing and extending the City's eviction moratorium, Exs. A–C, and the ordinance amending the City's Just Cause for Eviction Ordinance, Ex. D. In their opposition, Plaintiffs cite to Federal Rule of Civil Procedure 12(d)'s requirement that a court convert a motion to dismiss into a motion for summary judgment if it considers materials outside the pleadings. Dkt. 155 at 21. However, the Court need not convert the motion in this case because the City's RJN falls within both established exceptions to Rule 12(d), namely, the materials for which the City seeks judicial notice are materials relied upon in the complaint and matters of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2000)

(explaining that if the complaint "necessarily relies" on the material at issue, but does not attach it, or if the material is a matter of public record, a court may consider it without converting the motion). Thus, the Court may properly consider the text of the four ordinances without converting the City's motion.

### C. Plaintiffs' declaratory-relief claim should be dismissed.

The FAC requests that the Court enter a declaratory judgment on Plaintiffs' claims that the City's moratorium and Just Cause Amendments constitute a taking, inverse condemnation, violation of due process, and violation of the equal protection clause. FAC ¶¶ 101, 105, 109, 113. In its motion, the City reasoned that the question of declaratory relief is moot because the City's moratorium expired on July 15, 2023, thus there is no "present controversy as to which effective relief can be granted." Dkt. 149 ("City MTD") at 14 (citing *Bayer*, 861 F.3d 853). In response, Plaintiffs declare that "there continues to be an actual and justiciable controversy over the legality of the CITY and COUNTY's actions in enacting and enforcing the Moratoria and the resulting damages to Plaintiffs." Dkt. 155 ("Pls' Opp'n") at 32.[1] To support their claim, Plaintiffs cite to two out-of-Circuit cases and attempt to distinguish this case from compelling Ninth Circuit authority.

In this type of 12(b)(1) challenge—a factual attack where the City's argument that the Court lacks jurisdiction depends on the Court considering the City's extrinsic evidence of the expiration of its moratorium—once the City introduced the extrinsic evidence, it was the Plaintiffs' obligation to present "evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Figy v. Frito-Lay North Am., Inc.*, 67 F.Supp.3d 1075, 1085 (N.D. Cal. 2014).[2] In response to the City's argument and evidence, Plaintiffs offer no evidence. Instead, Plaintiffs assert the legal conclusion that "there continues to

---

[1] Plaintiffs' opposition does not argue how the Just Cause Amendments raise a claim for declaratory judgment sufficient to establish jurisdiction. Thus, the City considers its motion to dismiss arguments on this point unopposed and does not reiterate its arguments here.

[2] *Figy* questions Plaintiffs' cited authority, *McLachlan v. Bell*, 261 F.3d 908 (9th Cir. 2001), and explains how *McLachlan* directly contradicts a prior Ninth Circuit case, *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112 (9th Cir. 2009). After considering the tension between the cases, *Figy* follows *Colwell*'s procedure. Other Northern District of California judges have followed *Figy*'s reasoning in applying *Colwell*'s procedure.

be an actual and justiciable controversy." Pls' Opp'n at 32. Plaintiffs support this assertion with citations to two out-of-Circuit cases—*Bordelon v. Baldwin Cnty., Ala.* (S.D. Ala.) and *Davis v. Romney* (3d Cir.)—without explaining how those cases' holdings that plaintiffs stated a claim for declaratory relief where the defendants did not raise a mootness challenge (*Bordelon*) and declaratory relief is available even when other remedies are available (*Davis*) apply here. *See* Case No. 20-cv-00057, 2022 WL 16543269 (S.D. Ala. Oct. 28, 2022); 490 F.2d 1360 (3d Cir. 1974).

Further entrenching Plaintiffs' deficient pleadings is the slew of recent decisions dismissing plaintiffs' challenges to expired COVID-19 policies as moot. *See e.g., Brach v. Newsom*, 38 F.4th 6 (9th Cir. 2022) (affirming the lower court's dismissal of the plaintiffs' challenge to California's COVID-19-related school restrictions because the policies expired); *Martinez v. Newsom*, 46 F.4th 965 (9th Cir. 2022) (same); *Jevons v. Inslee*, Case No. 22-35050, 2023 WL 501498 (9th Cir. Aug. 8, 2023) (dismissing the plaintiffs' challenge to Washington's COVID-19 eviction moratorium because the policy expired);[3] *Tuck's Rest. and Bar v. Newsom*, Case No. 20-cv-02256-KJM (CKD), 2022 WL 5063861 (E.D. Cal. Oct 4, 2022) (dismissing the plaintiffs' challenge to COVID-19-related restrictions on business operations because the policies expired).

