ANDREW M. ZACKS (SBN 147794)
EMILY L. BROUGH (SBN 284943)
ZACKS & FREEDMAN, PC
1970 Broadway, Suite 1270
Oakland, CA 94612
Tel: (510) 469-0555
az@zfplaw.com
emily@zfplaw.com

PACIFIC LEGAL FOUNDATION
JONATHAN M. HOUGHTON (N.J. Bar No. 369652021)
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
BRIAN T. HODGES (Wash. Bar No. 31976)
1425 Broadway, #429
Seattle, WA 98112
Telephone: (916) 419-7111
JHoughton@pacificlegal.org
BHodges@pacificlegal.org

*Attorneys for all Plaintiffs and Petitioners, John Williams, et al.*

**ZACKS & FREEDMAN, PC**
1970 BROADWAY, SUITE 1270
OAKLAND, CA 94612

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

JOHN WILLIAMS, et. al,

Plaintiffs and Petitioners,

vs.

ALAMEDA COUNTY, ALAMEDA COUNTY BOARD OF SUPERVISORS, CITY OF OAKLAND, OAKLAND CITY COUNCIL and DOES 1-10,

Defendants and Respondents,

ALLIANCE OF CALIFORNIANS FOR COMMUNITY EMPOWERMENT ACTION,

Defendant-Intervenor

Case Number: 3:22-cv-01274-LB Case No.: 3:22-cv-02705-LB (related)

**PLAINTIFFS' NOTICE OF NEW AUTHORITY**

Action Filed: March 1, 2022
Trial Date: None set

ZACKS & FREEDMAN, PC
1970 BROADWAY, SUITE 1270
OAKLAND, CA 94612

In light of the issues discussed during oral argument on Defendants' motion to dismiss Plaintiffs' complaint hearing on February 29, 2024, Plaintiffs John Williams et al. hereby submit the following two relevant cases that were issued the day after oral argument, on March 1, 2024, attached hereto.

In *Anson v. City of Deltona*, No. 6:23-CV-766-PGB-LHP, 2024 WL 895328, (M.D. Fla. Mar. 1, 2024), the Court held that the plaintiffs' short and plain statement for relief in their complaint for an uncompensated taking in violation of the 5th Amendment to the U.S Constitution satisfied pleading standards and thus the defendant's motion to dismiss was denied.

In *Kleinknecht v. Ritter*, No. CV195760GRBLGD, 2024 WL 896999, (E.D.N.Y. Mar. 1, 2024), the Court held that the plaintiffs' temporary takings claim made pursuant to *Penn Central Transportation Co. v. New York City*, 438 U.S. 104 (1978) was actionable in light of *First Eng. Evangelical Lutheran Church of Glendale v. Los Angeles Cnty., Cal.*, 482 U.S. 304, 319 (1987) and *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 535 U.S. 302, 328 (2002).

Respectfully submitted,

Dated: March 5, 2024

ZACKS & FREEDMAN, PC

*/s/ Emily L. Brough*
ANDREW M. ZACKS (SBN 147794)
EMILY L. BROUGH (SBN 284943)
1970 Broadway, Suite 1270
Oakland, CA 94612
Tel: (510) 469-0555
az@zfplaw.com
emily@zfplaw.com

PACIFIC LEGAL FOUNDATION

*/s/ Jonathan M. Houghton*
JONATHAN M. HOUGHTON
(N.J. Bar No. 369652021)
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
BRIAN T. HODGES (Wash. Bar No. 31976)
1425 Broadway, #429
Seattle, WA 98112
Telephone: (916) 419-7111
JHoughton@pacificlegal.org
BHodges@pacificlegal.org

