RYAN RICHARDSON, City Attorney, SBN 223548
MARIA BEE, Chief Assistant City Attorney, SBN 167716
ALLISON EHLERT, Supervising Deputy City Attorney, SBN 230362
ANYA KU, Deputy City Attorney, SBN 333893
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-3596; Fax: (510) 238-6500
Email: AEhlert@oaklandcityattorney.org
Email: AKu@oaklandcityattorney.org
X05405 / 3430839

Attorneys for Defendants
CITY OF OAKLAND and
OAKLAND CITY COUNCIL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN WILLIAMS, ROBERT VOGEL, SHEANNA ROGERS, MICHAEL LOEB, JACQUELINE WATSON-BAKER, and HOUSING PROVIDERS OF AMERICA, a 501(c)(4) non-profit Corporation,<br><br>　　　　　Plaintiffs and Petitioners<br><br> v.<br><br>ALAMEDA COUNTY, ALAMEDA COUNTY BOARD OF SUPERVISORS, CITY OF OAKLAND, OAKLAND CITY COUNCIL and DOES 1-10,<br><br>　　　　　Defendants and Respondents,<br><br>v.<br><br>ALLIANCE OF CALIFORNIANS FOR COMMUNITY EMPOWERMENT ACTION,<br><br>　　　　　Defendant-Intervenor. | Case No. 3:22-cv-01274-LB<br><br>**REPLY IN SUPPORT OF DEFENDANT CITY OF OAKLAND'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Hon. Laurel Beeler<br><br>Date: August 14, 2025<br>Time: 9:30 a.m.<br><br>Action Filed: March 1, 2022<br>Trial Date: None Set |

## I. INTRODUCTION

Plaintiffs' second amended complaint fails to state claims for regulatory takings and inverse condemnation. Plaintiffs' reliance on cases that endorse a forgiving pleading standard on motions to dismiss and different interpretations of how the *Penn Central* factors—economic impact; interference with reasonable, investment-backed expectations; and character of the government action—are unavailing given Plaintiffs' failure to set forth even basic factual allegations for several subject properties, and failure to set for sufficient factual allegations for those that remain. As such, the Court should grant the City's motion to dismiss without leave to amend.

## II. ARGUMENT

### a. Plaintiffs' regulatory-takings claim is hopelessly deficient.

Plaintiffs begin by challenging the City's interpretation of the motion-to-dismiss pleading standards. They assert that "*Penn Central* determinations are generally not ripe for dismissal pursuant to FRCP 12(b)(6), particularly so in this case," but Plaintiffs offer no citation for this assertion and no explanation of what makes this case unique. Plaintiffs' Opposition to Defendants' Motions to Dismiss SAC, ECF No. 199 ("Pls' Opp.") at 21. They instead invoke inapposite, unconvincing cases.

Plaintiffs rely heavily on *Hodel v. Irving*, 481 U.S. 704 (1987), and *Babbit v. Youpee*, 519 U.S. 234 (1997), to show that not every *Penn Central* factor must weigh in a plaintiff's favor to prevail on a motion dismiss. Pls' Opp. at 21. But this Court already rejected Plaintiffs' reliance on these two cases in its prior Order, finding that *Hodel* and *Babbit* dealt with a specific circumstance—Congressional abrogation of Native Americans' right to devise property—that is not applicable here where the moratoria "did not permanently deny landowners a fundamental property right." Order on Motions to Dismiss, ECF No. 182 ("MTD Order") at 8. As demonstrated below, this failure to adhere to the guidelines this Court set forth in its MTD Order echoes throughout Plaintiffs' opposition.

Plaintiffs also cite to Federal Rule of Civil Procedure 8's requirement that a plaintiff allege a "short and plain statement of the claim showing that the pleader is entitled to relief." Pls'

Opp. at 21. The problem for Plaintiffs is that their allegations do not satisfy this standard. As the City points out in its motion and argument below, several Plaintiffs do not present any allegations showing their entitlement to relief. See Defendant City of Oakland's Notice of Motion and Motion to Dismiss SAC, ECF No. 196 ("City MTD") at 7. Plaintiffs' opposition does not even cite to allegations in the SAC. Rather, they conclusorily say they "plausibly" and "clearly" state claims for regulatory takings. Pls' Opp. at 22. Plaintiffs assert that Defendants are asking the Court to weigh evidence as the ultimate trier of fact, but that is not the City's position. *Id.* at 21. The City simply maintains, consistent with the law, that where there are no facts alleged, as here, there is no claim.

