MARC SELTZER (54534)
mseltzer@susmangodfrey.com
KRYSTA K. PACHMAN (280951)
kpachman@susmangodfrey.com
GLENN C. BRIDGMAN (298134)
gbridgman@susmangodfrey.com
NICHOLAS N. SPEAR (304281)
nspear@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Intervenor-Defendant Alliance of Californians for Community Empowerment Action*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN WILLIAMS, ROBERT VOGEL, SHEANNA ROGERS, MICHAEL LOEB, JAQUELINE WATSON-BAKER, and HOUSING PROVIDERS OF AMERICA, a 501(c)(4) non-profit Corporation,<br><br>Plaintiffs and Petitioners,<br><br>vs.<br><br>ALAMEDA COUNTY, ALAMEDA COUNTY BOARD OF SUPERVISORS, CITY OF OAKLAND, OAKLAND CITY COUNCIL and DOES 1-10,<br><br>Defendants and Respondents. | Case No. 3:22-cv-01274-LB<br><br>**INTERVENOR-DEFENDANT ALLIANCE OF CALIFORNIANS FOR COMMUNITY EMPOWERMENT ACTIONS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Date:     August 14, 2025<br>Time:     9:30 a.m.<br>Place:    San Francisco Courthouse,<br>          Courtroom B – 15th Floor<br>          450 Golden Gate Ave.,<br>          San Francisco, CA 94102<br>Judge:    Hon. Laurel Beeler |

A regulatory takings claim must take into account the duration of the restriction. *See Bridge Aina Le'a, LLC v. Land Use Comm'n*, 950 F.3d 610, 632 (9th Cir. 2020). Plaintiffs' allegations about economic impact (*Penn Central* Factor #1) fail to take into account the temporary nature of the eviction moratoria. Plaintiffs' focus on whether they are required to plead a minimum threshold of economic loss ignores that Plaintiffs have failed to sufficiently allege that the temporary eviction moratoria caused any economic impact at all to their property values

Plaintiffs' allegations about the other two *Penn Central* factors are equally deficient. Plaintiffs' purported "reasonable expectations" (*Penn Central* Factor #2) ignore longstanding Supreme Court precedent holding that eviction moratoria during public crises are permissible. And Plaintiffs cannot show that the "character of the government action" (*Penn Central* Factor #3) was anything other than a permissible "public program adjusting the benefits and burdens of economic life to promote the common good." *Bridge Aina Le'a*, 950 F.3d at 635–36.

The Court should dismiss Plaintiffs' implausible regulatory takings claims.[1]

## I.     *Penn Central* Factor #1—Economic Impact

The first *Penn Central* factor is the "economic impact **of the regulation** on the claimant." *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978) (emphasis added). In *Bridge Aina Le'a*, the Ninth Circuit stated that a court "must consider" the "duration of the restriction" in "the appraisal of a regulatory takings claim." 950 F.3d at 632. The eviction moratoria were (and were always intended to be) temporary. *See* SAC ¶¶ 75–80. Plaintiffs' opposition does not dispute that a gross rent multiplier—the only stated basis for their calculation of before-and-after property values, *see, e.g.*, SAC ¶ 123—does not take into account the temporary duration of the eviction moratoria and instead incorrectly (and counterfactually) treats the eviction moratoria as permanent. *See* Dkt. 197 (ACCE MTD) at 7. Plaintiffs have therefore failed to allege any economic impact on the value of their properties that is attributable to the actual temporary eviction moratoria that they are seeking to label a taking. *Bridge Aina Le'a*, 950 F.3d at 631 ("[I]t is not proper to measure economic impact based on a 'hypothetical economic result' that assumes a state of affairs that did not exist."). This is dispositive. *See, e.g.*, *GHP Mgmt. Corp. v. City of Los Angeles*, 2024 WL

---

[1] ACCE incorporates by reference the arguments in Defendants Alameda's and Oakland's replies in support of their motions to dismiss. Dkts. 203, 204.

2795190, at *2 (9th Cir. May 31, 2024) (affirming dismissal of regulatory takings claim because the plaintiff "failed to allege the diminution in property values they suffered as a result of the eviction moratorium"), *cert. denied*, 145 S. Ct. 2615 (2025).