Because the FAC fails to establish the Court's jurisdiction over its requests for declaratory judgment, and Plaintiffs' opposition fails to refute the City's arguments that the requests are moot, the Court should dismiss Plaintiffs' declaratory-judgment claims with prejudice.

---

[3] Plaintiffs posit that this case is distinguishable from *Jevons* because the *Jevons* plaintiffs "improperly sought declaratory relief to establish res judicata with respect to other potential liability." Dkt. 155 at 33. But, the Ninth Circuit's res judicata analysis came after it engaged in a full mootness analysis and found that "[the] case is moot because the challenged activity—the eviction moratorium—has expired and no longer has a 'continuing and brooding presence' that would have 'a substantial adverse effect on Plaintiffs.'" *Jevons*, Case No. 22-35050, 2023 WL 501498, at *1 (9th Cir. Aug. 8, 2023).

4

**D.      Plaintiffs do not state any takings or inverse-condemnation claims.**[4]

   ***1.      Plaintiffs fail to allege a regulatory-takings claim.***

Plaintiffs contend they need not allege facts as to each of the three factors comprising a *Penn Central* claim. *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104 (1978). That is incorrect. Courts routinely dismiss *Penn Central* claims that fail to cross this minimal threshold. *Evans Creek, LLC v. City of Reno*, No. 21-16620, 2022 WL 14955145, *1 (Oct. 26, 2022; *Lozano v. Butte Cnty.*, No. 22-CV-01313, 2023 WL 5183162, *4-5 (E.D. Cal. Aug. 11, 2023); *Lifschultz v. City of San Juan Capistrano*, No. 19-1497, 2020 WL 2510650, *3-4 (March 9, 2020); *GHP Mgmt. Corp. v. City of Los Angeles*, No. 21-06311, 2022 WL 17069822, *4 (C.D. Cal. Nov. 17, 2022). Plaintiffs further claim they can prevail if only one of the *Penn Central* factors weighs in their favor, citing *Hodel v. Irving*, 481 U.S. 704 (1987) and *Babbit v. Youpee*, 519 U.S. 234 (1997) in support. But *Irving* and *Youpee* are distinguishable because those cases turned on an "extraordinary" government regulation that virtually eliminated the ability to pass on to one's heirs a certain type of property. The temporary eviction moratorium and the Just Cause Amendments here are not nearly so far reaching.

Even though they maintain they need not allege facts tied to each of the three *Penn Central* factors, Plaintiffs say they have still done so. That contention does not withstand scrutiny. As an initial matter, the FAC does not allege any specific facts as to the overwhelming majority of Plaintiffs. There are 58 individual and corporate plaintiffs, but factual allegations concerning only four Plaintiffs who own property in the City. The City has no idea what the circumstances affecting all the others were, including how their tenants behaved that caused Plaintiffs to lose money, how much money they lost, whether they participated in any of the government programs instituted to alleviate such monetary setbacks, and the like.

With respect to the "character" of the regulation, Plaintiffs argue they satisfy this factor because they alleged they were forced to bear the exclusive burden of the shelter-in-place orders. That is implausible on its face owing to the government mitigation programs that were enacted,

---

[4] Plaintiffs do not set forth any takings-related arguments concerning the Just Cause Amendments. This Court should construe that failure as a concession that Plaintiffs do not state any takings claims as to those Amendments.

and ignores the temporary, limited nature of the moratorium, as well as case law holding that regulations that adjust benefits and burdens to advance the common good—as other courts have deemed similar moratoria to be—do not constitute takings. *See e.g., GHP Mgmt.*, 2022 WL 17069822, at *5; *S. California Rental Hous. Ass'n*, 550 F.Supp.3d 853, 867 (S.D. Cal. 2021).

As to economic regulation, Plaintiffs contend it is sufficient for them to allege they lost millions of dollars. But they cite no case allowing them to pool their supposed collective losses into a single speculative figure; they must allege what each of them, individually, lost, and the only way to do that is to allege specific facts concerning the pre- and post-deprivation values of their property, what happened with their renters that led to the Plaintiffs losing money, and how much money they contend they are out. Some plaintiffs' losses may not amount to much at all, while others are more extensive. It's exclusively within Plaintiffs' knowledge as to how much each of their losses are and the City is entitled to that information to assess Plaintiffs' claims and the City's possible defenses. Moreover, to the extent Plaintiffs rely on lost rent as a measure of their loss, they are foreclosed under Circuit precedent from doing so—something they do not dispute. *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 451 (9th Cir. 2018); *GHP Mgmt.*, 2022 WL 17069822, at *4.