2024 WL 895328
Only the Westlaw citation is currently available.
United States District Court, M.D. Florida.

DAMIAN ANSON, DEBRA BENNETT, JOHN BENNETT, CHERYL CLASS, RODNEY J. CRUISE, CRISTINA CABANILLA, DOREEN DAIDONE, LEONARD DAIDONE, ANNETTE DUKE, DRUCILLA FAULK, TIMOTHY FOSTER, HANA FOSTER, JOHN ANTHONY HOHMANN, LINDA HOHMANN, PAUL KRASULSKI, MARTIN KRASNIQI, JOHN LEWIS, PAULA LEWIS, CONNIE R. LIGHTNER, GEORGE LIGHTNER, MONIKA LUEDECKE, GARY LUEDECKE, ANGELA MACALUSO, ILLEANE PIERLUISSI, SUSAN POUZAR, BARRY F. SANDERS, WALLY SANDERS, JORGE SILVA, MARIA SILVA, JIM SINGLETARY, ELESIX ESTEPA, TRENA SULLIVAN, FLANN WALDORF, PAUL TILLOTSON, MARLA TILLOTSON, ROY WALTERS, SANDRA WALTERS, JUDY WARNING, WALTER WARNING, FREDERICK WILSON, AUSTIN ZAKARI, CHARLES BEAMAN, JAYNE BEAMAN, BETHANY TURNER, CURTIS CARLSON, CAROLE COLEMAN, HELEN JEANETTE DEEN, DEBORAH DEEN, DANIEL DEEN, JODEE DEEN, SHARON ROSE GRIFFIN, DARLENE GRIEME, DALE GRIEME, ROGER JENNI, MARGARET JENNI, PHILLIP LAPPIES, PAMELA LAPPIES, JOYCE MILLER, MICHAEL O'SULLIVAN, SAMANTHA O'SULLIVAN, JOHN PETRUNIC, SUSAN PETRUNIC, NORMA PHILLIPS, MARIAN SHIRK, CHRIS STUBBS, NANCY STUBBS and SARAH THOMAS, Plaintiffs,

v.

CITY OF DELTONA, Defendant.

Case No: 6:23-cv-766-PGB-LHP
|
03/01/2024

**ORDER**

***1** This cause is before the Court on the Defendant's Motion to Dismiss the Amended Complaint. (Doc. 32). The Plaintiffs submitted a Response in Opposition. (Doc. 33). Upon consideration, the Defendant's Motion to Dismiss is denied.

## I. BACKGROUND

Plaintiff Damian Anson [1] sues the City of Deltona and alleges that in September 2022, after Hurricane Ian made landfall in Florida, the City removed a flood control structure and redirected rising floodwaters from Deltona through and over Stone Island. (Doc. 27, ¶¶ 66–67). The Plaintiffs own property in the Stone Island community, and they allege that over less than one day, the waters in Stone Island rose “many feet, resulting in catastrophic damage to the community.” (*Id.* ¶¶ 68–69). The Plaintiff contends the City's actions created a floodplain out of the Stone Island community, conferring a benefit on the residents of Deltona and effectively creating a drainage easement. (*Id.* ¶¶ 77–78). The drainage easement causes water to be diverted from Deltona and results in water from the Lake Theresa Basin to discharge to Lake Bethel and over Stone Island. (*Id.* ¶ 78). Plaintiff further alleges that the flood control structures remain open. (*Id.* ¶ 80). The Plaintiff alleges the conditions caused by the City's opening of the flood control structure may reasonably be expected to recur and constitute a permanent invasion of Stone Island. (*Id.*).

The Plaintiffs contend the flooding of Stone Island caused damage to and destruction of structures and personal property and decreased property valuations and deprivation and loss of access to property. (*Id.* ¶ 56). The Plaintiffs bring an action for inverse condemnation under Article X, § 6(a) of the Florida Constitution and under the Fifth Amendment to the United States Constitution. (*Id.* ¶¶ 132– 147). The Defendant moves to dismiss the Amended Complaint. (Doc. 32).

## II. STANDARD OF REVIEW

A complaint must contain “a short and plain statement of the claim showing that the pleader is entitled to relief.” FED. R. CIV. P. 8(a)(1). Thus, to survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint “must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’ ” [2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff “pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” *Id.* To assess the sufficiency of factual content and the plausibility of a claim, courts draw on their “judicial experience and common sense” in considering:

 © 2024 Thomson Reuters. No claim to original U.S. Government Works. 