          *i.*    *Economic impact*

Plaintiffs' opposition walks through each of the *Penn Central* factors, beginning with the economic impact of the regulation. As explained in the City's motion, the regulatory-takings claim fails for two reasons: (1) some of the subject properties do not have any allegations regarding their before and after property values, and (2) some of the subject properties do not have allegations of sufficient reduction in property values, as defined in the Court's MTD Order, to state a claim for a regulatory taking. City MTD at 7.

In response to these arguments, Plaintiffs' opposition argues that there is "no magic formula" or threshold for alleging economic impact in a regulatory takings analysis; factual allegations only have to "raise a right to relief above the speculative level." Pls' Opp. at 22–23. Plaintiffs further argue that "the Supreme Court has never held that a property owner must allege a mandatory minimum threshold of economic loss." *Id.* at 22. While it may be true that the Supreme Court has not explicitly expressed an opinion on this point, this Court has. In its prior Order, this Court pointed to binding authority noting that there has been "no case in which a court has found a taking where diminution in value was less than [fifty] percent" and two Supreme Court cases finding regulations valid despite 75% and 90% reductions in property values. MTD Order at 7–8 (quoting *Colony Cove Prop., LLC v. City of Carson*, 888 F.3d 445, 451 (9th Cir. 2018); citing *Euclid v. Ambler Realty Co.*, 272 U.S. 365, 397 (1926); *Hadacheck v. Los Angeles*, 239 U.D. 394, 414 (1915)). Moreover, Plaintiffs do not dispute (nor could they)

that they fail to allege before and after property values for numerous properties—by the City's count forty-seven.

Plaintiffs attempt to get around this pleading requirement by relying on alternative metrics of economic impact, arguing that the loss of rental payments, physical damage to their properties, the inability to pay their mortgages, the fear of foreclosures, and the need to shutter a business are sufficient to satisfy the economic-impact element of their regulatory-takings claim. Pls.' Opp. at 24. However, this theory of economic impact is directly contrary to the law of this Circuit. *Colony Cove*, 888 F.3d at 451 (acknowledging that economic impact is measured by comparing before and after property values, not "lost rental income").) On top of that, they fail to allege *any economic impacts at all* for twenty-five of their subject properties.[1]

Plaintiffs cite to their expert's "preliminary" report, which they assert states that "all" Plaintiffs' properties suffered substantial impairment of value, economic loss, and economic use, to cure this pleading deficiency. Pls' Opp. at 24. But the cited portion of the declaration does not go so far. After reviewing the moratoria and the exteriors of seven of the eighty-seven subject properties, their expert reaches the general conclusion that "properties in the City of Oakland and throughout Alameda County were adversely impacted by the city and county ordinances" because the uncertainty around the moratoria "ma[de] such properties less desirable to prospective purchasers." Decl. of R. Marchitelli In Support of FAC at ¶¶ 6, 16. The expert does not reach conclusions about the subject properties, does not opine on the subject properties' before and after property values, and does not provide any valuation of the economic impact on Plaintiffs besides his calculation of hypothetical capitalization rates. *See id.*

---

[1] SAC ¶¶ 88 (1225-1227 92nd Avenue, Oakland), 35 (301 Lenox Avenue, Oakland), 36 (7511-7527 Bancroft Avenue, Oakland; 8603 Hillside Street, Oakland; 8701 Hillside Street, Oakland), 38 (1935-1948 E. 30th, Oakland), 43 (2375 Fruitvale Avenue #301, Oakland), 44 (1694 12th Street, Oakland), 45 (923-923A Apgar Street, Oakland; 835 40th Street, Oakland), 46 (1630 Center Street, Oakland; 3629 West Street, Oakland; 40th Street #4, Oakland), 47 (1036 62nd Street, Oakland; 2839 Linden Street, Oakland; 1694 12th Street, Oakland), 48 (1054 18th Street, Oakland), 49 (220 Grand Avenue, Oakland), 56 (831 6th Avenue, Oakland), 62 (1125-1135 E. 18th Street, Oakland; 1221 E. 20th Street, Oakland), 63 (1705 Mandela Parkway, Oakland; 2133-2143 Dwight Way, Berkeley; 2618 Martin Luther King Jr. Way, Berkeley), 65 (1715 High Street, Oakland), 66 (1830 6th Avenue, Oakland).

In sum, contrary to Plaintiffs' assertion that "no court has defined what the economic impact must rise to, to be considered a taking, or has held that specific dollar amounts or percentage losses must be alleged to survive dismissal at the *pleading* stage," this Court has. Pls' Opp. at 24; see MTD Order at 7–8 ("economic impact is determined by comparing the total value of the affected property before and after the government action," so "plaintiffs must be more specific as to before-and-after values"). Plaintiffs' SAC and opposition simply fail to do so.