Plaintiffs argue that they are not required to "allege a mandatory minimum threshold of economic loss." Dkt. 199 at 23–26. But under governing precedent, Plaintiffs must allege "the challenged regulation's economic impact on the property owner." *Bridge Aina Le'a*, 950 F.3d at 630. Even if Plaintiffs were correct that there is no minimum amount of economic loss required to state a regulatory takings claim (they are not correct),[2] their regulatory takings claim still fail because they have not pleaded any facts showing actual economic impact to value of their properties attributable to the temporary eviction moratoria, as opposed to a hypothetical permanent moratorium that they do not allege, and which did not occur. Plaintiffs point to allegations about lost rental income and damage to rental units that they claim occurred because they could not evict tenants during the moratoria, Dkt. 199 at 24–25, but that is insufficient to show economic impact to property value, *see Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 451 (9th Cir. 2018) ("[The mere loss of some income because of regulation does not itself establish a taking."); *accord GHP*, 2024 WL 2795190, at *2.

Plaintiffs try to distinguish *Bridge Aina Le'a* by pointing to their allegations that "the regulations caused irreparable future harm property values by reinforcing the perception of residential property investors that Oakland and Alameda County were not favorable places to do business and should be avoided." Dkt. 199 at 26 n.1 (quoting Marchitelli Decl. ¶ 19) (emphasis omitted). But as stated above, the Ninth Circuit in *Bridge Aina Le'a* explicitly rejected the use of "hypothetical economic result[s]" to show economic impact. 950 F. 3d at 631. Plaintiffs do not include any allegations supporting that their property values have been harmed by the purported "perception." The judicially noticeable record actually shows the opposite—one of Plaintiffs' properties recently sold for $400,000 ***more*** than its pre-moratorium value. Dkt. 195.

---

[2] Dkt. 182 (MTD Order) at 7–8 (explaining that "there has been 'no case in which a court has found a taking where diminution in value was less than [fifty] percent'"); *see also* Dkt. 204 (Alameda Reply) at 13–15.

## II. *Penn* Central Factor #2—Reasonable Investment-Backed Expectations

Plaintiffs argue that "Reasonable investment backed expectations do not include the expectation that the municipal government shall unilaterally impose an unprecedented and open-ended eviction ban" and that it "is legally untenable to mandate predictions into the future." Dkt. 199 at 27. But Plaintiffs cannot ignore the past. *See Bridge Aina Le'a*, 950 F.3d at 634 ("What is relevant and important in judging reasonable expectations is the regulatory environment at the time of the acquisition of the property." (cleaned up)). Over a century ago, the Supreme Court in *Block v. Hirsh*, 256 U.S. 135 (2021), held that an eviction moratorium for rental properties in Washington D.C. "made necessary by emergencies growing out of the war" was not a taking. Plaintiffs do not allege that they purchased their properties before 1921 or that it would be reasonable to ignore a Supreme Court decision. And despite the fact that all Defendants discussed *Block* in their motions, *see* Dkts. 194 (Alameda MTD) at 21, 196 (Oakland MTD) at 13–14, 197 (ACCE MTD) at 8, Plaintiffs completely ignore it in their opposition.

## III. *Penn* Central Factor #3—Character of the Government Action

Plaintiffs argue the Second Amended Complaint "reflects a regulatory character that is indicative of a taking" because it alleges that "[t]he magnitude of the Defendants' regulation was such that this group of housing providers was compelled to surrender their property to ensure that the public could shelter in place." Dkt. 199 at 29–31. But the Ninth Circuit in *Bridge Aina Le'a* differentiated a "government action that singles out a landowner from similarly situated landowners," which "raises the specter of a taking," from a generally applicable regulation. 950 F.3d at 636. Plaintiffs do not—and cannot—allege that the eviction moratoria singled them out specifically. Rather, each eviction moratorium was a "public program adjusting the benefits and burdens of economic life to promote the common good," *id.* at 635–36 (quoting *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 539 (2005)), in the face of a once-in-a-century pandemic. Plaintiffs' allegations are insufficient to establish that the "character of the government's action" supports a regulatory taking under *Penn Central*.

## IV. CONCLUSION

For the reasons discussed above, in ACCE's opening motion, and in Oakland's and Alameda's motions to dismiss and reply briefs, the Court should dismiss Plaintiffs' as-applied regulatory claim, which is the sole remaining claim in the Second Amended Complaint.

Dated: August 4, 2025

**SUSMAN GODFREY L.L.P.**

By: */s/ Nicholas N. Spear*

MARC SELTZER
KRYSTA K. PACHMAN
GLENN C. BRIDGMAN
NICHOLAS N. SPEAR
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
*mseltzer@susmangodfrey.com*
*kpachman@susmangodfrey.com*
*gbridgman@susmangodfrey.com*
*nspear@susmangodfrey.com*

*Attorneys for Intervenor-Defendant Alliance of Californians for Community Empowerment Action*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document has been served on all current counsel of record on August 4, 2025.

*/s/ Nicholas N. Spear*
Nicholas N. Spear