Finally, as to the investment-backed expectations factor, all Plaintiffs do is allege that their reasonable expectations were undercut by the moratorium. That is not sufficient— particularly in the context of the highly regulated landlord-tenant relationship and a once-in-a-century pandemic. Plaintiffs must allege more than just that they did not foresee that their right to evict would be temporarily paused as a result of a global public-health crisis.

Plaintiffs fail to allege a plausible regulatory-takings claim and that claim should be dismissed.

### 2. *Plaintiffs fail to allege a physical-takings claim.*

Plaintiffs' physical-takings claim is no different from the facial claim this Court already rejected in its summary-judgment order. What's more, Plaintiffs fail to distinguish the Ninth Circuit's recent decision in *El Papel, LLC v. City of Seattle*, No. 22-35656, 2023 WL 7040314

(9th Cir. Oct. 26, 2023), in which the Court rejected an as-applied takings challenge. The physical-takings claim should be dismissed with prejudice.

**E.     Plaintiffs' substantive due-process claim fails.[5]**

In their opposition, Plaintiffs' challenge the City's contention that their substantive due-process claim is preempted by their Fifth Amendment takings claim, stating that "Defendants cannot have it both ways"—both arguing that Plaintiffs' substantive due-process claim is preempted by their Fifth Amendment claim while simultaneously arguing that Plaintiffs fail to state a claim under the Fifth Amendment. Pls' Opp'n at 30. But the City's position that Plaintiffs' due-process claim is preempted follows well-established caselaw.[6] "The Supreme Court has instructed [courts] to be reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this uncharted area are scarce and open-ended. This is especially true where [the plaintiff] has alleged violations of various rights that trigger protections under other Amendments to the Constitution." *Heights Apartments, LLC v. Walz*, 30 F.4th 720, 735–36 (8th Cir. 2022) (citing *Collins v. City of Harker Heights*, 503 U.S. 115 (1992); *Stop the Beach*, 560 U.S. 702 (2010)) (affirming dismissal of a plaintiff's substantive due-process challenge to Minnesota's eviction moratorium). The Ninth Circuit, too, has ruled that a Fifth Amendment claim precludes a due-process claim, "where government requires an owner to suffer a permanent physical invasion of property," "where a regulation deprives an owner of all economically beneficial use of the property," and "where the *Penn*

---

[5] Plaintiffs concede that the Court's prior Order Denying Summary Judgment denied their facial challenges to the City's moratorium, and Plaintiffs do not contest the City's argument that the FAC fails to state a claim that the City's moratorium and Just Cause Amendments raise a procedural due-process claim. *See* Pls' Opp'n at 29–31, 33. Thus, the City focuses its reply on Plaintiffs' substantive due-process claim.

[6] The City cites two cases for the proposition that substantive due process may not do the work of the Takings Clause. *Stop the Beach Renourishment, Inc. v. Fla. Dep't of Env't Prot.*, 560 U.S. 702 (2010) (plurality opn.), a binding Supreme Court case, echoes this exact language. *Id.* at 721. *Community Housing Improvement Program v. City of New York*, 59 F.4th 540 (2d Cir. 2023), persuasive authority from the Second Circuit, cites to *Stop the Beach* for this same holding. *Id.* at 556–57. Plaintiffs attempt to weaken the City's challenge to the sufficiency of the FAC by noting that *Community Housing* is a rent control case. Pls' Opp at 30. True, but that fact is irrelevant to the case's statement that the Due Process Clause cannot do the work of the Takings Clause and does not diminish the underlying Supreme Court holding.

7

*Central* factors are met." *Crown Point Dev. Inc. v. City of Sun Valley*, 506 F.3d 851, 855 (9th Cir. 2007) (internal citations omitted).

The Court should follow these precedents and find that Plaintiffs' due-process claim is preempted by their takings claim.