(1) the exhibits attached to the complaint; (2) matters that are subject to judicial notice; and (3) documents that are undisputed and central to a plaintiff's claim. *See id.*; *Parham v. Seattle Serv. Bureau, Inc.*, 224 F. Supp. 3d 1268, 1271 (M.D. Fla. 2016).

***2** Though a complaint need not contain detailed factual allegations, mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. Moreover, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam).

In sum, courts must (1) ignore conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; (2) accept well-pled factual allegations as true; and (3) view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

The Defendant moves to dismiss the Amended Complaint due to its lack of specificity concerning the property damaged by flood waters and the nature of such damage. (Doc. 32, pp. 18–21). That said, the Amended Complaint identifies each Plaintiff and his or her ownership of real property located in the Stone Island neighborhood and asserts the property was "used, and damaged or destroyed, by Deltona" as a result of the flooding. (Doc. 27, ¶¶ 4–48). The Plaintiff is correct that they need not specify the affected property by address, property description, or other identifier such as its size, acreage, or elevation, as Defendant contends. (Doc. 32, p. 3; Doc. 33, p. 5). The Defendant has sufficient notice of the ownership of the affected property and its inclusion in the Stone Island community. The Defendant cites no authority for the proposition that more is needed to survive a motion to dismiss.

As for the sufficiency of the allegations of damage, the Amended Complaint alleges that the damage consists of damage to and destruction of structures and personal property and decreased property valuations and deprivation and loss of access to property. (*Id.* ¶ 56). The damages claimed by the Plaintiffs are general damages in that they naturally and necessarily flow from the defendant's conduct. *AmSouth Bank v. Lewis*, No. 8:04-cv-618-T-27MAP, 2006 WL 8439904, at *1 (M.D. Fla. June 9, 2006). As a result, the heightened pleading requirement of Rule 9(g) of the Federal Rules of Civil Procedure does not apply. Even applying the heightened pleading requirement of Rule 9(g), the Amended Complaint pleads sufficient facts to survive a motion to dismiss.

In *Italiano v. Jones Chemicals, Inc.*, 908 F. Supp. 904, 907 (M.D. Fla. 1995), the Court held that Rule 9(g) requires items of special damages to be specifically stated, but it "requires no more than a specific statement that allows Defendants to prepare a responsive pleading and begin their defense." (citations omitted). The Court found Plaintiff's claim that the property had been rendered unmarketable, lost business opportunity in the form of a loss of potential real estate sale, and costs incurred was sufficient to satisfy the special pleading requirement of Rule 9(b).[3] *Id.* Accordingly, Defendant's Motion to Dismiss for lack of specificity fails.

***3** Next, the Defendant argues the Plaintiffs fail to properly claim inverse condemnation because the Amended Complaint does not allege the government's action constitutes a substantial interference with their property rights for more than a momentary period and will be continuously or reasonably expected to continuously recur. (Doc. 32, p. 12 (citations omitted)). First, the Plaintiffs allege that the conditions caused by the City's opening of the flood control structure may reasonably be expected to recur and constitute a permanent invasion of Stone Island. (Doc. 27, ¶ 80). That is, the Plaintiffs allege the flood control structures remain open, which the Court must accept as true.[4] (*Id.*). And the Eleventh Circuit has held that "[a] physical invasion constitutes a *per se* taking, in part because the 'power to exclude has traditionally been considered one of the most treasured strands in an owner's bundle of property rights.' " *Chmielewski v. City of St. Pete Beach*, 890 F.3d 949 (11th Cir. 2018) (citation omitted). The Court reasoned that "even a temporary or intermittent invasion of private property can trigger physical takings liability." *Id.* at 950 (quoting *Ark. Game & Fish Comm'n*

*v. United States*, 568 U.S. 23 (2012) (holding government-induced recurrent floodings, even if temporary in duration, are not categorically exempt from Takings Clause liability)). Here the Plaintiffs allege the City's conduct created a drainage easement, and if proven to be true falls under the Takings Clause. *See also Bensch v. Metropolitan Dade County*, 952 F. Supp. 790, 793 (S.D. Fla. 1996) (holding Florida law implicitly recognizes a valid property interest in a flowage easement for which a taking may proceed).