### ii. Interference with reasonable investment-backed expectations

Plaintiffs next address the interference-with-reasonable-investment-backed-expectations prong of *Penn Central*. In its motion, the City argued that investment-backed expectations must be objectively reasonable and take into account a business' operation in a regulated environment. City MTD at 9. Plaintiffs counter that they had a "reasonable, investment backed expectation that the well-established California law of unlawful detainer would be honored and left intact by the government." Pls' Opp. at 26. Plaintiffs may have had this expectation, however, they have not alleged how the expectation was reasonable in light of the City's history of regulating tenant protection and eviction regulations above and beyond the state's unlawful-detainer regulations. See e.g., Oakland Mun. Code ("OMC") § 8.22.010 *et seq.* (Residential Rent Adjustment Program), § 8.22.300 *et seq.* (Just Cause for Eviction Ordinance), § 8.22.400 *et seq.* (Terminating Tenancy to Withdraw Residential Rental Units from the Rental Market Ordinance), § 8.22.600 *et seq.* (Tenant Protection Ordinance), and § 8.22.800 *et seq.* (Uniform Residential Tenant Relocation Ordinance). In addition to Plaintiffs' unpersuasive arguments regarding the reasonableness of their expectations, Plaintiffs' claims fail because for several subject properties, they do not make any allegations of interference at all.[2]

---

[2] SAC ¶¶ 35 (301 Lenox Avenue, Oakland), 36 (7511-7527 Bancroft Avenue, Oakland; 8603 Hillside Street, Oakland; 8701 Hillside Street, Oakland), 38 (1935-1945 E. 30th Street, Oakland), 43 (2375 Fruitvale Avenue #301, Oakland), 44 (1694 12th Street, Oakland), 45 (923-923A Apgar Street, Oakland; 1630 Center Street, Oakland; 3629 West Street, Oakland; 835 40th Street, Oakland), 46 (1630 Center Street, Oakland; 3629 West Street, Oakland; 40th Street #4 Oakland), 47 (1036 62nd Street, Oakland; 2215-2217 Eighth Street, Berkeley; 2839 Linden Street, Oakland; 1694 12th Street, Oakland), 48 (1054 18th Street, Oakland), 49 (220 Grand Avenue, Oakland), 50 (800-818 E. 20th Street, Oakland), 56 (831 6th Avenue, Oakland), 59 (2701 High Street, Oakland), 62 (1125-1135 E. 18th Street, Oakland; 1221 E. 20th Street, Oakland), 63 (1705 Mandela Parkway, Oakland; 2133-2143 Dwight Way, Berkeley; 2618 Martin Luther King Jr. Way, Oakland), and 66 (1830 6th Avenue, Oakland).

Plaintiffs assert that "Defendants' disagreement with Plaintiffs' assertions that their reasonable investment backed expectations were destroyed by the imposition of the three-year long moratoria is legally irrelevant and should play no role in determining whether plausible regulatory takings claims have been sufficiently pled." Pls' Opp. at 27. But, such conclusory allegations are insufficient to buoy their insufficient, or altogether absent, factual allegations of interference with reasonable, investment-backed expectations.

### iii.    Character of government action

Finally, in response to the City's argument that the character of the government action here did not evidence a taking because the purpose of the City's moratorium was to keep people housed during the pandemic and help contain the spread of Covid-19 and curb other public-health and welfare problems that increase with homelessness, Plaintiffs dig their heels into the argument that the character of the government action here is "indicative of a taking" because "rental property owners were singled out to bear a severe and disproportionate cost in the name of public housing." Pls' Opp. at 29. Like with their prior attempted equal-protection claims, Plaintiffs fail to identify who their "disproportionate" burden is measured against. By Plaintiffs' own admission "the scope and nature of the COVID-19 pandemic, and of the public health measures necessary to combat it, have no precedent in the modern era," so the City's swift, sweeping action was necessary to respond to an unprecedented problem. Pls' Opp. at 27 (quoting *Apartment Ass'n of Los Angeles Cnty. v. City of Los Angeles*, 500 F.Supp.3d 1088, 1096 (C.D. Cal. 2020)).

Plaintiffs' primary assertion to support their argument of disproportionality is that despite facing non-paying renters, Plaintiffs remained ultimately responsible for their mortgages, real estate taxes, utilities, insurance, maintenance, and upkeep. Pls' Opp. at 29. However, setting aside the availability of pandemic relief programs for landlords, Plaintiffs' SAC fails to allege that each Plaintiff faced non-paying renters and that each Plaintiff was, in fact, held responsible for the full amount of their mortgage, real estate taxes, utilities, insurance, maintenance, and upkeep. For example, one Plaintiff, Michael Loeb, does not allege that his tenant ever stopped paying rent. See SAC ¶ 89. Thus, even if rental homeowners' disproportionate burden was

enough to demonstrate that the character of the City's action indicated a taking, Plaintiffs have failed to allege sufficient facts showing that each Plaintiff faced that burden.