If the Court declines to find that Plaintiffs' due-process claims are preempted, then it should not be swayed by Plaintiffs' argument that all the cases regarding COVID-19-related policies that the City cites are distinguishable because "[n]ot one of these cases involved a wholly unjustified three-plus-year blanket eviction moratorium." Pls' Opp'n at 30–31. This distinction is meaningless in light of Plaintiffs' failure to explain how the length of the City's moratorium impacts their alleged due-process rights. In fact, Plaintiffs raised the exact same harms in their original complaint—filed when the City's moratorium was less than two years old.[7] *See* FAC, Ex. A (redline of the original complaint). If the harms Plaintiffs allege are unaffected by the length of the Moratorium, it follows that Plaintiffs' alleged harm stems from the existence of the COVID-19-related restriction, not its duration.

From this perspective, Plaintiffs' attempts to distinguish the City's cited cases fall flat. All of the City's cited cases involve COVID-19-related restrictions, all allege due-process violations, all are analyzed under rational-basis review, all found that the governments' purpose of stemming the spread of COVID-19 was at least legitimate, and all found that COVID-19-related restrictions were rationally related to that interest. *See Miller v. Farris*, Case No. 21-cv-09551-SSS (AS), 2023 WL 4680370 (C.D. Cal. June 14, 2023) ("*Miller I*"), Report and Recommendation adopted sub nom. *Miller v. Farris*, Case No. 21-cv-09551-SSS (AS), 2023 WL 4850749 (C.D. Cal. July 28, 2023); *Schmidt v. City of Pasadena*, Case No. 21-cv-08769-JAK (JCx), 2023 WL 4291440 (C.D. Cal. Mar. 8, 2023); *Tandon v. Newsom*, 517 F.Supp.3d 922 (N.D. Cal. 2021); *Slidewaters LLC v. Wash. State Dep't of Lab. & Indus.*, 4 F.4th 747 (9th Cir. 2021); *JD Bols v. Newsom*, Case No. 20-cv-00873-BTM (BLM), 2022 WL 17968082 (S.D. Cal.

---

[7] With regard to the due-process harms of the Just Cause Amendments, the FAC merely adds "and the Phase Out Ordinance" to its Moratorium allegations. *See* FAC, Ex. A ¶108.

Sept. 27, 2022). These cases establish that the FAC fails to state a claim for violation of due process.

As argued in its motion, the FAC's unsupported assertion that the City had "no rational basis" for its moratorium and Just Cause Amendments does not overcome the legislations' presumed validity under rational-basis review. FAC ¶ 108; *see Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1058 (9th Cir. 2012).

Finally, Plaintiffs stretch two cases beyond their holdings to argue that dismissal of their substantive due-process claim is improper at this pleading stage. Plaintiffs urge the Court to follow the *Crown Point* Court's declination to decide the sufficiency of the plaintiff's due-process claim. *See Crown Point*, 506 F.3d 851, 856–57. However, the *Crown Point* Court's decision was limited because it was merely deciding whether substantive due-process claims are necessarily foreclosed by takings claims; it expressly left it to the district court to ascertain whether the substantive due-process claim had been adequately alleged. *Id.* Plaintiffs cite to *Del Monte Dunes* for a similar proposition, and like *Crown Point*, the case is distinguishable for its entirely different procedural posture. The *Del Monte Dunes* Court considered extrinsic material, so it converted the motion to dismiss into a motion for summary judgment and applied the more stringent summary judgment standard to its evaluation of the due-process claim. *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 920 F.2d 1496, 1508–09 (9th Cir. 1990).

For all of these reasons, the FAC fails to state a due-process claim and that claim should be dismissed with prejudice.

**F.     Plaintiffs do not state an equal-protection claim.**

Plaintiffs argue that the FAC states an equal-protection claim because the City's eviction moratorium disproportionately impacts "housing providers" with "zero viable justification for this imposition."[8] Dkt. 155 at 31.

Plaintiffs do not dispute that rational-basis review is the applicable test for this claim. *See* Pls' Opp'n at 31. And, under that highly deferential standard, to determine if an official action

---

[8] Again, Plaintiffs do not oppose the City's argument that the FAC fails to state a claim that the Just Cause Amendments violate equal protection, so the City considers the point uncontested.

violates the Equal Protection Clause, "the legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 440 (1985).