**IV. CONCLUSION**

For these reasons, the Defendant's Motion to Dismiss the Amended Complaint (Doc. 32) is **DENIED**. [5]

**DONE AND ORDERED** in Orlando, Florida on March 1, 2024. Copies furnished to:

Counsel of Record

Unrepresented Parties

**All Citations**

Slip Copy, 2024 WL 895328

## Footnotes

1 While not pertinent here, Plaintiff Anson brings suit as a putative class representative. That said, the affected homeowners are also named Plaintiffs. (Doc. 27).

2 The Defendant challenges the factual accuracy of the Amended Complaint and offers statements of fact to counter the Plaintiff's allegations. (*See* Doc. 32, p. 7, n.9). As the Plaintiff correctly notes, such arguments are not proper in a motion to dismiss and must be reserved for summary judgment. (Doc. 33, p. 5).

3 The term “special damage” can be opaque. It typically denotes damage beyond the ordinary or general damage for which one ought to give warning in his pleadings to avoid surprise at trial. *Leavitt v. Cole*, 291 F. Supp. 2d 1338, 1344 (M.D. Fla. 2003) (citation omitted).

4 The Court takes judicial notice that Florida has a Hurricane Season. As such, future incidents of heavy rainfall are likely to recur.

5 To the extent that the Defendant advanced other arguments not specifically addressed in this Order, those grounds are rejected.

End of Document © 2024 Thomson Reuters. No claim to original U.S. Government Works.

2024 WL 896999
Only the Westlaw citation is currently available.
United States District Court, E.D. New York.

SUZANNE W. KLEINKNECHT AS PERSONAL REPRESENTATIVE OF RICHARD P. KLEINKNECHT, Deceased, and SUZANNE W. KLEINKNECHT, Plaintiffs,
v.
JONATHAN PHILIP RITTER, AS PERSONAL REPRESENTATIVE OF JOHN RITTER, Deceased, JAMES SIINO, GARY KALBAUGH, GREGORY LINAKIS, DAVID WENTER, CHRISTOPHER CAGNAZZI, JACK MULDERRIG, AMELIA BROGAN, MICHAEL KOLODNER, THE INCORPORATED VILLAGE OF LLOYD HARBOR, THE ZONING BOARD OF APPEALS FOR THE INCORPORATED VILLAGE OF LLOYD HARBOR, and THE PLANNING BOARD OF THE INCORPORATED VILLAGE OF LLOYD HARBOR, Defendants.

CV 19-5760 (GRB)(LGD)
|
Filed 03/01/2024

**MEMORANDUM & ORDER**

GARY R. BROWN United States District Judge

***1** Presently before the Court is defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56. Docket Entry ("DE") 90. For the reasons stated below, that motion is DENIED WITHOUT PREJUDICE.

**Background**

This case concerns a land-use dispute between plaintiffs, Suzanne Kleinknecht in her personal capacity and as representative of her late husband Richard Kleinknecht, and defendants, the Village of Lloyd Harbor ("the Village"), the Village Planning Board, the Village Zoning Board of Appeals, and various individual defendants, including former Village Attorney John Ritter, Village Building Inspector James Siino, and members of the aforementioned boards. The dispute centers on three permit denials for construction of a dock on plaintiffs' waterfront property.

Plaintiffs purchased a home in the Village in 1999. Plaintiffs' Counterstatement of Material Facts, DE 97-1 ¶ 6. At that time, the property was subject to a complex web of covenants, restrictions, and indentures, the legal impact of which the parties dispute to this day. *See generally id.* ¶¶ 8-20. For present purposes, the conflict can be summarized succinctly: plaintiffs were aware of an easement on the property that, according to their purchase deed, forbade the creation of "new docks, piers, paving, bulkheads or construction of any sort...along [the] shorefront area." DE 95-1 at 3. Citing the easement, the Village Planning Board denied plaintiffs' first application to construct a floating dock on their property in 2011. DE 95 ¶¶ 35, 36, 42. The easement was found invalid at an Article 78 proceeding in 2012, and the Planning Board was directed to issue a building permit "upon the filing of an appropriate application." *Id.* ¶ 51. Despite this ruling, the Planning Board asserted the easement was still in effect and denied plaintiffs' subsequent permit applications, leading to additional litigation in state court. *See id.* ¶¶ 73-80.