\* \* \*

Because Plaintiffs failed to cure the deficiencies in their regulatory-takings claim, the Court should dismiss the claim. And because Plaintiffs have already had an opportunity to cure the deficiencies identified in this Court's MTD Order and have failed to do so, the claim should be dismissed without leave to amend.

### b. Because Plaintiffs' regulatory-takings claim fails, their inverse condemnation claim must fail, too.

Plaintiffs' inverse-condemnation claim appears to hinge on the same allegations as their regulatory-takings claim. SAC ¶ 168–71; Pls' Opp. at 29–30. Accordingly, because Plaintiffs' regulatory-takings claim fails for lack of sufficient factual allegations, so too does their inverse-condemnation claim.

### III. CONCLUSION

For the foregoing reasons, the City reiterates its request that the Court dismiss Plaintiffs' SAC without leave to amend.

Dated: August 4, 2025

RYAN RICHARDSON, City Attorney

By: _____
ANYA KU, Deputy City Attorney
ALLISON EHLERT, Supervising Deputy City Attorney
Attorneys for Defendants CITY OF OAKLAND and OAKLAND CITY COUNCIL

**PROOF OF SERVICE**
<u>John Williams, et al. vs. Alameda County, et al.</u>
United States District Court Case No. 3:22-cv-01274-LB

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is City Hall, One Frank H. Ogawa Plaza, 6th Floor, Oakland, California 94612. On the date set forth below, I served the within documents:

**REPLY IN SUPPORT OF DEFENDANT CITY OF OAKLAND'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

☐ **By email service.**

☒ I sent the documents by electronic transmission or notification to the person(s) at the email addresses listed below.

☒ I submitted the documents to an E-Filing Service Provider which in turn serves the documents via email to the persons(s) at the e-mail address(es) listed below.

| | |
|---|---|
| ANDREW M. ZACKS<br>EMILY L. BROUGH<br>ZACKS, FREEDMAN & PATTERSON, PC<br>1970 Broadway, Suite 1270<br>Oakland, CA 94612<br>Email: az@zfplaw.com<br>Email: emily@zfplaw.com<br><br>*Attorneys for Plaintiffs and Petitioners, John Williams, Robert Vogel Sheanna Rogers, Michael Loeb, Jacqueline Watson-Baker, Housing Providers of America* | CHRISTOPHER E. SKINNELL<br>HILARY J. GIBSON<br>NIELSEN MERKSAMER PARRINELLO GROSS & LEONI LLP<br>2350 Kerner Boulevard, Suite 250<br>San Rafael, CA 94941<br>Email: cskinnell@nmgovlaw.com<br>Email: hgibson@nmgovlaw.com<br><br>*Attorneys for Plaintiffs and Petitioners California Apartment Association Stephen Lin, Lakesh and Tripti Jain, Alison Mitchell, Michael Hagerty, H. Alex, Dannie Alvarez* |
| PACIFIC LEGAL FOUNDATION<br>JONATHAN HOUGHTON<br>3100 Clarendon Blvd., Suite 610<br>Arlington, VA 22201<br>BRIAN HODGES<br>255 South King Street, Suite 800<br>Seattle, WA 98104<br>Email: JHoughton@pacificlegal.org<br>Email: BHodges@pacificlegal.org<br>Email SSpiegelman@pacificlegal.org<br><br>*Attorneys for John Williams, Robert Vogel, Sheanna Rogers, Michael Loeb, Jacqueline Watson-Baker, Housing Providers of America* | MARC SELTZER<br>KRYSTA K. PACHMAN<br>GLENN C. BRIDGMAN<br>NICHOLAS N. SPEAR<br>SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067-6029<br>Email: mseltzer@susmangodfrey.com<br>Email: kpachman@susmangodfrey.com<br>Email: gbridgman@susmangodfrey.com<br>Email: nspear@susmangodfrey.com<br><br>*Attorneys for Intervenor-Defendant Alliance of Californians for Community Empowerment Action* |

| | |
|---|---|
| MATTHEW D. ZINN<br>EDWARD T. SCHEXNAYDER<br>MINDY K. JIAN<br>SHUTE, MIHALY & WEINBERGER LLP<br>396 Hayes Street<br>San Francisco, CA 94102<br>Email: Zinn@smwlaw.com<br>Email: Schexnayder@smwlaw.com<br>Email: mjian@smwlaw.com<br><br>*Attorneys for Alameda County and Alameda County Board of Supervisors* | |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on August 4, 2025, at Oakland, California.

_____
Lisa Maxwell