Of course, the City enacted the moratorium to protect public health and welfare in the midst of a once-in-a-century pandemic. *See* City RJN, Ex. A at 4, Ex. B at 4, Ex. C at 4. The government's interest in stemming the spread of the COVID-19 pandemic has been repeatedly upheld as a "legitimate state interest." *Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63 at 64 (2020); *Slidewaters*, 4 F.4th at 758 (citing *Roman Cath.*, 141 S. Ct. at 64); *JD Bols*, Case No. 20-cv-00873-BTM (BLM), 2022 WL 17968082, at *7 (S.D. Cal. Sept. 27, 2022) (citing *Slidewaters*, 4 F.4th at 758); *Miller I*, Case No. 21-cv-09551-SSS (AS), 2023 WL 4680370, at *9 (C.D. Cal. June 14, 2023). In light of this authority, Plaintiffs' groundless assertion that this interest has "no rational basis" fails.[9]

Plaintiffs further fail to allege that the moratorium and Just Cause Amendments are not rationally related to the City's legitimate interest. The FAC's only allegation regarding the relationship between the legislation and stemming the spread of the COVID-19 pandemic is that "[t]he 'emergency' under which the Moratoriums were enacted no longer existed during their imposition; the Bay Area was open for business, has a high rate of vaccinations, and federal and state officials recognized that Covid-19 was either in, or moving to, and [sic] endemic state." FAC ¶ 112. In addition to being factually incorrect—the record before the Court demonstrates that the "Local Emergency" under which the City's Moratorium was enacted lasted from at least March 9, 2020 through February 21, 2023—this argument does not overcome the "great leeway" states are given in adopting summary procedures to protect public health and safety "even in the absence of an emergency." *Slidewaters*, 4 F.4th 747, 758 (internal citations omitted); *see* City RJN (City Administrator issued proclamation of Local Emergency on March 9, 2020, Ex. A at 2, which was renewed and continued by City Council on February 21, 2023).

---

[9] Plaintiffs' only support for their argument are three inapplicable cases. *Village of Norwood v. Baker*, 172 U.S. 269 (1898), is a U.S. Supreme Court decision analyzing due process and takings questions in an entirely different context. *In re Jerald C.*, 35 Cal.3d 1 (Cal. 1984) and *Dept. of Mental Hygiene v. Kirchner*, 60 Cal.2d 716 (Cal. 1964) are non-binding California Supreme Court cases. Plaintiffs do not explain how the Court should apply any of the cases here.

Because the FAC fails to state a claim for violation of equal protection, the Court should dismiss it with prejudice.

**G.   The petition for writ of mandate should be dismissed.**

In the FAC, Plaintiffs reiterate their argument that the Court should order a writ of mandate "setting aside and voiding" the effect of the moratorium and Just Cause Amendments because: (1) the ordinances are preempted by the State's COVID Renter Relief Act, (2) the ordinances unlawfully amend the City's voter-enacted Just Cause Ordinance, and (3) the Just Cause Amendments introduce substantive hurdles to the Just Cause Ordinance. FAC ¶ 117. The first two arguments were definitively decided in the Court's Order Denying Summary Judgement. Dkt. 43 at 37–38. Plaintiffs concede that "the state law challenges to the Moratoria have been realleged only to preserve them for appeal."[10] Pls' Opp'n at 32.

The third argument—that the Just Cause Amendments introduce substantive hurdles to the Just Cause Ordinance—was not decided in the Court's prior order because it first appeared in the FAC, but it fails for the same reasons as the prior arguments. The Just Cause Amendments could not introduce unlawful hurdles to the Just Cause Ordinance because the Amendments fall within the authority that the voters delegated to the City Council. *See* Dkt. 43 at 38.

Thus, because the Court has already foreclosed all of Plaintiffs' arguments supporting its petition for a writ of mandate, the petition should be dismissed.

**H.   Housing Providers of America lack standing.**

The City does not dispute that Plaintiff HPOA has standing to assert Plaintiffs' one non-damages claim—their petition for a writ of mandate—but since the petition should be dismissed for the reasons stated above, HPOA should also be dismissed.

### III.   CONCLUSION

For the foregoing reasons, the City asks the Court to dismiss Plaintiffs' request for declaratory relief on mootness grounds, dismiss the claims for takings, inverse condemnation,

---

[10] Despite Plaintiffs' assertion that they "have sufficiently stated claims for relief under CCP section 1085 at this ***pleading state***," they later concede that the claims have already been decided on summary judgment. *See* Dkt. No. 155 at 32 (emphasis in original).

11

violation of due process, violation of equal protection, and writ of mandate for failure to state a claim, and dismiss Plaintiff HPOA for lack of standing.

Dated: January 12, 2024          BARBARA J. PARKER, City Attorney

                                 By: /s/ Allison L. Ehlert
                                 ALLISON L. EHLERT, Deputy City Attorney
                                 Attorneys for Defendants
                                 CITY OF OAKLAND and OAKLAND CITY COUNCIL