In 2019, plaintiffs submitted another permit application and filed this lawsuit in federal court, alleging that the repeated denials of their building permits constituted a regulatory taking in violation of the Fifth Amendment, giving rise to a claim under 42 U.S.C. § 1983. *See generally* Complaint, DE 15. Shortly thereafter, the Planning Board granted plaintiffs' building permit, and plaintiffs began construction in 2020. DE 97-1 ¶¶ 89-93. However, the instant case persisted, now focused on damages for the nine-year period between 2011 and 2020 during which plaintiffs were prohibited from constructing their dock. DE 97 at 8-9. On January 24, 2024, defendants moved for summary judgment, DE 90, and submitted a supporting memorandum. DE 93. Plaintiffs submitted a memorandum in opposition to the motion, DE 97, and defendants filed a reply in further support. DE 99. Plaintiffs, who have until recently been unable to conduct discovery in this case, requested to defer resolution of the motion pursuant to Fed. R. Civ. P. 56(d) and attached an affidavit explaining what additional facts they seek in discovery. *See* DE 94.

**Discussion**

*Standard of Review*

***2** This motion for summary judgment is decided under the oft-repeated and well understood standard for review of such matters, as discussed in *Bartels v. Inc. Vill. of Lloyd Harbor*, 97 F. Supp. 3d 198, 211 (E.D.N.Y. 2015), *aff'd sub nom. Bartels v. Schwarz*, 643 Fed. App'x. 54 (2d Cir. 2016), which discussion is incorporated by reference herein.

*Mootness*

Defendants initially contend that plaintiffs' takings claim became moot in 2020, when plaintiffs were ultimately permitted to construct their dock. This argument has been explicitly rejected by the Supreme Court, which has held that "as soon as private property has been taken, whether through formal condemnation proceedings, occupancy, physical invasion, or regulation, the landowner has *already* suffered a constitutional violation" entitling the owner to a remedy. *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 2172, 204 L. Ed. 2d 558 (2019) (internal quotations omitted). Merely ceasing the conduct creating the taking, "though converting the taking into a temporary one, is not a sufficient remedy to meet the demands of the Just Compensation Clause." *First Eng. Evangelical Lutheran Church of Glendale v. Los Angeles Cnty., Cal.*, 482 U.S. 304, 319 (1987). "[W]here the government's activities *have already worked a taking*...of property, no subsequent action by the government can relieve it of the duty to provide compensation for the period during which the taking was effective." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 535 U.S. 302, 328 (2002) (quoting *First Eng.*, 482 U.S. at 321).

Here, there is no dispute that the Village Planning Board repeatedly denied plaintiffs' building permits, preventing plaintiffs from constructing a dock between 2011 and 2020. Regardless of whether plaintiffs can ultimately prove these denials rose to the level of a taking, plaintiffs have standing to assert a claim for damages for that nine-year period. Therefore, their takings claim is not rendered moot simply because the dock has since been constructed.

*Statute of Limitations*

Defendants next assert that plaintiffs' takings claim is time-barred. Section 1983 claims are subject to a three-year statute of limitations in New York. *See Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). Since plaintiffs' takings claim accrued when the Village first denied their permit application in 2011, the claim initially appears untimely. However, plaintiffs argue that equitable tolling should apply. The Court agrees.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Watson v. United States*, 865 F.3d 123, 132 (2d Cir. 2017) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The term 'extraordinary' refers...to the severity of the obstacle impeding compliance with a limitations period." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011).

Prior to 2019, Supreme Court precedent held that, "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195 (1985). Essentially, this required a property owner to exhaust state court remedies before bringing a takings claim in federal court under § 1983. *See Kurtz v. Verizon New York, Inc.*, 758 F.3d 506, 512 (2d Cir. 2014). In *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 2170, 204 L. Ed. 2d 558 (2019), the Supreme Court overruled this portion of *Williamson Cnty.*, stating that "a property owner has a claim for a violation of the Takings Clause as soon as a government takes his property for public use without paying for it."

***3** This Court joins others in this circuit "in concluding that the Supreme Court's decision in *Williamson County*, which prohibited Plaintiff[s] from filing [their] takings claim in federal court prior to the Supreme Court's decision in *Knick*, represents an extraordinary circumstance." *Billeris v. Inc. Vill. of Bayville, New York*, No. 20-CV-03298 (HG)(ST), 2023 WL 6214108, at *7 (E.D.N.Y. Sept. 25, 2023); *see also Stensrud v. Rochester Genesee Reg'l Transportation Auth.*, 507 F. Supp. 3d 444, 454 (W.D.N.Y. 2020) (reaching same conclusion). Before *Knick* was decided, any takings claim plaintiffs attempted to file in this Court would have been promptly dismissed; it is only due to a change in the law that the instant suit is actionable.

Plaintiffs have also clearly satisfied the diligence prong of the equitable tolling analysis. Ever since their first building permit was denied, plaintiffs have pursued relief by every available avenue, creating a lengthy record of state court

 © 2024 Thomson Reuters. No claim to original U.S. Government Works. 

proceedings. Plaintiffs commenced the present lawsuit less than four months after *Knick* was decided, suggesting that they were attentive to potentially relevant to changes in the law. This case presents a similar factual backdrop to *Stensrud*, where the court found that the plaintiffs had met the diligence prong by "actively litigating" in state court and filing their federal lawsuit approximately three months after the *Knick* decision. 507 F. Supp. 3d at 453. Because plaintiffs have satisfied the conditions for equitable tolling, the Court finds that their takings claim is not time-barred.

*Plaintiffs' Request for Discovery*

Having determined that plaintiffs' claim is not moot or time-barred, the Court would ordinarily proceed to the merits of their takings claim. However, plaintiffs did not have an opportunity to conduct any discovery in this case until late 2023 and have requested to defer resolution of defendants' summary judgment motion pursuant to Fed. R. Civ. P. 56(d). *See* DE 94. "[W]hen a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion." *Com. Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 386 (2d Cir. 2001). The Second Circuit has stated that a party seeking additional discovery under Rule 56(d) must file an affidavit describing: "(1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir. 1995). "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Elliott v. Cartagena*, 84 F.4th 481, 493 (2d Cir. 2023) (quoting *Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000)).

To satisfy the first requirement of the *Meloff* test, the nonmovant must identify the information sought with some particularity. *See id.* at 493–94 (granting Rule 56(d) request because "[t]he declaration outlines eighteen categories of discovery and topics to be pursued and describes what tools [plaintiff] would use to pursue them. It also indicates the relevance of each category and the likelihood that the evidence to be obtained would give rise to a genuine dispute of material fact."). By contrast, a district court will refuse to allow additional discovery "if it deems the request to be based on speculation as to what potentially could be discovered," *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994), particularly if the request contains "bare, generalized assertions" and "fail[s] to explain with any specificity how the facts sought are reasonably expected to create a genuine issue of material fact." *Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 151–52 (2d Cir. 2016) (internal quotations omitted).

***4** Here, plaintiffs have made a Rule 56(d) request in an affidavit filed alongside their motion papers. *See generally* DE 94. The affidavit states that plaintiffs seek information in three specific categories: "(1) Village Attorney Ritter and Building Inspector Siino's files; (ii) communications between Ritter and other Village Officials concerning Plaintiffs' dock applications; and (iii) correspondence between Ritter and Siino concerning Plaintiffs' dock applications." DE 94 ¶ 26. The affidavit further explains that plaintiffs will use document requests, interrogatories, and a deposition of James Siino to acquire this information. *See id.* ¶ 33. Like in *Elliott*, plaintiffs have sufficiently explained the "topics to be pursued" and "the tools [plaintiffs] would use to pursue them" to satisfy their burden under the first *Meloff* requirement. 84 F.4th at 493–94. However, plaintiffs also request "interrogatories and depositions of other defendants from the Village and the Board [that] will uncover the necessary information." DE 94 ¶ 35. Without any clarity about what the "necessary information" is, or how obtaining it would create an issue of material fact, the Court rejects plaintiffs' Rule 56(d) generalized request as to these depositions and interrogatories.

The second *Meloff* requirement turns on whether the alleged facts, if discovered, would create an issue of fact that would preclude summary judgment, which requires a brief analysis of plaintiffs' claim. Plaintiffs allege a regulatory taking, which occurs when "the state regulation goes too far and in essence effects a taking." *Buffalo Tchrs. Fed'n v. Tobe*, 464 F.3d 362, 374 (2d Cir. 2006). "Anything less than a complete elimination of value, or a total loss, is a non-categorical taking, which is analyzed under the framework created in *Penn Central Transportation Co. v. New York City*, 438 U.S. 104 (1978)." *Yu v. Inc. Vill. of Oyster Bay Cove*, 579 F. Supp. 3d 391, 399 (E.D.N.Y. 2022). The well-known *Penn Central* factors are (1) "the economic impact of the regulation," (2) "the extent to which the regulation has interfered with distinct investment-backed expectations," and (3) "the character of the governmental action." *Penn Cent. Transp. Co.*, 438 U.S. at 124.

 © 2024 Thomson Reuters. No claim to original U.S. Government Works. 

The exact meaning of the "character" factor is ambiguous, but courts often consider the government's motivation in enacting the regulation, with actions taken in bad faith viewed as more likely to possess the "character" of a taking. *See Sherman v. Town of Chester*, 752 F.3d 554, 565 (2d Cir. 2014). In *Sherman*, the Second Circuit found that the plaintiff had stated a valid takings claim against a town that allegedly manipulated its zoning code to prevent the plaintiff from constructing a residential development. *Id.* In finding that the "character" factor weighed in favor of finding a taking, the court noted that "the Town singled out [plaintiff's] development, suffocating him with red tape to make sure he could never succeed in developing [his property]. The Town's alleged conduct was unfair, unreasonable, and in bad faith." *Id.* at 565–66.

Here, plaintiffs allege that defendants were acting with a similar degree of bad faith by purporting to rely on an invalidated easement to deny plaintiffs' building permit. The affidavit suggests that documents prepared by John Ritter and James Siino, as well as a deposition of Siino, may elucidate defendants' intent. DE 94 ¶ 33. If evidence of bad faith is produced, it could weigh significantly on the third *Penn Central* factor and support a conclusion that defendants committed a regulatory taking. Although a finding of bad faith, by itself, is generally not sufficient to establish a taking, the Court agrees that discovery on this issue could create an issue of material fact that would preclude summary judgment, satisfying plaintiffs' burden under the second *Meloff* requirement.

The remaining *Meloff* requirements are clearly met. This case was subject to a stay of discovery until several months ago; since the stay was lifted, the parties have engaged in limited discovery but have been unable to agree on the appropriate scope, leading to the Rule 56(d) request. *See id.* ¶ 24. The stay—and the parties' subsequent dispute—prevented plaintiffs from obtaining the desired information despite several requests. Therefore, plaintiffs have satisfied the third and fourth *Meloff* requirements, and plaintiffs' request for additional discovery pursuant to Rule 56(d) is granted as to the three types of information identified in paragraph 26 of their affidavit. *See* DE 94 ¶ 26. Plaintiffs may pursue this information by document requests, interrogatories, and a deposition of James Siino. Any reapplications for further discovery after review of the information received are respectfully referred to Magistrate Judge Dunst.[1]

**Conclusion**

***5** For the foregoing reasons, defendants' motion for summary judgment is DENIED WITHOUT PREJUDICE and the parties are directed to proceed with discovery expeditiously in accordance with this order.

**SO ORDERED.**

**All Citations**

Slip Copy, 2024 WL 896999

Footnotes

1 Defendants assert that some or all of the documents requested by plaintiffs are privileged. *See* DE 98 ¶ 4-6. Applications regarding any claim of privilege are also referred to Magistrate Judge Dunst.

End of Document © 2024 Thomson Reuters. No claim to original U.S. Government Works.

ZACKS & FREEDMAN, PC
1970 BROADWAY, SUITE 1270
OAKLAND, CA 94612

**PROOF OF SERVICE**

United States District Court—Northern District of California- Case No.: 3:22-cv-01274-LB
Case No.: 3:22-cv-02705-LB (related)

I, Valeria Bentorkia-Moran, declare that:

I am employed in the County of San Francisco, State of California. I am over the age of 18, and am not a party to this action. My business address is 601 Montgomery Street, Suite 400, San Francisco, California 94111.

On March 5, 2024, I served:

**PLAINTIFFS' NOTICE OF NEW AUTHORITY**

in said cause addressed as follows:

| | |
|---|---|
| PACIFIC LEGAL FOUNDATION<br>JONATHAN HOUGHTON (NJ Bar No. 369652021)<br>3100 Clarendon Blvd., Suite 610<br>Arlington, VA 22201<br>BRIAN HODGES (WA Bar No. 31976)<br>SAM SPIEGELMAN (NY Bar No. 5573100)<br>255 South King Street, Suite 800<br>Seattle, WA 98104<br>Email: JHoughton@pacificlegal.org<br>Email: BHodges@pacificlegal.org<br>Email: SSpiegelman@pacificlegal.org<br><br>*Attorney for John Williams, Robert Vogel, Sheanna Rogers, Michael Loeb, Jacqueline Watson-Baker, Housing Providers of America* | MARC SELTZER<br>KRYSTA K. PACHMAN<br>GLENN C. BRIDGMAN<br>NICHOLAS N. SPEAR<br>SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067-6029<br>Email: mseltzer@susmangodfrey.com<br>Email: kpachman@susmangodfrey.com<br>Email: gbridgman@susmangodfrey.com<br>Email: nspear@susmangodfrey.com<br><br>*Attorneys for Intervenor-Defendant Alliance of Californians for Community Empowerment Action* |
| MATTHEW D. ZINN<br>EDWARD T. SCHEXNAYDER<br>MINDY K. JIAN<br>SHUTE, MIHALY & WEINBERGER LLP<br>396 Hayes Street<br>San Francisco, CA 94102<br>Email: Zinn@smwlaw.com<br>Email: Schexnayder@smwlaw.com<br>Email: mjian@smwlaw.com<br><br>*Attorney for Alameda County and Alameda County Board of Supervisors* | BARBARA J. PARKER<br>MARIA BEE<br>ALLISON EHLERT<br>One Frank H. Ogawa Plaza, 6th Floor<br>Oakland, CA 94612<br>E-Mail:aehlert@oaklandcityattorney.org<br>*Attorney for City of Oakland and Oakland City Council* |

| | |
|---|---|
| CHRISTOPHER E. SKINNELL<br>HILARY J. GIBSON<br>NIELSEN MERKSAMER<br>PARRINELLO GROSS & LEONI LLP<br>2350 Kerner Boulevard, Suite 250<br>San Rafael, CA 94941<br>Email: cskinnell@nmgovlaw.com<br>Email: hgibson@nmgovlaw.com<br>*Attorneys for Plaintiffs and Petitioners California Apartment Association Stephen Lin, Lakesh and Tripti Jain, Alison Mitchell, Michael Hagerty, H. Alex, Dannie Alvarez* | |

**/XX/ (BY ELECTRONIC SERVICE)** Based on a court order or an agreement of the parties to accept electronic service, I caused the said document to be served electronically through the CM/ECS System.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on March 5, 2024 at San Francisco, California.

VALERIA BENTORKIA-MORAN

**ZACKS & FREEDMAN, PC**
1970 BROADWAY, SUITE 1270
OAKLAND, CA 94612